# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOHN KOGUT,

                         Plaintiff,

          -against-                                    **ANSWER**


THE COUTY OF NASSAU, POLICE COMMISSIONER      06-CV-6695
DONALD KANE, POLICE COMMISSIONER WILLIAM      (JS) (WDW)
J. WILLETT (2005), POLICE COMMISSIONER
JAMES LAWRENCE, DETECTIVE SEAN SPILLANE
(HEAD OF HOMICIDE 1985), DETECTIVE DENNIS FARRELL
(HEAD OF HOMICIDE 2005), DETECTIVE JOSEPH VOLPE,
DETECTIVE ROBERT DEMPSEY, DETECTIVE ALBERT
MARTINO, DETECTIVE WAYNE BIRDSALL, DETECTIVE
MILTON G. GRUBER, DETECTIVE CHARLES FRAAS,
DETECTIVE FRANK SIRIANNI, DETECTIVE HARRY WALTMAN,
P.O. MICHAEL CONNAUGHTON, P.O. WILLIAM DIEHL,
and JOHN DOES 1-5,

                         Defendants.
------------------------------------------------------------------x

          Defendants, County of Nassau, Police Commissioner Donald Kane, Police Commissioner

William J. Willet, Police Commissioner James Lawrence, Detective Sean Spillane, Detective

Dennis Farrell, Detective Joseph Volpe, Detective Robert Dempsey, Detective Albert Martino,

Detective Wayne Birdsall, Detective Milton G. Gruber, Detective Charlie Fraas, Detective Frank

Sirianni, Detective Harry Waltman, P.O. Michael Connaughton, and P.O. William Diehl, by their

attorney, LORNA B. GOODMAN, Nassau County Attorney, by Deputy County Attorneys

Sondra M. Mendelson and Liora M. Ben-Sorek, answer Plaintiff's Complaint as follows:


                    **INTRODUCTORY STATEMENTS**

          The County Defendants deny the allegations in Plaintiff's introductory statements

paragraph.

                                                                              1

**JURISDICTION**

The County Defendants deny the allegations in Plaintiff's jurisdiction paragraph, and respectfully leave all questions of law for the Court to decide.

**PARTIES**

1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, except aver that Joseph Volpe was an employee of the Nassau County Police Department, whom it appears that Plaintiff is suing in his individual and official capacities, and respectfully leave all questions of law for the Court to decide.

3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, except aver that Robert Dempsey was an employee of the Nassau County Police Department, whom it appears that Plaintiff is suing in his individual and official capacities, and respectfully leave all questions of law for the Court to decide.

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, except aver that Sean Spillane was an employee of the Nassau County Police Department, whom it appears that Plaintiff is suing in his individual and official capacities, and respectfully leave all questions of law for the Court to decide.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, except aver that Dennis Farrell was an employee of the Nassau County Police Department, whom it appears that Plaintiff is suing in his individual and official capacities, and respectfully leave all questions of law for the Court to decide.

2

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, except aver that Albert Martino was an employee of the Nassau County Police Department, whom it appears that Plaintiff is suing in his individual and official capacities, and respectfully leave all questions of law for the Court to decide.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, except aver that Wayne Birdsall is and was an employee of the Nassau County Police Department, whom it appears that Plaintiff is suing in his individual and official capacities, and respectfully leave all questions of law for the Court to decide.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, except aver that Milton Gruber was an employee of the Nassau County Police Department, whom it appears that Plaintiff is suing in his individual and official capacities, and respectfully leave all questions of law for the Court to decide.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, except aver that Charles Fraas was an employee of the Nassau County Police Department, whom it appears that Plaintiff is suing in his individual and official capacities, and respectfully leave all questions of law for the Court to decide.

10.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, except aver that Frank Sirianni was an employee of the Nassau County Police Department, whom it appears that Plaintiff is suing in his individual and official capacities, and respectfully all questions of law for the Court to decide.

11.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, except aver that Harry Waltman was an employee of the Nassau County Police Department, whom it appears that Plaintiff is suing in his individual and official

3

capacities, and respectfully leave all questions of law for the Court to decide.

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, except aver that Michael Connaughton was an employee of the Nassau County Police Department, whom it appears that Plaintiff is suing in his individual and official capacities, and respectfully leave all questions of law for the Court to decide.

13.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, except aver that William Diehl was an employee of the Nassau County Police Department, whom it appears that Plaintiff is suing in his individual and official capacities, and respectfully leave all questions of law for the Court to decide.

14.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, except aver that Donald Kane was an employee of the Nassau County Police Department, and at one time was the Nassau County Police Commissioner, whom it appears that Plaintiff is suing in his individual and official capacities, and respectfully leave all questions of law for the Court to decide.

15.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, except aver that William J. Willet, now deceased, was an employee of the Nassau County Police Department, and at one time was the Nassau County Police Commissioner, whom it appears that Plaintiff is suing in his individual and official capacities, and respectfully leave all questions of law for the Court to decide.

16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, except aver that James Lawrence is an employee of the Nassau County Police Department, and is the Nassau County Police Commissioner, whom it appears that Plaintiff is suing in his individual and official capacities, and respectfully all questions of

4

law for the Court to decide.

17.     Deny the allegations in paragraph 17, except aver that Nassau County is a municipal corporation.

18.     Deny the allegations in paragraph 18

19.     Deny the allegations in paragraph 19.

## FACTUAL ALLEGATIONS

20.     Deny the allegations in paragraph 20, except aver that on November 10, 1984, Theresa Fusco, a sixteen year old girl punched her timecard at 9:47 P.M. and left a roller skating rink named Hot Skates located in Lynbrook, New York after being fired from her job there.

21.     Deny the allegations in paragraph 21, except aver that on November 11, 1984, Theresa Fusco's mother contacted the Lynbrook Police Department and reported to them that her daughter was missing.

22.     Deny the allegations in paragraph 22, except aver that on December 5, 1984, Theresa Fusco's naked and brutalized body was discovered.

23.     Deny the allegations in paragraph 23, except aver that on December 5, 1983, Theresa Fusco's naked and brutalized body was discovered under wooden pallets by two teenage boys alongside the railroad tracks at Park Place and Rocklyn Avenue in Lynbrook, New York, an area commonly referred to as "the Fort," only a short distance from Hot Skates.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25.     Deny the allegations in paragraph 25, except aver that the Nassau County Police Department's Crime Scene Unit responded to the location where Theresa Fusco's body was recovered to gather and preserve evidence.

5

26.     Deny the allegations in paragraph 26, except aver that the Nassau County Police Department's Crime Scene Unit responded to the location where Theresa Fusco's body was recovered to gather and preserve evidence, and evidence was collected and removed from the scene for investigative analysis.

27.     Deny the allegations in paragraph 27, except aver that on December 6, 1984, the Nassau County Medical Examiner's Office conducted an autopsy upon Theresa Fusco, after which, at some point, Nassau County police detectives received an autopsy report.

28.     Deny the allegations in paragraph 28, except aver that on December 6, 1984, the Nassau County Medical Examiner's Office conducted an autopsy upon Theresa Fusco, after which, at some point, Nassau County police detectives received an autopsy report.

29.     Deny the allegations in paragraph 29, except aver that members of the Nassau County Medical Examiner's Office conducted an autopsy upon Theresa Fusco and observed contusions on her face, and ecchymosis, which would be consistent with blows from a fist, determined that she died by ligature strangulation, as a result of a homicidal act, and tested a vaginal swab which indicated the presence of semen, and spermatozoa.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, except aver that on December 6, 1984, Detective Harry Waltman attended the autopsy of Theresa Fusco at the Nassau County Medical Examiner's Office, Robert Baumann, a serologist who worked at the Nassau County Medical Examiner's Office, collected hair samples from Theresa Fusco's body, and gave them to Detective Harry Waltman.

31.     Deny the allegations in paragraph 31, except aver that Nassau County police detectives conducted numerous interviews during the investigation of Theresa Fusco's rape and murder.

6

32.     Deny the allegations in paragraph 32, except aver that John Restivo was consensually at the Nassau County Police Department's police headquarters from March 5, 1985 until March 6, 1985.

33.     Deny the allegations in paragraph 33, except aver that John Restivo was consensually at the Nassau County Police Department's police headquarters from March 5, 1985 until March 6, 1985.

34.     Deny the allegations in paragraph 34, except aver that aver that during the time that John Restivo was consensually at the Nassau County Police Department's police headquarters from March 5, 1985 until March 6, 1985, he gave an oral and written statement inculpating Dennis Halstead in Theresa Fusco's rape and murder, and deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations set forth as follows: "KOGUT's name is mentioned in the following context.  KOGUT was a part time employee in Restivo's moving company.  KOGUT is a friend of Brian Skellington, who was a cousin of David Skellington, who was [sic] friend of Dennis Halstead.  Restivo never suggests, either in his statement or during the interrogation, that KOGUT is involved with, or has any knowledge about, Theresa Fusco's disappearance, murder or rape."

35.     Deny the allegations that John Restivo was mistreated and/or interrogated by Nassau County Police Detectives, and deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 35.

36.     Deny the allegations in paragraph 36, except aver that a wiretap application was granted and a wiretap was placed upon Dennis Halstead's home telephone.

7

37.     Deny the allegations in paragraph 37, except aver that Dennis Halstead consented to speak with Nassau County Police Detectives, who interviewed him about the Theresa Fusco rape and murder.

38.     Deny the allegations in paragraph 38, except aver that on March 21, 1985, John Kogut consented to speak with Nassau County Police Detectives, who interviewed him about the Theresa Fusco rape and murder.

39.     Deny the allegations in paragraph 39, except aver that on March 21, 1985, John Kogut consented to speak with Nassau County Police Detectives, who interviewed him about the Theresa Fusco rape and murder.

40.     Deny the allegations in paragraph 40, except aver that John Kogut consented to take a polygraph examination, which was administered by Detective Milton Gruber, and which John Kogut failed.

41.     Deny the allegations in paragraph 41, except aver that John Kogut consented to take a polygraph examination, which was administered by Detective Milton Gruber, and which John Kogut failed.

42.     Deny the allegations in paragraph 42, except aver that John Kogut consented to take a polygraph examination, which was administered by Detective Milton Gruber, and which John Kogut failed.

43.     Deny the allegations in paragraph 43, except aver that John Kogut consented to take a polygraph examination, which was administered by Detective Milton Gruber, and which John Kogut failed.

44.    Deny the allegations in paragraph 44, except aver that on March 25, 1985, John Kogut consented to speak with Nassau County Police Detectives, who interviewed him about the Theresa Fusco rape and murder.

45.    Deny the allegations in paragraph 45, except aver that John Kogut consented to take a polygraph examination, which was administered by Detective Milton Gruber, and which John Kogut failed.

46.    Deny the allegations in paragraph 46.

47.    Deny the allegations in paragraph 47, except aver that on March 25, 1985, John Kogut consented to speak with Nassau County Police Detectives, who interviewed him about the Theresa Fusco rape and murder.

48.    Deny the allegations in paragraph 48.

49.    Deny the allegations in paragraph 49.

50.    Deny the allegations in paragraph 50.

51.    Deny the allegations in paragraph 51, except aver that on March 25, 1985, John Kogut consented to speak with Nassau County Police Detectives, who interviewed him about the Theresa Fusco rape and murder at the Nassau County Police Department's headquarters. During the time that John Kogut spoke with Nassau County Police Detectives, and having been fully informed of his rights, he gave a voluntary confession implicating himself as well as Dennis Halstead and John Restivo in the Theresa Fusco rape and murder.

52.    Deny the allegations in paragraph 52.

53.    Deny the allegations in paragraph 53, except aver that on March 25, 1985, John Kogut consented to speak with Nassau County Police Detectives, who interviewed him about the Theresa Fusco rape and murder at the Nassau County Police Department's headquarters.

During the time that John Kogut spoke with Nassau County Police Detectives, and having been fully informed of his rights, he gave a voluntary confession implicating himself as well as Dennis Halstead and John Restivo in the Theresa Fusco rape and murder.

      (A)     Deny the allegations in paragraph 53(a).

      (B)     Deny the allegations in paragraph 53(b).

      (C)     Deny the allegations in paragraph 53(c).

      (D)     Deny the allegations in paragraph 53(d).

      54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 about whether or not Detective Volpe spoke with John Kogut's fiancé Lisa Price, deny the rest of the allegations in paragraph 54, except aver that John Kogut was voluntarily at Nassau County Police Department's police headquarters from March 25, 1985 to March 26, 1985.

      55.     Deny the allegations in paragraph 55.

      56.     Deny the allegations in paragraph 56, except aver that on March 25, 1985, John Kogut consented to speak with Nassau County Police Detectives, who interviewed him about the Theresa Fusco rape and murder at the Nassau County Police Department's headquarters from March 25, 1985 to March 26, 1985, and that John Kogut signed a Notice of Rights Prior to Custodial Interrogation card, and then after having been fully informed of his rights, he gave a voluntary confession implicating himself as well as Dennis Halstead and John Restivo in the Theresa Fusco rape and murder.

      57.     Deny the allegations in paragraph 57, except aver that except aver on March 26, 1985, John Kogut was arrested and charged with the rape and murder of Theresa Fusco.

      58.     Deny the allegations in paragraph 58.

59.      Deny the allegations in paragraph 59, except aver that while at the Nassau County Police Department's police headquarters from March 25, 1985-March 26, 1985, John Kogut voluntarily gave Nassau County Police Detectives six different versions describing how he, Dennis Halstead, and John Restivo committed the Theresa Fusco rape and murder, the sixth of which was memorialized in writing.

60.      Deny the allegations in paragraph 60.

61.      Deny the allegations in paragraph 61.

62.      Deny the allegations in paragraph 62, except aver that John Kogut voluntarily took Nassau County Police Detectives to the scene of where he, John Restivo, and Dennis Halstead committed Theresa Fusco's rape and murder, and to the scene of where the three of them left her dead body.

63.      Deny the allegations in paragraph 63, except aver that John Kogut voluntarily gave a videotaped confession to Nassau County Assistant District Attorney George Peck.

64.      Deny the allegations in paragraph 64.

65.      Deny the allegations in paragraph 65.

66.      Deny the allegations in paragraph 66.

67.      Deny the allegations in paragraph 67.

68.      Deny the allegations in paragraph 68, except aver that that hair samples found in John Restivo's van pursuant to the execution of a valid search warrant matched hair samples from Theresa Fusco's body taken during her autopsy, and that although there was voluminous amounts of testimonial, wiretap, and documentary evidence, the only physical evidence that the prosecution presented to connect John Restivo, Dennis Halstead and John Kogut to the crime were Theresa Fusco's hairs that were found in John Restivo's van.

69.     Deny the allegations in paragraph 69, except aver that hair samples found in John Restivo's van pursuant to the execution of a valid search warrant matched hair samples from Theresa Fusco's body taken during her autopsy.

70.     Deny the allegations in paragraph 70.

71.     Deny the allegations in paragraph 71, except aver that in the year 2005, the Nassau County District Attorney's Office proceeded to retry John Kogut for Theresa Fusco's rape and murder.

72.     Deny the allegations in paragraph 72.

73.     Deny the allegations in paragraph 73, except aver that Judge Victor Ort found John Kogut not guilty on all counts with respect to John Kogut's retrial for the rape and murder of Theresa Fusco.

74.     Deny the allegations in paragraph 74.

75.     Deny the allegations in paragraph 75, except aver that a grand jury indicted John Kogut for Theresa Fusco's rape and murder.

76.     Deny the allegations in paragraph 76, except aver that John Kogut was convicted of Theresa Fusco's rape and murder.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 about what sentence was imposed upon John Kogut, except aver that John Kogut sentenced for having been found guilty at trial of the rape and murder of Theresa Fusco.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78.

## APPELLATE HISTORY

79.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79.

80.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80.

## DNA EVIDENCE AND VACATING THE CRIMINAL CONVICTION

81.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81, except aver that on June 11, 2003, John Restivo, Dennis Halstead, and John Kogut's convictions were vacated.

82.     Deny the allegations in paragraph 82, except aver that on June 11, 2003, John Restivo, Dennis Halstead, and John Kogut's convictions were vacated.

83.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83, except aver that on June 11, 2003, John Restivo, Dennis Halstead, and John Kogut's convictions were vacated, and that John Kogut had been in custody from March 26, 1985 until June 11, 2003.

84.     Deny the allegations in paragraph 84, except aver that in the year 2005, the Nassau County District Attorney's Office proceeded to retry John Kogut for Theresa Fusco's rape and murder.

85.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85, except aver that Judge Victor Ort found John Kogut not guilty on all counts with respect to John Kogut's retrial for the rape and murder of Theresa Fusco.

## MONELL CLAIM

86. Deny the allegations in paragraph 86.

87. Deny the allegations in paragraph 87.

88. Deny the allegations in paragraph 88.

89. Deny the allegations in paragraph 89.

90. Deny the allegations in paragraph 90.

91. Deny the allegations in paragraph 91.

92. Deny the allegations in paragraph 92.

93. Deny the allegations in paragraph 93.

94. Deny the allegations in paragraph 94.

95. Deny the allegations in paragraph 95.

    (a)    Deny the allegations in paragraph 95(A), except aver that Nassau County entered into a settlement agreement with Robert Moore.

    (b)    Deny the allegations in paragraph 95(B), except aver that Nassau County entered into a settlement agreement with Shonnard Lee.

    (c)    Deny the allegations in paragraph 95(C), except aver that Nassau County entered into a settlement agreement with Jose Martinez.

96. Deny the allegations in paragraph 96.

97. Deny the allegations in paragraph 97, except aver that on April 11, 2005, Newsday printed an article in which Nassau County Police Commissioner James Lawrence "declined to discuss the specifics of [] cases but he said detectives did nothing wrong," and on April 14, 2005, Newsday printed an article in which Nassau County Police Commissioner James Lawrence said "he had not spoken with [Nassau County District Attorney Denis] Dillon before [Dillon] put out his news release.  But, he added, 'I absolutely agree with it. It's something that is very positive in a lot of ways but it's important to implement it correctly.  You can't all of a

14

sudden buy a camera and start videotaping. You have to do it right so you can present it in court.' Lawrence said he will take steps to put videotaping in place for interrogation of major crimes but could not say when it would begin."

98. Deny the allegations in paragraph 98, except aver that on April 11, 2005, Newsday printed an article in which Nassau County Police Commissioner James Lawrence "declined to discuss the specifics of [] cases but he said detectives did nothing wrong," and on April 14, 2005, Newsday printed an article in which Nassau County Police Commissioner James Lawrence said "he had not spoken with [Nassau County District Attorney Denis] Dillon before [Dillon] put out his news release. But, he added, 'I absolutely agree with it. It's something that is very positive in a lot of ways but it's important to implement it correctly. You can't all of a sudden buy a camera and start videotaping. You have to do it right so you can present it in court.' Lawrence said he will take steps to put videotaping in place for interrogation of major crimes but could not say when it would begin."

99. Deny the allegations in paragraph 99.

100. Deny the allegations in paragraph 100.

101. Repeat, reiterate and reallege each and every response in paragraphs 1-100 as if fully set forth herein.

102. Deny the allegations in paragraph 102.

103. Deny the allegations in paragraph 103, and respectfully leave all questions of law for the Court to decide.

## COUNT 1 – 42 U.S.C. § 1983 – False Imprisonment

104. Repeat, reiterate and reallege each and every response in paragraphs 1-103 as if fully set forth herein.

15

105.    Deny the allegations in paragraph 105, and respectfully leave all questions of law for the Court to decide.

### COUNT 2 – 42 U.S.C. § 1983 – False Arrest

106.    Repeat, reiterate and reallege each and every response in paragraphs 1-105 as if fully set forth herein.

107.    Deny the allegations in paragraph 107, and respectfully leave all questions of law for the Court to decide.

### COUNT 3 – 42 U.S.C. § 1983 – Malicious Prosecution

108.    Repeat, reiterate and reallege each and every response in paragraphs 1-107 as if fully set forth herein.

109.    Deny the allegations in paragraph 109, and respectfully leave all questions of law for the Court to decide.

### COUNT 4 – 42 U.S.C. § 1983 – False Arrest

110.    Repeat, reiterate and reallege each and every response in paragraphs 1-109 as if fully set forth herein.

111.    Deny the allegations in paragraph 111, and respectfully leave all questions of law for the Court to decide.

### COUNT 5 – 42 U.S.C. § 1983 – 14th Amendment – Falsification of Evidence

112.    Repeat, reiterate and reallege each and every response in paragraphs 1-111 as if fully set forth herein.

113.    Deny the allegations in paragraph 113, and respectfully leave all questions of law for the Court to decide.

16

## COUNT 6 – 42 U.S.C. § 1983 – 14th Amendment – Falsification of Documents

114.    Repeat, reiterate and reallege each and every response in paragraphs 1-113 as if fully set forth herein.

115.    Deny the allegations in paragraph 115.

## COUNT 7 – 42 U.S.C. § 1983 – Conspiracy I

116.    Repeat, reiterate and reallege each and every response in paragraphs 1-115 as if fully set forth herein.

117.    Deny the allegations in paragraph 117.

    (a)    Deny the allegations in paragraph 117(a).

    (b)    Deny the allegations in paragraph 117(b).

    (c)    Deny the allegations in paragraph 117(c).

    (d)    Deny the allegations in paragraph 117(d).

    (e)    Deny the allegations in paragraph 117(e).

    (f)    Deny the allegations in paragraph 117(f).

## COUNT 8 – 42 U.S.C. § 1983 – Conspiracy II

118.    Repeat, reiterate and reallege each and every response in paragraphs 1-117 as if fully set forth herein.

119.    Deny the allegations in paragraph 119, and respectfully leave all questions of law for the Court to decide.

## COUNT 9 – 42 U.S.C. § 1983 – County Liability – Monell Claim

120.    Repeat, reiterate and reallege each and every response in paragraphs 1-119 as if fully set forth herein.

121.    Deny the allegations in paragraph 121.

122.    Deny the allegations in paragraph 122.

123.    Deny the allegations in paragraph 123.

124.    Deny the allegations in paragraph 124.

125.    Deny the allegations in paragraph 125.

### COUNT 10 – 42 U.S.C. § 1983 Monell Claim Against Nassau County: Unconstitutional Patten and Practice and Failure to Train and Supervise

126.    Repeat, reiterate and reallege each and every response in paragraphs 1-125 as if fully set forth herein.

127.    Deny the allegations in paragraph 127.

### COUNT 11 – 42 U.S.C. § 1983 – Brady Violations

128.    Repeat, reiterate and reallege each and every response in paragraphs 1-127 as if fully set forth herein.

129.    Deny the allegations in paragraph 129, and respectfully leave all questions of law for the Court to decide.

### PENDENT CAUSES OF ACTION

130.    Repeat, reiterate and reallege each and every response in paragraphs 1-129 as if fully set forth herein.

131.    Deny the allegations in paragraph 131, except aver that John Kogut served what purported to be a Notice of Claim upon the County of Nassau; however, he did not submit to an examination pursuant New York State General Municipal Law 50-h.

132.    Deny the allegations in paragraph 132, except aver that John Kogut served what purported to be a Notice of Claim upon the County of Nassau, and upon which no settlement has been reached.

18

133.    Deny the allegations in paragraph 133, and respectfully leave all questions of law for the Court to decide.

## COUNT 12 – Battery Committed in
## Performance of Public Duty or Authority

134.    Repeat, reiterate and reallege each and every response in paragraphs 1-133 as if fully set forth herein.

135.    Deny the allegations in paragraph 135, and respectfully leave all questions of law for the Court to decide.

## COUNT 13 – Pendent Claim of False Arrest

136.    Repeat, reiterate and reallege each and every response in paragraphs 1-135 as if fully set forth herein.

137.    Deny the allegations in paragraph 137, and respectfully leave all questions of law for the Court to decide.

## COUNT 14 – Pendent Claim of False Imprisonment

138    Repeat, reiterate and reallege each and every response in paragraphs 1-137 as if fully set forth herein.

139.    Deny the allegations in paragraph 139 and respectfully leave all questions of law for the Court to decide.

## COUNT 15– Pendent Claim of Malicious Prosecution

140.    Repeat, reiterate and reallege each and every response in paragraphs 1-139 as if fully set forth herein.

141.    Deny the allegations in paragraph 141, except aver that Nassau County District Attorney's Office proceeded to retry John Kogut for Theresa Fusco's rape and murder, and John Kogut was incarcerated from March 26, 1985 until June 11, 2003.

19

142.    Deny the allegations in paragraph 142, and respectfully leave all questions of law for the Court to decide.

### COUNT 16– State Law Claim for
### Negligent Infliction of Emotional Distress

143.    Repeat, reiterate and reallege each and every response in paragraphs 1-142 as if fully set forth herein.

144.    Repeat, reiterate and reallege each and every response in paragraphs 1-143 as if fully set forth herein.

145.    Deny the allegations in paragraph 145.

### COUNT 17– State Law Respondeat
### Superior Claim Against Nassau County

146.    Repeat, reiterate and reallege each and every response in paragraphs 1-145 as if fully set forth herein.

147.    Deny the allegations in paragraph 147, and respectfully leave all questions of law for the Court to decide.

148.    Deny the allegations in paragraph 148, and respectfully leave all questions of law for the Court to decide.

### COUNT 18 – State Law Negligent Supervision Claim

149.    Repeat, reiterate and reallege each and every response in paragraphs 1-148 as if fully set forth herein.

150.    Repeat, reiterate and reallege each and every response in paragraphs 1-149 as if fully set forth herein.

151.    Deny the allegations in paragraph 151.

152.    Deny the allegations in paragraph 152.

153.    Deny the allegations in paragraph 153, and respectfully leave all questions of law for the Court to decide.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.    The alleged acts or omissions of the named defendants herein, and/or any agents, servants or employees, under the case of *Monell v. New York State Department of Social Services*, 436 U.S. 658 (1978), do not create vicarious liability against the County of Nassau pursuant to the doctrine of *respondeat superior* and, consequently, the County of Nassau cannot be liable for any acts or conduct of any individual defendant herein, and/or agents, servants or employees with respect to any or all claims brought pursuant to 42 U.S.C. Section 1983.

### Second Affirmative Defense

2.    The actions complained of herein were in full accord with the applicable law.

### Third Affirmative Defense

3.    Defendants have not violated Plaintiff's Constitutional and statutory rights.

### Fourth Affirmative Defense

4.    That at all times herein mentioned and mentioned in the complaint, the police officers, and/or agents, servants or employees of the Defendant County of Nassau, having anything to do with the Plaintiff were in the performance of their respective duties as police officers, and/or agents, servants or employees of the defendant County of Nassau; that all of the acts performed by each police officer, peace officer, and/or agent, servant or employee of the Defendant County of Nassau in connection with the Plaintiff were performed in good faith,

21

without malice, and with reasonable and proper cause in the ordinary course of their duties as such police officers, and/or agents, servants or employees of the Defendant County of Nassau, and as peace officers of the State of New York, and as required by them and each of them by reason of Plaintiff's conduct and the aforementioned arrest and confinement.

### Fifth Affirmative Defense

5.   The County of Nassau, its agencies, departments and employees at all applicable times herein enjoyed a full, partial or qualified immunity from civil suit.

### Sixth Affirmative Defense

6.   Plaintiff has failed to comply with New York State General Municipal Law Sections 50-h, 50-e, 50-i.

### Seventh Affirmative Defense

7.    This action is barred by the Statute of Limitations.

### Eighth Affirmative Defense

8.   Plaintiff's Indictment and Warrant is deemed probable cause as a matter of law.

### Ninth Affirmative Defense

9.    That the Plaintiffs were arrested pursuant to a valid warrant and the actions of the police officers herein are immune from civil liability.

### Tenth Affirmative Defense

10.   Punitive damages may not be recovered against the County of Nassau as a matter of law.

WHEREFORE, Defendants respectfully request an Order dismissing the Complaint in its entirety with prejudice, and denying the Plaintiffs' prayer for relief as specified in paragraphs (a) through (g), together with such other and further relief as the Court may deem just and proper.

Dated: Mineola, New York
      January 29, 2007

                                   LORNA B. GOODMAN
                                   Nassau County Attorney
                                   Attorney for Defendants
                                   One West Street
                                   Mineola, New York 11501
                                   516-571-3061

                                     /smm/  /lbs/

By:                                     _____
                                   Sondra M. Mendelson (SMM 0215)
                                   Liora M. Ben-Sorek (LBS 1971)
                                   Deputy County Attorneys

23