# EXHIBIT F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
DENNIS HALSTEAD,

                            Petitioner,                          Civil Action No. 96-CV-4879
    -against-                                                   (Hurley, J.)
                                                                    (Lindsey, M.J.)

JAMES STINSON, Superintendent of
Great Meadow Correctional Facility,

                            Respondent.
----------------------------------------------------X

REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF
FROM JUDGMENT OR ORDER AND STAY OF PROCEEDINGS

## I. Introduction

Petitioner Dennis Halstead respectfully submits this Reply Memorandum in response to Respondent's Memorandum of Law in Opposition to Motion For Relief From Judgment or Order and Stay of Proceedings (hereinafter "Respondent's Memorandum").

Respondent stubbornly refuses to admit that the reliable and irrefutable results of the most recent STR/DNA testing cast doubt upon the validity of Mr. Dennis Halstead's conviction and imprisonment as well as upon the validity of the convictions of his co-defendants, John Kogut and John Restivo. This recalcitrance is sadly understandable. When the convictions of Halstead, Kogut and Restivo prove to have been unjust, their eventual exoneration will expose not only the lackluster and superficial Nassau County police work in "solving" this crime but also the likely escape of the true killer. No one is comfortable admitting error – especially in these circumstances.

II.     PETITIONER HAS ARTICULATED A SOUND BASIS FOR RELIEF FROM JUDGMENT OR ORDER ON THE GROUNDS OF NEWLY DISCOVERED EVIDENCE OF INNOCENCE, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B), AND FOR A STAY OF THE PROCEEDINGS.

Sixteen years ago The State of New York prosecuted Mr. Halstead, Mr. Restivo, and Mr. Kogut for the murder of Ms. Theresa Fusco, and Mr. Halstead, and Mr. Restivo for her rape, arguing that the motive for the murder was to keep her silent about the rape. At trial The State argued that sperm found in Ms. Fusco's body proved that she had been raped. The State argued that Mr. Halstead and Mr. Restivo were the donors of that sperm. Those arguments resulted in their conviction for rape and murder.

It is difficult to understand how new reliable scientific test results clearly demonstrating that the sperm was deposited by someone other than Halstead, Restivo, or Kogut could fail to undercut the validity of the trial verdicts or be considered "newly discovered" evidence sufficient under Fed. R. Civ. P. 60(b)(2) to set aside this Court's Order and Judgment dismissing Petitioner's habeas corpus petition. Yet Respondent insists that this information should be ignored.

A.     THE NEW STR/DNA TESTS ARE NOT CUMULATIVE

Primarily, Nassau claims that the STR/DNA results are an inappropriate basis for relief pursuant to Federal Rule 60(b) because that evidence is simply cumulative or impeaching, not truly newly discovered as required by statute. See Respondent's Memorandum at 2 citing to United States v. International Brotherhood of Teamsters, 247 F.3rd 370, 392 (2d Cir. 2001).

Respondent is wrong to qualify the evidence as merely cumulative. First, as respondent himself admits, the earlier rounds of DQ-alpha testing were less discerning than are results

2

generated by this new STR testing. (See Respondent's Memorandum at 6, "although the results obtained from the earlier rounds of DNA testing were less discerning, . . .".) Although some of the prior DQ-alpha tests seem to suggest that the donor of the semen was a fourth person - one not arrested nor charged with this crime, these new STR results make that explosive conclusion absolutely certain. Thus, unlike the tests that state court Justice Ain found unreliable as performed,[1] a finding that both Magistrate Lindsey and this Court relied upon,[2] these new STR results are free from the concerns which plagued the earlier results, and these new STR test results clearly show a male DNA profile from a semen donor who is neither Halstead, Restivo, or Kogut. Certainly this is a difference.

Furthermore, Respondent's objection to the testing based on "[t]he uncertain means to collect and preserve the genetic samples, and the fact that so much of the sample was consumed" (See Respondent's Memorandum at 7) are equally unconvincing. The fact that the serological material can be analyzed establishes that the material has not been degraded or contaminated. In

---

[1] Counsel for co-defendant Kogut explains in their Reply Memorandum that Judge Ain was troubled by the fact that the DNA test results presented in the state post-conviction motion had resulted from tests " 'conducted using the 'less discriminating' DQ-alpha test with PCR amplification, and that there was a discrepancy between the tests run at different facilities.' Ain Decision at 3-5." (See Kogut Reply Memorandum at 4-5). Kogut further points out that Judge Ain also went on to discuss the possibility that such testing " 'might be less than reliable due to factors affecting the tested material itself, such as 'insufficient quantity or degraded quality,' 'environmental insult,' age, exposure to heat, contamination in the laboratory, exposure to chemicals ('a particular concern when PCR amplification is used and which may produce a false negative'), 'and unsound evidence-collection methods potentially resulting in an unrepresentative sample of the semen recovered from the victim's body.' Ain Decision at 16-20."

[2] This Court, in denying the instant petition, relied on the Ain Decision to hold that "[s]erious doubt about the reliability and admissibility of Petitioner's evidence exists," citing factors that may have compromised the samples, including bodily decomposition of the victim, a change in temperature at which the samples were stored, and consumption of much of the swabs by other testing. Order of Hon. Denis R. Hurley ("Hurley Order"), dated April 15, 2002, at 4-5.

3

fact, Respondent seems to accept the reliability of the testing techniques while at the same time refusing to accept the significance of its results.

In addition to the increased reliability of the new testing procedures, the STR technique has the ability to identify additional genetic characteristics. STR tests can reveal sex typing and distinguish between male and female DNA, so as to eliminate a possible source of confusion. Finally, the STR test is so much more discriminating than its predecessors that it can be used for comparing and contrasting to other DNA genetic profiles in the law enforcement DNA data banks to search for a match. It detects a greater number of genetic markers making it suitable for generating a discriminating profile from a very small or even severely degraded sample. This is a change. Previous testing techniques generated results with fewer genetic markers and could not have been used in this way. Thus, the new STR test results are not simply cumulative. They are different and powerful evidence of innocence.

### B. The Newly Discovered Evidence Could Not Have Been Presented to This Court Within the Time to Move for a New Trial Under Fed. Rule Civ. P. 59.

Respondent argues that the newly discovered evidence was known to "the attorney then representing petitioner" certainly no later than September 24, 2001. See Respondent's Memorandum at 4. Respondent's argument misses the point. At the time that this Court ruled on Petitioner's habeas petition, Petitioner was unrepresented. Previous counsel had been discharged but new counsel had not yet been retained or appointed by the Court. This Court's decision to dismiss the petition was rendered at a time when Petitioner was unrepresented. Fortunately, the Supreme Court has held that courts are permitted to accept late filings caused by

just such inadvertence or mistake. See Pioneer Invest. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993).

  C. This Court Should Hold These Proceedings in Abeyance So That Unexhausted Evidentiary Claims May Be Presented to The State Court.

Finally, Respondent argues that even evidence of "actual innocence, based on newly discovered evidence" would not have persuaded this Court to grant relief absent controlling Supreme Court precedent holding that actual innocence is a basis for habeas relief. See Respondent's Memorandum at 8. This argument is premature. All Petitioner is asking for at this point is the opportunity to return to state court to present his claims to that forum and to preserve his ability to return to this Court on a fully developed record should he need to do so in the future. Petitioner requests that the judgment dismissing his habeas corpus petition be set aside, and his petition held in abeyance, so that should it be necessary subsequently to seek federal relief, his action could be revived in this Court and final disposition made on a complete record.

III. THERE IS NO REASON FOR EITHER HALSTEAD OR KOGUT TO BE TREATED DIFFERENTLY THAN RESTIVO, WHOSE PETITION IS BEING HELD IN ABEYANCE.

On May 2, 2002, this Court granted a request by John Restivo, Petitioner's co-defendant, to stay his habeas petition. Restivo had requested that "the habeas petitions of Restivo, Kogut and Halstead be stayed to permit them to 'expeditiously return to State court to exhaust all remaining factual and legal claims.'" Order of Hon. Denis J. Hurley ("Hurley Stay Order"), dated May 2, 2002, at 2. The Court agreed, noting that "the interests of justice will not be compromised and possibly will be advanced" by granting such a stay. Hurley Stay Order at 3.

5

As the Court is aware, the petitions of both Halstead and Kogut, making precisely the same claims with regard to the STR/DNA testing, were dismissed before entry of that Order. As Petitioner Kogut argues in his Reply Memorandum at 6-7, "[t]here is no reason for the three defendants to be treated differently or placed in different procedural postures. In fact, there are many reasons why their petitions ought to be considered together. The fates of these three men are inextricably linked one to the other, and their claims rise or fall together. The State's entire theory of the crime has always been that they conspired together to commit this crime, executed the crime together, and worked together to hide the body."

"The STR/DNA testing has not excluded just one of them or otherwise driven a wedge between their defenses: it has excluded all of them and pointed to another man as a perpetrator. The same evidence, including identical expert testimony, must be considered with regard to each of their claims. Kogut, Restivo, and Halstead proceeded together in state court before Judge Ain; they intend now to do so again." Id at 6-7.

Unless Petitioner and his co-defendant Kogut are granted relief from the dismissals of their petitions and placed in the same position as Restivo, only Restivo will be in a position to return directly to this Court should the state court reject these claims. Petitioner and Kogut will be forced to litigate their ability to file what might be considered successive petitions. Time and judicial resources could be wasted. Petitioners could languish in jail while those additional procedural issues were argued and resolved. Should they be permitted, eventually, to pursue such petitions, they could be forced to reiterate the evidentiary showing previously established by Restivo. Should they be barred from re-filing, they could be forced to serve out a sentence

pursuant to what would already have been proven to be an unjust conviction by Restivo's exoneration. Such a result would be plainly unfair and unjust.

Moreover, if the three petitioners are returned to the same procedural posture, their cases will continue to be considered separately. This bi- or trifurcation will result in more, rather than less, litigation. As Petitioner Kogut points out in his Reply, "[t]he finality that Respondent seeks will certainly be delayed by a rolling series of disconnected claims rather than an efficient and integrated proceeding."

"Separating the defendants because of accidental factors --the order in which their petitions were dismissed and the dates on which they obtained counsel to assert their claims-- cannot be justified, especially when to do so would create such unnecessary costs for both the individuals and the system. As this Court has noted with regard to Restivo, the interest of justice will be advanced by providing each defendant the opportunity to enjoy the protections of Zarvela v. Artuz, 254 F.3d 374 (2d Cir. 2001), cert. denied, 122 S.Ct. 506 (2001), return together to state court to seek relief, and then return to this Court as a group in the unlikely event that the state court rejects their claims."

CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court set aside its Order of March 19, 2002, dismissing his petition for a writ of habeas corpus, and its judgment of March 28, 2002. Petitioner further requests that the Court hold his petition in abeyance pending pursuit of his unexhausted claims in state court, or, in the alternative, use its inherent power to stay consideration of the instant motion while he seeks relief in the state court.

Respectfully submitted,

*Adele Bernhard*

Adele Bernhard (AB 0139)
Pace Post Conviction Project
Pace Law School, 78 North Broadway
While Plains New York 10603
(914) 422-4230

Attorney for Petitioner Dennis Halstead

Dated: White Plains, New York
       May 31, 2002

Index No. Civil Action No. 96-CV-4879 Year 19

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DENNIS HALSTEAD,

Petitioner,

-against-

JAMES STINSON,

Respondent.

REPLY MEMORANDUM IN RESPONSE TO RESPONDENT'S OPPOSITION TO MOTION FOR RELIEF FROM JUDGMENT

JOHN JAY LEGAL SERVICES, INC.
Attorneys @ Pace Law School
Dennis Halstead
Office and Post Office Address, Telephone
78 NORTH BROADWAY
WHITE PLAINS, NEW YORK 10603
TELEPHONE (914) 422-4333

To
Denis Dillon
Nassau County District Attorney
Attorney(s) for Respondent

Dated,

Service of a copy of the within                is hereby admitted.

Dated,

Attorney(s) for

═══════ NOTICE OF SETTLEMENT ═══════

Sir:- Please take notice that an order of which the within is a true copy will be presented for settlement to the Hon.
one of the judges of the within named Court, at
on                  M.
at
Dated,
                                Yours, etc.
JOHN JAY LEGAL SERVICES, INC.
Attorneys for
Office and Post Office Address
78 NORTH BROADWAY
WHITE PLAINS, NEW YORK 10603

To
Attorney(s) for

═══════ NOTICE OF ENTRY ═══════

Sir:- Please take notice that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on                19

Dated,
                                Yours, etc.
JOHN JAY LEGAL SERVICES, INC.
Attorneys for
Office and Post Office Address
78 NORTH BROADWAY
WHITE PLAINS, NEW YORK 10603

To
Attorney(s) for

RECEIVED
2002 JUN -3 PM 2:06
D.A.'S OFF. (M.O.)
NASSAU COUNTY