```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOHN KOGUT,

                    Plaintiff,
                                                    MEMORANDUM AND ORDER
          -against-                                 06-CV-6695 (JS)(WDW)

THE COUNTY OF NASSAU, POLICE
COMMISSIONER DONALD KANE, POLICE
COMMISSIONER WILLIAM J. WILLETT (2005),
POLICE COMMISSIONER JAMES LAWRENCE,
DETECTIVE SEAN SPILLANE (HEAD OF HOMICIDE
1985), DETECTIVE DENNIS FARRELL (HEAD OF
HOMICIDE 2005), DETECTIVE JOSEPH VOLPE,
DETECTIVE ROBERT DEMPSEY, DETECTIVE ALBERT
MARTINO, DETECTIVE WAYNE BIRDSALL,
DETECTIVE MILTON G. GRUBER, DETECTIVE
CHARLES FRAAS, DETECTIVE FRANK SIRIANNI,
DETECTIVE HARRY WALTMAN, P.O. MICHAEL
CONNAUGHTON, P.O. WILLIAM DIEHL, and
JOHN DOES 1-5,

                    Defendants.
----------------------------------------X
JOHN RESTIVO, DENNIS HALSTEAD,
MELISSA LULLO, JASON HALSTEAD,
HEATHER HALSTEAD and TAYLOR
HALSTEAD,                                           MEMORANDUM & ORDER
                                                    06-CV-6720(JS)(WDW)
                    Plaintiffs,

          - against -

NASSAU COUNTY, JOSEPH VOLPE, in his
individual capacity, ROBERT DEMPSEY,
in his individual capacity, FRANK SIRIANNI,
in his individual capacity, MILTON GRUBER,
in his individual capacity, HARRY WALTMAN
in his individual capacity ALBERT MARTINO,
in his individual capacity, CHARLIE FRAAS,
in his individual capacity, THOMAS ALLAN
in his individual capacity, RICHARD BRUSA,
in his individual capacity, VINCENT DONNELLY,
in his individual capacity, MICHAEL
CONNAUGHTON, in his individual capacity,
WAYNE BIRDSALL, in his individual capacity,
WILLIAM DIEHL, in his individual capacity,
JACK SHARKEY, in his individual capacity,
```

DANIEL PERRINO, in his individual capacity,
ANTHONY KOZIER, in his individual capacity,
Detective Sergeant CAMPBELL, (Shield #48),
in his individual capacity, SEAN SPILLANE,
in his individual capacity, RICHARD ROE
SUPERVISORS #1-10, in their individual
capacities,

                      Defendants.
------------------------------------X

APPEARANCES:

For Plaintiffs:
| | |
|---|---|
| John Kogut | Anthony M. Grandinette, Esq.<br>Grandinette & Serio, LLP<br>114 Old Country Road, Suite 420<br>Mineola, NY 11501<br><br>Paul Casteleiro, Esq.<br>200 Washington Street, Suite 500<br>Hoboken, NJ 07030 |
| John Restivo,<br>Dennis Halstead,<br>Melissa Lullo,<br>Jason Halstead,<br>Heather Halstead,<br>and Taylor<br>Halstead | Barry C. Scheck, Esq.<br>Deborah L. Cornwall, Esq.<br>Monica R. Shah, Esq.<br>Nick Joel Brustin, Esq.<br>Anna Benvenutti Hoffman, Esq.<br>Cochran, Neufeld & Scheck, Llp<br>99 Hudson Street, 8th Floor<br>New York, New York 10013 |
| For Defendants: | Liora M. Ben-Sorek, Esq.<br>Sondra Meryl Toscano, Esq.<br>Office of the Nassau County Attorney<br>One West Street<br>Mineola, NY 11501 |

SEYBERT, District Judge:

        Plaintiffs, John Kogut ("Kogut"), John Restivo ("Restivo"), Dennis Halstead ("D. Halstead"), Melissa Lullo, Jason Halstead, Heather Halstead, and Taylor Halstead (collectively "Plaintiffs"), commenced these 42 U.S.C. § 1983 actions on December 19, 2006, and December 21, 2006, respectively, alleging, inter

2

alia, malicious prosecution, false arrest and imprisonment, and 14th Amendment due process violations.  As part of their Complaints, Plaintiffs allege that Defendant, Detective Joseph Volpe ("Volpe"), played a significant role in perpetrating these wrongs against them.  Understandably, Plaintiffs have sought to depose Volpe during the discovery process.  Defendants, in turn, have attempted to erect every roadblock imaginable to prevent this deposition.[1]  In their last challenge, Defendants sought a protective order to prevent Volpe's deposition.  By Order dated August 15, 2008, Magistrate Judge William D. Wall denied this motion.  Defendants appealed Judge Wall's Order, and in an Order dated September 19, 2008 ("September 2008 Order"), this Court denied Defendants' appeal.

Presently pending before the Court is Defendants' newest challenge to prevent Volpe's deposition: a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure seeking relief from the Court's September 2008 Order.  Specifically, Defendants seek this relief pursuant to subsections (b)(2), (3), and (6).  For the reasons that follow, Defendants' motion is DENIED.

BACKGROUND

The Court presumes familiarity with the facts of this

---

[1] A casual glance at the cases' docket sheets reveals that Defendants have filed motions to stay discovery, motions for a protective order to prevent Volpe's deposition, and the motion currently pending before the Court.

3

case. For a more complete discussion of the underlying facts, see the Court's Order deciding Defendants' motion to dismiss.

For purposes of this motion, the relevant facts are as follows. During a conference held on September 19, 2008, this Court ordered the production of Volpe for his deposition by October 3, 2008. The parties, because of a variety of scheduling conflicts and excuses asserted by counsel on all sides, could not conduct the deposition within the required time. On October 20, 2008, already two weeks past the deadline, Defendants filed their current motion seeking to be relieved of the portion of the Court's September 2008 Order, which required that Volpe be produced for his deposition by October 3. In essence, Defendants assert that (1) Plaintiffs' scheduling conflicts provide grounds for a Rule 60 motion, even though it is apparent that both parties had scheduling conflicts. In the alternative, Defendants assert that Volpe's physical condition warrants a reassessment of the Court's September 2008 Order, but fail to offer any new evidence that his condition has worsened or that any meaningful circumstance has changed since September 2008 that would warrant reversal of the Court's prior decision.

## DISCUSSION

Rule 60(b) provides, in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (2) newly

> discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing par1y; . . . or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(2), (3) & (6).

Plaintiffs assert that Defendants may not seek relief from the Court's September 2008 Order pursuant to Rule 60(b) because a party seeking relief under Rule 60 must first establish that the Court entered a final judgment. Plaintiffs maintain that an order deciding a discovery matter does not constitute a final judgment.

The Court agrees with Plaintiffs that a party seeking relief from a court's discovery order may not resort to Rule 60(b). Byrne v. Liquid Asphalt Sys., Inc., 250 F. Supp. 2d 84, 87-88 (E.D.N.Y. 2003). But even if Defendants could properly seek relief pursuant to Rule 60, they completely fail to satisfy the requirements of the Rule. Absolutely nothing cited in Defendants' motion papers constitutes "new evidence" within the contemplation of Rule 60. Moreover, Defendants offer no evidence that Volpe's physical condition has changed such that the Court should reconsider its decision in the September 2008 Order. Additionally, Defendants fail to establish fraud on the part of Plaintiffs, as required by subsection (b)(3). Finally, Defendants provide the court with no other reason that would justify reversal of its prior decision.

5

At bottom, the Court has the nagging suspicion that Defendants filed this motion as an ill-conceived delay tactic after having some difficulty in scheduling Volpe's deposition. Unfortunately for Defendants, scheduling conflicts do not constitute new evidence or fraud. Thus, in filing this motion, Defendants achieved nothing other than wasting judicial - and client - resources. If Defendants continue such dilatory behavior in the future, the Court may resort to Rule 11 sanctions.

Accordingly, Defendants' motion is DENIED.

## CONCLUSION

For the foregoing reasons, Defendants' motion is DENIED. Defendant is directed to notify the Court by letter of the status of Volpe's deposition: if the deposition has already been taken, Defendants are directed to provide the dates on which it was taken; if the deposition has not been taken, Defendants are directed to provide the dates on which it is scheduled to take place.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
March  31 , 2009