UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

JOHN KOGUT,

                Plaintiff,

       v.

THE COUNTY OF NASSAU, et al.,

                Defendants,

---

JOHN RESTIVO, et al.,

                Plaintiffs,

       v.

THE COUNTY OF NASSAU, et al,

                Defendants.

---

**No. CV-06-6695 (JS) (WDW)**
(Consolidated from
No. 06CV6720 (JS) (WDW))

PLAINTIFFS JOHN RESTIVO
AND DENNIS HALSTEAD'S
MOTION AND MEMORANDUM
OF LAW IN SUPPORT OF
MOTION TO REARGUE OR
RECONSIDER PURSUANT TO
FEDERAL RULE OF CIVIL
PROCEDURE 59(e) AND LOCAL
RULE 6.3

**<u>ORAL ARGUMENT
REQUESTED</u>**

# TABLE OF CONTENTS

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.    Legal Standards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

          A.    Reconsideration and Reargument . . . . . . . . . . . . . . . . . . . . . . . . 1

          B.    *Heck v. Humphrey* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    II.    The Court Erred in Dismissing Plaintiffs' State Law Malicious
        Prosecution Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

          A.    It is Reversible Error to Dismiss a Claim *Sua Sponte* . . . . . . . . . 2

          B.    *Heck v. Humphrey* Does Not Apply to State Law Claims . . . . . . . 3

          C.    The State Law Malicious Prosecution Claim is Timely . . . . . . . . 3

    III.    The Court Erred in Finding Plaintiff's § 1983 Claims Barred by *Heck v.
        Humphrey* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

          A.    The Court Overlooked Binding Second Circuit Precedent

                Interpreting *Heck* for § 1983 Malicious Prosecution Claims . . . . 5

          B.    The Court Overlooked the Fact that Vacatur of Plaintiffs'
                Convictions under N.Y.C.P.L. § 440.10(1)(g) and
                Dismissal of the Indictments under N.Y. C.P.L. § 220.10(h)
                Invalidated Plaintiffs' Convictions and Terminated the
                Criminal Proceedings in their Favor . . . . . . . . . . . . . . . . . . . . . 8

          C.    The Court Overlooked Binding Authority Holding that the
                 § 1983 Due Process Claim for Unconstitutional Suppression
                and Fabrication of Evidence Is Timely . . . . . . . . . . . . . . . . . . . 12

    IV.    The Court Erred In Dismissing the *Monell* Claims for Lack of Proof . . . . . . . 17

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

# TABLE OF AUTHORITIES

**Federal Cases**

*Ahmed, Executor of the Estate of Warith Habib Abdal, v. City of Buffalo, et al.* Index No. 2002-9206 (N.Y. Sup Ct., Erie Cty.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Albright v. Oliver*, 510 U.S. 266 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Ashcroft v. Iqbal*, — U.S. — , 129 S. Ct. 1937 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Beck v. City of Muskogee Police Dept.*, 195 F.3d 553 (10th Cir. 1999) . . . . . . . . . . . . . . . . . . 16

*Brady v. Maryland*, 373 U.S. 83 (1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 14

*Callace v. Suffolk County, et al.*, No. 93 Civ. 04707 (E.D.N.Y.) . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Chance v. Armstrong*, 143 F.3d 698 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

*Clinton v. City of New York*, No. 98 CIV. 3810 (JSM), 1999 WL 105026 (S.D.N.Y. Mar. 2, 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198 (2d Cir. 1999) . . . . . . . . . . . . . . 17

*Deskovic v. City of Peekskill, et al.*, No. 07 Civ. 8150 (S.D.N.Y.) . . . . . . . . . . . . . . . . . . . . . . . . 5

*DiBlasio v. City of New York*, 102 F.3d 654 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . 5-8, 15

*Doswell v. City of Pittsburgh,* No. 07 Civ. 761(DWA), 2007 WL 2907886 (W.D. Pa. Oct. 2, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Eagleston v. Guido*, 41 F.3d 865 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Fappiano v. City of New York, et al.,* No. 07 Civ. 2476 (E.D.N.Y.) . . . . . . . . . . . . . . . . . . . . . . 5

*Heck v. Humphrey,* 512 U.S. 477 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*In re Zyprexa Products Liability Litigation*, Nos. 04-MD-1596 (JBW), 05-CV-5305 (JBW), — F.R.D. —, 2009 WL 2230802 (E.D.N.Y. July 21, 2009) . . . . . . . . . . . . . . . . . . . . . . . 1

*Jenkins v. Haubert*, 179 F.3d 19 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Jocks v. Tavernier*, 316 F.3d 128 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Johnson v. Dossey,* 515 F.3d 778 (7th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*Jovanovic v. City of New York*, No. 04 CV 8437(PAC), 2008 WL 355515
    (S.D.N.Y. Feb. 7, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Klopfer v. North Carolina*, 386 U.S. 213 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Lee v. Nassau County et al.*, No. 00-CV-881 (JS)(WDW), Slip op. July 11, 2003 . . . . . . . . . . 18

*Leka v. City of New York*, 2006 WL 2819621 (S.D.N.Y. Sept. 29, 2006) . . . . . . . . . . . . . . . . 15

*McCray v. City of New York*, Nos. 03 Civ. 9685, 9974, 10080 (DAB), 2007 WL 4352748
    (S.D.N.Y. Dec. 11, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 12

*Mitchell v. City of Boston*, 130 F. Supp. 2d 201 (D. Mass. 2001) . . . . . . . . . . . . . . . . . . . . . . 16

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

*Muhammad v. Close*, 540 U.S. 749 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Newton v. City of New York, et al.,* No. 07 Civ. 06211 (S.D.N.Y.) . . . . . . . . . . . . . . . . . . . . . . 5

*Olsen v. Correiro*, 189 F.3d 52 (1st Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Perez v. Ortiz*, 849 F.2d 793 (2d Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Peterson v. Tomaselli*, 469 F. Supp. 2d 146 (S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Poe v. Leonard*, 282 F.3d 123 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Singleton v. City of New York*, 632 F.2d 185 (2d Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Smith v. Holtz*, 87 F.3d 108 (3d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Square D Co. v. Niagara Frontier Tariff Bureau, Inc.*, 760 F.2d 1347 (2d Cir. 1985) . . . . . . . . 3

*Stein v. County of Westchester*, 410 F. Supp. 2d 175 (S.D.N.Y. 2006) . . . . . . . . . . . . . . . . 7, 15

*T.Z. v. City of New York*, No. 05-CV-5111, 2009 WL 1794702 (E.D.N.Y. June 23, 2009) . . . . . 1

*U.S. v. Eight Thousand Eight Hundred and Fifty Dollars ($8,850) in U.S. Currency*, 461 U.S. 555 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Uboh v. Reno*, 141 F.3d 1000 (11th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*United Mine Workers v. Gibbs*, 383 U.S. 715 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Wallace v. Kato*, 549 U.S. 384 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Warney v. City of Rochester, et al.* No. 07 Civ. 06246 (W.D.N.Y.) . . . . . . . . . . . . . . . . . . . . . 5

*Williams v. City of New York*, No. 07 Civ. 3764(RJS), 2008 WL 3247813 (S.D.N.Y. Aug. 8, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**State Cases**

*Britt v. Legal Aid Soc., Inc.*, 95 N.Y.2d 443 (N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10

*Broughton v. State*, 37 N.Y.2d 451, 335 N.E.2d 310 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Bumbury v. City of New York*, 62 A.D.3d 621, 880 N.Y.S.2d 44 (N.Y. App. Div. [1st Dept.] 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*De Canzio v. Kennedy*, 451 N.Y.S.2d 504 (N.Y. App. Div. 1982) . . . . . . . . . . . . . . . . . . . . . . 11

*Gonzalez v. City of New York, et al.*, Index No. 26771/03 (N.Y. Sup. Ct., Kings) . . . . . . . . . . . 5

*Hynes v. Karassik*, 47 N.Y.2d 659 (N.Y. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*In re Joseph M.*, 82 N.Y.2d 128 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*People v. Crimmins*, 38 N.Y.2d 407 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-10

*People v. Dozier*, 558 N.Y.S.2d 941 (N.Y. App. Div. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*People v. Kogut*, No. 61029-85, 6 Misc.3d 1011(A), 800 N.Y.S.2d 353, 2004 WL 3118694 (N.Y. Sup. Dec. 1, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*People v. Wise*, 752 N.Y.S.2d 837 (N.Y. Sup. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**Federal Rules**

Fed. R. Evid. 201(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Fed. R. Evid. 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

**Federal Statutes**

42 U.S. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

U.S. Const. amend. IV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

U.S. Const. amend. XIV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12-14, 16

**State Rules**

N.Y. C.P.L.R. § 215(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**State Statutes**

N.Y. C.P.L. § 160.50 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

N.Y. C.P.L. § 160.60 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

N.Y. C.P.L. § 220.10(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-10

N.Y. C.P.L. § 440.10(1)(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8-11

N.Y. Ct. Claims Act § 8-b . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

N.Y. Exec. Law § 296(16) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**Other Authorities**

BLACK'S LAW DICTIONARY (8th Ed. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## Introduction

This Court's August 3, 2009 decision on Defendants' motions for judgment on the pleadings decided matters not before it (the state law malicious prosecution claim), overlooked binding Second Circuit law cited by plaintiffs, and interpreted Supreme Court cases *Heck v. Humphrey,* 512 U.S. 477 (1994)*, and *Wallace v. Kato*, 549 U.S. 384 (2007), in ways inconsistent with the language and reasoning of those opinions as well as the uniform construction given them by other federal courts. As such, Plaintiffs John Restivo and Dennis Halstead respectfully request that the Court reconsider its dismissal of their claims.

## Argument

### I.    Legal Standards

#### A.    Reconsideration and Reargument

Both Rule 59(e) of the Rules of Civil Procedure and E.D.N.Y. Local Rule 6.3 allow the reconsideration or reargument of a court order. "Essentially the same standard is used to determine Rule 59(e) motions as motions under ... Local Rule [6.3]." *T.Z. v. City of New York*, No. 05-CV-5111, 2009 WL 1794702, at *2 n.7 (E.D.N.Y. June 23, 2009). Under either provision, reconsideration is warranted where the court overlooked controlling matters of fact or law. *See In re Zyprexa Products Liability Litigation*, Nos. 04-MD-1596 (JBW), 05-CV-5305 (JBW), — F.R.D. —, 2009 WL 2230802, at *1 (E.D.N.Y. July 21, 2009).

#### B.    *Heck v. Humphrey*

Roy Heck was convicted of voluntary manslaughter for the death of his wife. While his direct appeal was pending, he filed a § 1983 suit seeking money damages against prosecutors and an investigator in his case, charging that they had engaged in an unreasonable investigation of him

and had destroyed exculpatory evidence. *Heck v. Humphrey*, 512 U.S. 477, 478-79 (1994). The Seventh Circuit affirmed dismissal of Heck's claim on the ground he had failed to exhaust his state remedies.

The Supreme Court agreed that Heck's claim was not viable, but rejected the Seventh Circuit's rationale, reaffirming that § 1983 has no exhaustion requirement. *Id.* at 480-83. Rather, the Court held that Heck's § 1983 claim – which sought damages for wrongful confinement imposed pursuant to legal process – was analogous to a common law claim of malicious prosecution. *Id.* at 483-84. As in the common law claim, then, the § 1983 claim included the element that the prior criminal proceeding terminated in plaintiff's favor. *Id.* at 484-87. Thus, the Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

## II.   The Court Erred in Dismissing Plaintiffs' State Law Malicious Prosecution Claim

### A.   It is Reversible Error to Dismiss a Claim *Sua Sponte*

Defendants did not move to dismiss plaintiffs' state law malicious prosecution claim (Count VIII) on any basis, including that on which the Court ruled – the alleged bar erected by *Heck v. Humphrey*. D.E. 67 at 17.[1] Thus the issue was never briefed. A "district court has no authority to dismiss a complaint for failure to state a claim upon which relief can be granted without giving the plaintiff an opportunity to be heard." *Perez v. Ortiz*, 849 F.2d 793, 797 (2d Cir. 1988). "Failure to

---

[1] *See* Plaintiffs' opposition brief, *Restivo, et al. v. Nassau County, et al.*, No. 2:06-cv-06720-JS-WDW ("HR") D.E. 68 at 23 ("Most importantly, defendants do not contest the timeliness of the state law malicious prosecution claim.").

afford an opportunity to address the court's *sua sponte* motion to dismiss is, by itself, grounds for reversal." *Square D Co. v. Niagara Frontier Tariff Bureau, Inc.*, 760 F.2d 1347, 1365 (2d Cir. 1985) (internal quotation and citation omitted).[2]

### B.    *Heck v. Humphrey* Does Not Apply to State Law Claims

The Court further erred in finding that the inquiry was "identical" for both the federal 42 U.S.C. § 1983 and state-law malicious prosecution claims and holding that *Heck* therefore barred the state-law claim. (D.E. 67 at 17.) In *Heck*, the Supreme Court addressed the elements of § 1983 claims challenging the validity of a prisoner's conviction or sentence. *Id.* at 484-86. Not only did the Supreme Court in *Heck* not add an element to malicious prosecution claims under state law or otherwise impose any new bar on such claims, federal courts have no power to do so. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). No New York state court has ever applied *Heck* to bar any state law claims; the Court erred in doing so here.

### C.    The State Law Malicious Prosecution Claim is Timely

This Court must instead look to state law as to the timeliness of the state-law claim. *See Erie Railroad Co.*, 304 U.S. 64; *Gibbs*, 383 U.S. at 726. As the Court recognized (D.E. 67 at 17), the elements of malicious prosecution under New York state law are "(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice." *Broughton v. State*, 37 N.Y.2d 451, 457, 335 N.E.2d 310, 314 (1975). The

---

[2] So too with the *sua sponte* dismissal of Count V, the § 1983 supervisory liability claim, which the Court acknowledged defendants did not move to dismiss (D.E. 67 at 37 n.10). *See Poe v. Leonard*, 282 F.3d 123, 140 (2d Cir. 2002) (considering § 1983 supervisory liability).

claim accrues upon the favorable termination of the criminal proceedings: not upon the order vacating the conviction and remanding pursuant to CPL § 440.10(1)(g), but rather when the indictment is dismissed. *See Britt v. Legal Aid Soc., Inc.*, 95 N.Y.2d 443, 448 (N.Y. 2000) ("A disposition in a criminal proceeding that allows or contemplates renewal cannot serve as a foundation for a malicious prosecution action because it cannot be determined that the prosecution was unjust or unfounded until it is terminated."); *Bumbury v. City of New York*, 62 A.D.3d 621, 880 N.Y.S.2d 44 (N.Y. App. Div. [1st Dept.] 2009).

Here, pursuant to controlling law the Court overlooked, the state law malicious prosecution claim accrued upon the December 29, 2005 dismissal of the indictment and was timely filed within one year thereafter, *see* N.Y. CPLR § 215(3), and therefore the Court's *sua sponte* dismissal should be reconsidered.

III.   **The Court Erred in Finding Plaintiff's § 1983 Claims Barred by** *Heck v. Humphrey*

The import of the Court's decision on defendant's Rule 12(c) motion for judgment on the pleadings is to hold, for the first time, that *Heck v. Humphrey* bars New York DNA exonerees from pursuing 42 U.S.C. § 1983 wrongful conviction lawsuits because the typical mechanism for innocent people to win their freedom based on newly discovered DNA evidence in New York is to file a N.Y. C.P.L. § 440.10(1)(g) motion and have their convictions vacated and the criminal proceedings remanded for retrial and ultimate dismissal of the indictment. If the Court's application of *Heck* to C.P.L. § 440.10(1)(g) vacaturs and dismissals were correct, then the state-court judgments of conviction would still be in force and effect, and federal courts could not entertain these § 1983 suits at all. That is not, and has never been, the law; according to binding Second Circuit authority the Court overlooked, *Heck* poses no such bar. In addition to this case, counsel is aware of eight other

4

§ 1983 lawsuits by 12 New York DNA exonerees released by this mechanism;[3] until the Court's decision, none was ever held to be *Heck*-barred.

The treatment of the other 12 New York exonerees' § 1983 lawsuits is consistent with the Second Circuit's recognition that *Heck* may only bar claims then cognizable in *habeas corpus*: "where federal *habeas corpus* is not available to address constitutional wrongs, § 1983 must be." *Jenkins v. Haubert*, 179 F.3d 19, 26-27 (2d Cir. 1999).  Here, because plaintiffs' convictions had been invalidated and the indictments against them dismissed with prejudice, *habeas corpus* was not available when plaintiffs filed this action, and therefore *Heck* can pose no bar.  As set forth more fully below, *Heck*'s only relevance to Plaintiffs' claims is to set the accrual date of their causes of action.

### A.    The Court Overlooked Binding Second Circuit Precedent Interpreting *Heck* for § 1983 Malicious Prosecution Claims

In *Wallace v. Kato,* 549 U.S. 384 (2007), the Supreme Court noted the question at issue here, "the accrual date of a § 1983 cause of action[,] is a question of federal law that *is not resolved by reference to state law*," and it was "aware of no federal court of appeals holding to the contrary." 549 U.S. at 388 (emphasis added).  In contrast, this Court, despite recognizing this principle (*see* D.E. 67 at 28), overlooked binding federal authority plaintiffs cited, *DiBlasio v. City of New York*,

---

[3] *See Sadeq Ahmed, Executor of the Estate of Warith Habib Abdal, formerly known as Vincent A. Jenkins v. City of Buffalo, et al.* Index No. 2002-9206 (N.Y. Sup Ct., Erie Cty.); *Leonard Callace v. Suffolk County, et al.*, No. 93 Civ. 04707 (E.D.N.Y.); *Jeffrey Deskovic v. City of Peekskill, et al.*, No. 07 Civ. 8150 (S.D.N.Y.); *Scott Fappiano v. City of New York, et al.*, No. 07 Civ. 2476 (E.D.N.Y.); *Hector Gonzalez v. City of New York, et al.*, Index No. 26771/03 (N.Y. Sup. Ct., Kings); *Antron McCray, Kevin Richardson, Yusef Salaam, Raymond Santana, Korey Wise, et al. v. City of New York, et al.*, Nos. 03 Civ. 9685, 9974, 10080 (S.D.N.Y.); *Alan Newton v. City of New York, et al.*, No. 07 Civ. 06211 (S.D.N.Y.); *Douglas Warney v. City of Rochester, et al.* No. 07 Civ. 06246 (W.D.N.Y.).

102 F.3d 654 (2d Cir. 1996) (HR D.E. 68 at 7), to wrongly conclude that the vacatur of plaintiffs' convictions pursuant to CPL § 440.10(1)(g) and the dismissal of the charges against them did not invalidate their convictions for purposes of satisfying *Heck*'s favorable termination element (D.E. 67 at 13-16).

The *Heck* Court illustrated four ways in which its favorable termination requirement could be satisfied: "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487.  Citing no authority, this Court ruled it had a "duty to interpret the exceptions to *Heck* narrowly" in determining whether the favorable termination requirement was satisfied in this case.  (D.E. 67 at 16.)  But *DiBlasio*, which this Court overlooked, forecloses the Court's "narrow" interpretation.

The *DiBlasio* court noted that, just as the New York Court of Appeals applied a "favorable termination" requirement to malicious prosecution claims under New York law, the Second Circuit had applied such a requirement to malicious prosecution claims brought under § 1983, citing *Singleton v. City of New York*, 632 F.2d 185, 193 (2d Cir. 1980), for the proposition that, in a § 1983 malicious prosecution action, "[p]roceedings are 'terminated in favor of the accused' only when their final disposition is such as to indicate the accused is not guilty." 102 F.3d at 657-58.  The court continued: "The Supreme Court in *Heck v. Humphrey* appears to have adopted the rule enunciated in the above-cited New York cases: 'One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.'" *Singleton*, 632 F.2d at 658 (citing *Heck*, 512 U.S. at 484).

6

Thus, the Second Circuit has expressly held that *Heck* adopted the favorable termination requirement found in § 1983 malicious prosecution claims, that is, a "final disposition . . . [that] indicate[s] the accused is not guilty." *DiBlasio*, 102 F.3d at 657-58; *Singleton*, 632 F.2d at 193; *see also Muhammad v. Close*, 540 U.S. 749, 751 (2004) ("In *Heck v. Humphrey*, we held that where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence.") (internal citation omitted); *Stein v. County of Westchester*, 410 F. Supp. 2d 175, 178-80 & n.4 (S.D.N.Y. 2006); *Williams v. City of New York*, No. 07 Civ. 3764(RJS), 2008 WL 3247813 at * 3-4 (S.D.N.Y. Aug. 8, 2008) (holding the *Heck* Court "applied the favorable termination doctrine required to prevail in a lawsuit for malicious prosecution to all § 1983 damages actions that would implicate the legality of the challenged conviction, if successful."); *Peterson v. Tomaselli*, 469 F. Supp. 2d 146, 166-67 (S.D.N.Y. 2007).

The plaintiff in *DiBlasio* urged a literal interpretation of the list in *Heck*, just as defendants have done here. The Second Circuit flatly rejected that argument:

> Justice Scalia who wrote [*Heck v.*] *Humphrey* went on to state that, if the criminal trial resulted in a conviction, the cause of action of the malicious prosecution plaintiff would not accrue until "the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." If interpreted literally, this sentence would seem to mean that any time a conviction is overturned by a writ of habeas corpus there has been a final determination in favor of the accused. We are not convinced that this is what the [*Heck v.*] *Humphrey* Court intended.

102 F.3d at 658 (internal citation omitted). Consistent with its interpretation of *Heck*, the court

considered whether the final disposition of DiBlasio's prosecution indicated his innocence.[4]

Subsequent Second Circuit decisions have reiterated that a federal § 1983 malicious prosecution action expressly incorporates the favorable termination element of the state law malicious prosecution action. *See, e.g., Jocks v. Tavernier*, 316 F.3d 128, 136 (2d Cir. 2003).

Thus, *DiBlasio* controls and *Heck*'s favorable termination requirement was satisfied – and plaintiffs' § 1983 malicious prosecution claim accrued – upon the final disposition of the criminal proceedings: December 29, 2005, when the indictment was dismissed with prejudice. This action was timely filed less than one year later, well within the three-year statute of limitations applicable to § 1983 claims. *See Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994).

**B.   The Court Overlooked the Fact that Vacatur of Plaintiffs' Convictions under N.Y.C.P.L. § 440.10(1)(g) and Dismissal of the Indictments under N.Y. C.P.L. § 220.10(h) Invalidated Plaintiffs' Convictions and Terminated the Criminal Proceedings in their Favor**

The Court ignored *DiBlasio*, and instead relied solely on out-of-context language in *People v. Crimmins*, 38 N.Y.2d 407 (1975)[5] – a New York state case predating *Heck* by nearly twenty years

---

[4] As described below, nothing in *Wallace v. Kato,* 549 U.S. 384 (2007), undermines *DiBlasio*'s binding reading of *Heck*. As the *Wallace* Court recognized, no *Heck* bar ever arose in the type of § 1983 claim at issue there – detention without legal process in violation of the Fourth Amendment – because the claim accrued upon the issuance of process, i.e. before there was any conviction. As such, the *Wallace* Court had no occasion to address what constituted invalidation pursuant to *Heck*, other than to acknowledge the preexisting rule for § 1983 cases challenging detention pursuant to legal process, that "the *Heck* rule for deferred accrual is called into play . . . when there exists 'a conviction or sentence that has *not* been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" 549 U.S. at 393 (quoting *Heck*, 512 U.S. at 487).

[5] In *Crimmins*, the New York Court of Appeals determined that it lacked jurisdiction to review the denial of a motion to vacate judgment upon the grounds of newly-discovered evidence, CPL § 440.10(1)(g), but did have jurisdiction to review a writ of error *coram nobis*. *See* 38 N.Y.2d 407. With respect to this holding, the Court of Appeals explained the difference between a *coram nobis* motion and a motion pursuant to CPL § 440.10(1)(g), noting that in the latter "the judgment is attacked as infirm, while on motion to vacate judgment upon the ground

and in no way relating to federal law – to hold that plaintiffs' convictions had not been "invalidated" for the purposes of *Heck*'s favorable termination requirement. No other court has relied on *Crimmins*, or even considered it, as part of its accrual analysis under *Heck*. Indeed, no court has cited this language from *Crimmins* in *any* context in the 34 years since that decision issued.

Regardless of the language in *Crimmins*, the vacatur of plaintiffs' convictions under C.P.L. § 440.10(1)(g) and the dismissal of the indictments pursuant to C.P.L. § 210.20(1)(h) unquestionably invalidated their convictions and sentences as required by *Heck*.[6] By its very terms, to vacate a judgment of conviction under C.P.L. § 440.10(1)(g) invalidates the conviction. *See* BLACK'S LAW DICTIONARY (8th Ed. 2004) at 1584 (defining "vacate" as "to nullify or cancel; make void; invalidate"); *see also id.* at 1584 (defining "vacatur" as "[t]he act of annulling or setting aside"). Likewise, a dismissal of the indictment under C.P.L. § 220.10(1)(h) terminates the criminal proceedings. *See id.* at 502 (defining "dismissal" as "termination of action or claim without further hearing").

---

of newly discovered evidence the validity of the judgment is not attacked, only the likelihood of a similar verdict being rendered if there were an enlargement of the evidence on the principle issue." 38 N.Y.2d at 419. The Court's decision was limited to the jurisdictional question at issue there. Nowhere in the decision does the Court of Appeals deny the only point that is relevant here: that the result of granting either a motion to vacate under § 440.10(1)(g) or a writ of error *coram nobis* is the same – vacatur, and thus invalidation, of the conviction.

[6] The Court improperly reads *Heck* to require a demonstration of the conviction's "'unlawfulness' under New York State law." (D.E. 67 at 15-16.) But, consistent with *Heck*'s intent to add a favorable termination requirement, as discussed above, *Heck* requires merely that the conviction be invalidated, not that it be demonstrated to be "unlawful." The only use of the term "unlawful" in *Heck* is as part of the description of the type of claim for which a § 1983 plaintiff must demonstrate his conviction has been invalidated: "in order to recover damages for . . . harm caused by actions *whose unlawfulness would render a conviction or sentence invalid*, a § 1983 plaintiff must prove that the conviction or sentence" has already been invalidated. *Heck*, 512 U.S. at 486-87 (emphasis added).

9

If the Court wishes to consider New York law, provisions much more on point than long-forgotten language in *Crimmins* demonstrate that the C.P.L. § 440.10(1)(g) vacatur and C.P.L. § 220(1)(h) dismissal invalidated the conviction and terminated the criminal proceedings in plaintiffs' favor for *Heck* purposes. First, as described above, under New York law favorable termination occurs – and malicious prosecution claims accrue – upon the dismissal of the indictment. *See Britt v. Legal Aid Soc., Inc.*, 95 N.Y.2d 443, 448 (N.Y. 2000). Further, under C.P.L. § 160.50, New York's sealing statute, "a criminal action or proceeding *shall be considered terminated in favor of such person* where," as here, the convictions were vacated pursuant to C.P.L. § 440.10(1)(g) and indictments dismissed pursuant to C.P.L. § 220.10(1)(h).[7] *See* C.P.L. § 160.50(3)(b), (f) (emphasis added). Because the criminal action terminated in favor of plaintiffs within the meaning of C.P.L. § 160.50, "the[ir] arrest[s] and prosecution[s] *shall be deemed a nullity* and the accused shall be restored, in contemplation of law, to the status [they] occupied before the arrest and prosecution." C.P.L. § 160.60 (emphasis added).[8] Consequently, under New York law, upon the dismissal of the

---

[7] It is undisputed that the vacatur of plaintiffs' convictions and dismissal of the indictments is governed by C.P.L. § 160.50, as the parties have executed an unsealing stipulation to access the underlying official records of the criminal proceedings.

[8] These laws "serve[] the laudable goal of insuring that one who is charged but not convicted of an offense suffers no stigma as a result of his having once been the object of an unsustained accusation. That detriment to one's reputation and employment prospects often flows from merely having been subjected to criminal process has long been recognized as a serious and unfortunate by-product of even unsuccessful criminal prosecutions." *Hynes v. Karassik*, 47 N.Y.2d 659, 662 (N.Y. 1979); *see also In re Joseph M.*, 82 N.Y.2d 128, 131 (1993) ("The purpose in adding these provisions to the Criminal Procedure Law and the Human Rights Law was to ensure that the protections provided to exonerated accuseds be 'consistent with the presumption of innocence, which simply means that no individual should suffer adverse consequences merely on the basis of an accusation, unless the charges were ultimately sustained in a court of law" (quoting Governor[s Approval Mem, 1976 McKinney's Session Laws of NY, at 2451)).

10

indictment, the convictions and underlying charges were invalidated such that any record of such criminal action must be sealed, C.P.L. § 160.50, and "[can]not operate as a disqualification of any person so accused to pursue or engage in any lawful activity, occupation, profession, or calling," C.P.L. § 160.60.[9]

Moreover, a conviction vacated under C.P.L. § 440.10(1)(g), where the charges were subsequently dismissed, is considered invalid such that it cannot be used to enhance that person's sentence for another crime. *See People v. Dozier*, 558 N.Y.S.2d 941, 943-44 (N.Y. App. Div. 1990). ("Nothing . . . supports the conclusion that a defendant's imprisonment for a conviction, which is reversed [pursuant to CPL § 440.10(1)(g)], and the indictment subsequently dismissed, may be used to enhance his sentence on a subsequent conviction. In each of the cited cases, there was a valid conviction. *Here there is none*." (emphasis added)). Nor is it considered a valid conviction to trigger double jeopardy considerations should the prosecution retry the defendant on the same charges. *See De Canzio v. Kennedy*, 451 N.Y.S.2d 504, 505 (N.Y. App. Div. 1982). Perhaps most strikingly, the vacatur of plaintiffs' convictions and dismissals of the indictments, pursuant to C.P.L. § 440.10(1)(g) specifically, fit squarely within the requirements of Section 8-b of New York's Court of Claims Act, which authorizes compensation for individuals who were unjustly convicted of crimes. *See* N.Y. Ct. Clms. Act. § 8-b(3) & (4). Thus, not only are the convictions invalid under state law, but New York's legislature has affirmatively determined that individuals who suffered

---

[9] In fact, under New York law, it is considered an unlawful discriminatory practice for any person to even inquire about, much less act adversely with respect to, plaintiffs' vacated convictions and defunct charges in connection with employment or licensing applications. *See* N.Y. Exec. Law § 296(16).

11

such unjust convictions are entitled to "redress over and above the existing tort remedies" once the indictments are dismissed. *See id.* § 8-b(1).

Simply put, to the extent that state law has any bearing on whether a vacatur pursuant to C.P.L. § 440.10(1)(g) and dismissal of the charges constitutes invalidation for *Heck* purposes, the plain reading of the relevant statutes and weight of New York law overwhelmingly supports the fact that such a vacatur and dismissal of the charges constitutes a complete "invalidation" of the conviction for *Heck* purposes. Indeed, that is the very conclusion the district court came to in the § 1983 wrongful conviction case arising out of the Central Park Jogger rape case. *See McCray v. City of New York*, Nos. 03 Civ. 9685, 9974, 10080 (DAB), 2007 WL 4352748, at *14 (S.D.N.Y. Dec. 11, 2007). In *McCray*, as here, plaintiffs' vacaturs were entered pursuant to C.P.L. § 440.10(1)(g) and the indictments were subsequently dismissed by consent of the D.A.'s office. *See People v. Wise*, 752 N.Y.S.2d 837 (N.Y. Sup. 2002). Yet, in *McCray*, the district court held that, while *Wallace* foreclosed the plaintiffs' § 1983 false arrest claims, the remainder of plaintiffs' § 1983 claims, which included federal malicious prosecution claims, were timely as they accrued only upon the favorable termination of the prosecution: i.e., the vacatur of their convictions and dismissal of the indictments. *See McCray*, 2007 WL 4352748, at *14. This is the precise result the court should reach here.

### C.    The Court Overlooked Binding Authority Holding that the § 1983 Due Process Claim for Unconstitutional Suppression and Fabrication of Evidence Is Timely

This Court also erred in applying *Wallace v. Kato*, rather than *Heck*, in determining when plaintiffs' § 1983 fair trial claim arising under the Fourteenth Amendment accrued. (D.E. 67 at 29.)[10]

---

[10] Count II of the Amended Complaint alleges that Nassau County Homicide Detectives suppressed favorable evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and

As this Court recognized, the Supreme Court distinguished in *Heck* between claims that sound in false arrest or imprisonment, which do not have a favorable termination requirement, and those that sound in malicious prosecution, which do. (D.E. 67 at 25-26.) However, the Court overlooked that *Wallace* provided an accrual rule for false imprisonment claims, *not* claims involving deprivation of liberty pursuant to the issuance of process:

> The sort of unlawful detention remediable by the tort of false imprisonment is detention *without legal process*, and the allegations before us arise from respondents' detention of petitioner *without legal process*. . . .  Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process* – when, for example, he is bound over by a magistrate or arraigned on charges.  Thereafter, unlawful detention forms part of the damages for the "entirely distinct" tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process. . . .  Thus, petitioner's . . . false imprisonment ended . . . when legal process was initiated against him . . .

*Wallace*, 549 U.S. at 389-90 (internal citations omitted, emphasis in original).  *Wallace* never addressed Fourteenth Amendment fair trial claims – claims for wrongful detention pursuant to legal process, i.e., the trial and conviction – but "expressly limited [its] grant of certiorari to the Fourth Amendment false-arrest claim," noting that all other claims "are not before us." 549 U.S. at 387 n.1.

In recognition that *Wallace* addresses the "distinctive rule" of accrual for false imprisonment claims, 549 U.S. at 389, post-*Wallace* courts uniformly apply *Heck* rather than *Wallace* to determine when Fourteenth Amendment fair trial claims accrue.[11]  For example in *Johnson v. Dossey*, the

---

fabricated inculpatory evidence to ensure plaintiffs' convictions of a crime they did not commit, in violation of the Fourteenth Amendment.  *See* HR D.E. 33 at 32-35.

[11] *See Jovanovic v. City of New York*, No. 04 CV 8437(PAC), 2008 WL 355515, at *3 (S.D.N.Y. Feb. 7, 2008) ("Defendants' argument that the logic and reasoning of *Wallace* subsumes the earlier decision in *Heck* is specious. *Wallace* is limited to false arrest claims. It is true that *Wallace* refused to apply the rule of *Heck* to false arrest claims, but in all other respects, *Heck* remains undisturbed and still controls Jovanovic's other § 1983 claims. Other federal courts considering the same arguments have come to the same conclusion."); *Doswell v. City of*

plaintiff's conviction was vacated and remanded; he was acquitted upon retrial and later filed a §

1983 wrongful conviction suit.  515 F.3d 778 (7th Cir. 2008).  The Seventh Circuit explicitly

rejected the notion that *Wallace* had any bearing on the accrual of Johnson's due process claims

based on the suppression of evidence:

> The defendants base their statute of limitations argument on *Wallace v. Kato,* 549 U.S. 384,
> 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). That case, however, deals with the accrual date of
> a § 1983 claim for false imprisonment which, the court said, was the date on which the
> defendant appeared before a magistrate and was bound over for trial. **A *Brady* claim, on the
> other hand, is not controlled by *Wallace* but rather by *Heck v. Humphrey*... It follows,
> then, that the claim based on a *Brady* violation did not accrue until Johnson was
> acquitted on September 2, 2005.**

*Id.* at 781-82 (emphasis added).  In keeping with this analysis, no court in the Second Circuit has

applied *Wallace*'s accrual rule to fair trial claims.  Plaintiffs' counsel have not found any cases

anywhere applying *Wallace*, rather than *Heck*, to fair trial claims, and neither defendants nor the

Court have cited any.

Plaintiffs seek damages for their wrongful detention pursuant to legal process: the criminal

prosecution and conviction fatally tainted by Defendants' unconstitutional misconduct. As a result,

*Heck* decrees that Mr. Restivo's and Mr. Halstead's Fourteenth Amendment fair trial claims did not

accrue until the favorable termination of the criminal proceedings on December 29, 2005, when the

---

*Pittsburgh,* No. 07 Civ. 761(DWA), 2007 WL 2907886, at *2 (W.D. Pa. Oct. 2, 2007)
("reject[ing] Defendants' attempt to read *Wallace* so expansively as to apply [it to] the remainder
of the § 1983 claims predicated upon malicious prosecution, fabrication of evidence, perjured
testimony, and the like"); *Cleary v. County of Macomb,* No. 06 Civ. 15505(PJD), 2007 WL
2669102, at *7-8 (E.D. Mich. Sep. 6, 2007) (holding § 1983 claims other than false arrest and
false imprisonment not time-barred under *Wallace* but accrued when charges were dismissed);
*Bibbins v. City of Baton Rouge*, 489 F. Supp.2d 562, 568-69 (M.D. La. 2007) (holding due
process "claims are not time barred by *Wallace*. Those claims fall within the context of *Heck* . . .
[and] touch on matters that would impugn his conviction-( *i.e.* claims of fabrication of evidence,
impermissibly suggesting an identification, failure to investigate). . . .").

14

indictment was finally dismissed.  As set forth above, this interpretation is dictated not only by *Heck* but also by *DiBlasio*, which held that an order which vacates a conviction but contemplates a retrial does not satisfy *Heck*'s favorable termination requirement absent an "indication of innocence."  102 F.3d at 658.

That is precisely what took place here.  The order vacating Plaintiffs' conviction did not dismiss the charges, but rather contemplated a retrial.  As Judge Ort held before the retrial of co-plaintiff John Kogut, the newly discovered scientific evidence that led to the vacatur of the conviction did not conclusively disprove the prosecution's theory of guilt. *See People v. Kogut*, No. 61029-85, 6 Misc.3d 1011(A), 800 N.Y.S.2d 353, 2004 WL 3118694, at *1 (N.Y. Sup. Dec. 1, 2004).  In acquitting Mr. Kogut after a bench trial, however, Judge Ort found that his confession was false, and that the only scientific evidence used against plaintiffs at their trials – the victim's hair purportedly found in John Restivo's van – had been planted.  (HR D.E. 33 ¶ 112.)  As a result of those findings, which along with the DNA exclusion did conclusively disprove the prosecution's theory of guilt, the indictment against Mr. Restivo and Mr. Halstead was finally dismissed on December 29, 2005.  Only at that time did the § 1983 claims accrue. *DiBlasio*, 102 F.3d at 658; *see also Stein*, 410 F. Supp. 2d at 178-80 (applying *DiBlasio* to find no favorable termination for a 14th Amendment due process (*Brady*) claim where plaintiff's conviction was vacated and remanded for a new trial and she subsequently plead guilty to a lesser included charge); *Leka v. City of New York*, 2006 WL 2819621 at *3 (S.D.N.Y. Sept. 29, 2006) ("Plaintiff's underlying charges had to be properly dismissed before Plaintiff's conviction could be considered 'terminated' for purposes of pursuing a § 1983 claim . . .  Plaintiff's claims could not, and did not, accrue until the state moved to dismiss the Indictment. . . .") (footnote omitted); *Clinton v. City of New York*, No. 98 CIV.

15

3810(JSM), 1999 WL 105026 at *1 (S.D.N.Y. Mar. 2, 1999) (§ 1983 *Monell* claim accrued upon

dismissal of indictment, not upon earlier vacatur of conviction).[12]

As Plaintiffs' fair trial claims require proof of favorable termination, the Court erred in

finding that these claims accrued in 2003 upon Plaintiffs' physical release from custody. (D.E. 67

at 29.)  But even under the Court's interpretation – that due process claims accrue "when the

underlying deprivation is terminated" (D.E. 67 at 29) – the claims did not accrue until the dismissal

of the indictments.  When an indictment is in effect, "the defendant no longer retains his complete

liberty.  Even if he is allowed to post bail, his liberty is subject to the conditions required by his bail

agreement. . . ." *U.S. v. Eight Thousand Eight Hundred and Fifty Dollars ($8,850) in U.S. Currency*,

461 U.S. 555, 564 (1983).[13] Here, neither Mr. Restivo nor Mr. Halstead was "free" as of their 2003

release: they were both subjected to supervised conditions of bail limiting their right to travel until

---

[12] In other Circuits, too, cases where a conviction was vacated and the case remanded for a new trial before charges were ultimately dismissed, also follow this rule.  *See Castellano v. Fragozo*, 352 F.3d 939, 959-60 (5th Cir. 2003); *Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 557 (10th Cir. 1999); *Olsen v. Correiro*, 189 F.3d 52, 69 (1st Cir. 1999); *Uboh v. Reno*, 141 F.3d 1000, 1007 (11th Cir. 1998); *Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996); *Mitchell v. City of Boston*, 130 F. Supp. 2d 201, 207, 209 (D. Mass. 2001).

[13] *See also Albright v. Oliver*, 510 U.S. 266, 278-279 (1994) (Ginsburg, J., concurring) ("A person facing serious criminal charges is hardly freed from the state's control upon his release from a police officer's physical grip. He is required to appear in court at the state's command. He is often subject, as in this case, to the condition that he seek formal permission from the court (at significant expense) before exercising what would otherwise be his unquestioned right to travel outside the jurisdiction. . .  Such a defendant is scarcely at liberty; he remains apprehended, arrested in his movements . . . so long as he is bound to appear in court and answer the state's charges."); *id.* at 294 (Stevens, J., dissenting) ("the liberty secured by the Fourteenth Amendment is significantly broader than mere freedom from physical constraint."); *Klopfer v. North Carolina*, 386 U.S. 213, 221-222 (1967) ("The petitioner is not relieved of the limitations placed upon his liberty by the prosecution merely because its suspension permits him to go whithersoever he will. The pendency of the indictment may subject him to public scorn and deprive him of employment and almost certainly will force curtailment of his speech, associations and participation in unpopular causes") (emphasis supplied).

16

the charges were finally dismissed on December 29, 2005 after Judge Ort made additional findings proving their innocence.[14] Thus, the deprivation continued until that date, and the due process claim was timely filed within three years thereafter.

## IV.    The Court Erred In Dismissing the *Monell* Claims for Lack of Proof

Finally, the Court applied the wrong legal standard in dismissing Count VII, the § 1983 claim against Nassau County pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1977) in holding that plaintiffs "fail to prove the necessary elements of a Section 1983 claim against a municipality," D.E. 33 at 34. "It is important to recognize the difference between disposing of a case on a [motion to dismiss] and resolving the case later in the proceedings, for example by summary judgment." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). Evidence is required on summary judgment, *see* Fed. R. Evid. 56, but as the Court noted, none is required at this preliminary stage; rather, in assessing a motion to dismiss, "[a] district court . . . must 'accept all of plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff.'" D.E. 67 at 12 (quoting *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 202 (2d Cir. 1999). To survive a Rule 12(c) motion, "a complaint must plead . . . 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" D.E. 67 at 11-12 (quoting *Ashcroft v. Iqbal*, — U.S. — , 129 S. Ct. 1937, 1949 (2009)).

---

[14] Plaintiffs would respectfully seek leave to replead facts about bail in a Second Amended Complaint should the Court deem it necessary. For now, the Court can take judicial notice of the adjudicatory fact that plaintiffs were subjected to court-ordered bail conditions limiting their travel pending the dismissal of charges. *See* Fed. R. Evid. 201(d). These documents are attached as Exhibit A.

17

The *Monell* claim is amply pled, and sets out facts identical to those this Court held were sufficient to withstand the higher summary judgment standard in a prior § 1983 wrongful conviction case, *Shonnard Lee v. Nassau County et al.*, No. 00-CV-881 (JS)(WDW), Slip op. July 11, 2003 at pp. 25-27 (attached as Exhibit B). In *Lee*, this Court considered the plaintiff's evidence of "other cases in which criminal defendants were eventually acquitted after alleging similar police misconduct," including "Robert Moore, Blair Garner, Michael Prince, and [Shonnard Lee], from whom Nassau County police "elicit[ed] knowingly false confessions" pursuant to County policy and practice. Ex. B at 26-27. Summary judgment was denied because, this Court found, "[t]hese accusations may be sufficient to demonstrate a 'persistent and widespread' custom or practice employed by the Nassau County government or its law enforcement. Plaintiff's statements concerning the alleged county-wide practice that has been prevalent in these four instances create genuine issues of material fact. . . ." *Id.* at 27.

Mr. Restivo and Mr. Halstead pled the same facts regarding the unconstitutional interrogations and ultimate dismissal of criminal charges against the same four criminal defendants (Robert Moore, Shonnard Lee, Blair Garner, Michael Prince, as well as a fifth, Jose Martinez) in support of the *Monell* claim here. *See* HR D.E. 33 at ¶116, ¶ 115-18, 161 (incorporating prior factual allegations by reference into *Monell* claim), ¶¶162-164. If the facts presented about these four cases were sufficient to survive the higher summary judgment standard in *Lee*, then they, plus the allegations in the fifth case, Martinez, must be sufficient to withstand a motion to dismiss under Rule 12(c)'s lower standard. *See Chance*, 143 F.3d at 701 ("The case before us should not have been dismissed for failure to state a claim. Stanley Chance might not be able to prove his claims at trial. And even at the summary judgment stage, it may well become clear that Chance cannot proffer

18

sufficient proof to create genuine issues of material fact. But in his complaint, he has alleged facts that are not impossible to prove and that, if demonstrated, would state a legally cognizable claim.").

## Conclusion

For all the foregoing reasons, the Court should grant oral argument and reconsider its dismissal of plaintiffs' state-law malicious prosecution claim and all § 1983 claims, which under binding authorities accrued upon the December 29, 2005 dismissal of the indictment, were timely filed, and amply pled.

Dated: August 18, 2009

Respectfully submitted,

Barry C. Scheck
Deborah L. Cornwall
Monica R. Shah
Anna Benvenutti Hoffmann
NEUFELD SCHECK & BRUSTIN, LLP
99 Hudson St., 8th Floor
New York, NY 10013
Tel. (212) 965-9081

**Attorneys for plaintiffs John Restivo, Dennis Halstead, Melissa Lullo, Jason Halstead, Taylor Halstead and Heather Halstead**

19

**Certificate of Service**

I hereby certify that a true and accurate copy of Plaintiffs John Restivo and Dennis Halstead's Motion and Memorandum of Law in Support of Motion to Reargue or Reconsider Pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule 6.3 was served via ECF, on August 18, 2009, upon:

Ms. Liora Ben-Sorek, Esq.
Office of the County Attorney
County of Nassau
Ralph G. Caso Executive and Legislative
Building
One West Street
Mineola, New York 11501-4820

Mr. Paul Casteleiro                  Mr. Anthony M. Grandinette
200 Washington Street              Grandinette & Serio, LLP
5th Floor                                114 Old Country Rd., Suite 420
Hoboken, New Jersey 07030       Mineola, NY 11501
Fax: 201-656-4688                   Fax: 516-294-5348

Elizabeth Daniel

20