```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOHN KOGUT,

                Plaintiff,
                                              MEMORANDUM AND ORDER
        -against-                             06-CV-6695 (JS)(WDW)
                                              (LEAD CASE)
THE COUNTY OF NASSAU, POLICE
COMMISSIONER DONALD KANE, POLICE
COMMISSIONER WILLIAM J. WILLETT (2005),
POLICE COMMISSIONER JAMES LAWRENCE,
DETECTIVE SEAN SPILLANE (HEAD OF HOMICIDE
1985), DETECTIVE DENNIS FARRELL (HEAD OF
HOMICIDE 2005), DETECTIVE JOSEPH VOLPE,
DETECTIVE ROBERT DEMPSEY, DETECTIVE ALBERT
MARTINO, DETECTIVE WAYNE BIRDSALL,
DETECTIVE MILTON G. GRUBER, DETECTIVE
CHARLES FRAAS, DETECTIVE FRANK SIRIANNI,
DETECTIVE HARRY WALTMAN, P.O. MICHAEL
CONNAUGHTON, P.O. WILLIAM DIEHL, and
JOHN DOES 1-5,

                Defendants.
----------------------------------------X
JOHN RESTIVO, DENNIS HALSTEAD,
MELISSA LULLO, JASON HALSTEAD,
HEATHER HALSTEAD and TAYLOR
HALSTEAD,
                                              06-CV-6720(JS)(WDW)
                Plaintiffs,                   (MEMBER CASE)

        - against -

NASSAU COUNTY, JOSEPH VOLPE, in his
individual capacity, ROBERT DEMPSEY,
in his individual capacity, FRANK SIRIANNI,
in his individual capacity, MILTON GRUBER,
in his individual capacity, HARRY WALTMAN
in his individual capacity, ALBERT MARTINO,
in his individual capacity, CHARLIE FRAAS,
in his individual capacity, THOMAS ALLEN
in his individual capacity, RICHARD BRUSA,
in his individual capacity, VINCENT DONNELLY,
in his individual capacity, MICHAEL
CONNAUGHTON, in his individual capacity,
WAYNE BIRDSALL, in his individual capacity,
WILLIAM DIEHL, in his individual capacity,
JACK SHARKEY, in his individual capacity,
```

DANIEL PERRINO, in his individual capacity,
ANTHONY KOZIER, in his individual capacity,
Detective Sergeant CAMPBELL, (Shield #48),
in his individual capacity, SEAN SPILLANE,
in his individual capacity, RICHARD ROE
SUPERVISORS #1-10, in their individual
capacities,

                    Defendants.
----------------------------------------X

APPEARANCES:
For Plaintiffs:

| | |
|---|---|
| John Kogut | Anthony M. Grandinette, Esq.<br>Grandinette & Serio, LLP<br>114 Old Country Road, Suite 420<br>Mineola, NY 11501 |
| | Paul Casteleiro, Esq.<br>200 Washington Street, Suite 500<br>Hoboken, NJ 07030 |
| John Restivo,<br>Dennis Halstead,<br>Melissa Lullo,<br>Jason Halstead,<br>Heather Halstead,<br>and Taylor<br>Halstead | Barry C. Scheck, Esq.<br>Deborah L. Cornwall, Esq.<br>Monica R. Shah, Esq.<br>Nick Joel Brustin, Esq.<br>Anna Benvenutti Hoffman, Esq.<br>Cochran, Neufeld & Scheck, LLP<br>99 Hudson Street, 8th Floor<br>New York, New York 10013 |
| For Defendants: | Liora M. Ben-Sorek, Esq.<br>Sondra Meryl Toscano, Esq.<br>Office of the Nassau County Attorney<br>One West Street<br>Mineola, NY 11501 |

SEYBERT, District Judge:

    On December 10, 2009, the Court held oral argument on Plaintiffs' motions for reconsideration. At the outset of that proceeding, the Court asked the Plaintiffs, on the record, to which claims their motions applied. The next day, the Court issued a Memorandum and Order Granting in part and Denying in part

2

Plaintiffs' motions for reconsideration ("December 11 Order"). In that Order, the Court memorialized its prior conversation with Plaintiffs' counsel, held at the proceeding, as to which claims remained dismissed:

> To be clear, Kogut does not seek reconsideration of his conspiracy claim, none of the Plaintiffs seek reconsideration of their false arrest and false imprisonment claims, Halstead's Children do not seek reconsideration of their claims for loss of familial association; and Restivo and Halstead do not seek reconsideration for their claims based on (1) failure to intercede; (2) intentional or reckless infliction of emotional distress; (3) negligent infliction of emotional distress; (4) negligent supervision; and (5) respondeat superior. Thus, these claims remain DISMISSED.

(Dec. 11 Order 10, n.8.) On December 15, 2009, counsel for Plaintiffs Restivo and Halstead submitted a letter to the Court, seeking clarification of the December 11 Order as it applies to their respondeat superior claims against Nassau County.

Based on the December 10 proceeding and the Court's December 11 Order, Restivo and Halstead's claims for respondeat superior based on their state law malicious prosecution claims remain DISMISSED. This in no way, however, affects the County's potential liability under any of Plaintiffs' remaining theories.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December 21, 2009
Central Islip, New York