```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOHN KOGUT,

                Plaintiff,
                                                    MEMORANDUM AND ORDER
        -against-                                   06-CV-6695 (JS)(WDW)
                                                    (LEAD CASE)
THE COUNTY OF NASSAU, POLICE
COMMISSIONER DONALD KANE, POLICE
COMMISSIONER WILLIAM J. WILLETT (2005),
POLICE COMMISSIONER JAMES LAWRENCE,
DETECTIVE SEAN SPILLANE (HEAD OF HOMICIDE
1985), DETECTIVE DENNIS FARRELL (HEAD OF
HOMICIDE 2005), DETECTIVE JOSEPH VOLPE,
DETECTIVE ROBERT DEMPSEY, DETECTIVE ALBERT
MARTINO, DETECTIVE WAYNE BIRDSALL,
DETECTIVE MILTON G. GRUBER, DETECTIVE
CHARLES FRAAS, DETECTIVE FRANK SIRIANNI,
DETECTIVE HARRY WALTMAN, P.O. MICHAEL
CONNAUGHTON, P.O. WILLIAM DIEHL, and
JOHN DOES 1-5,

                Defendants.
----------------------------------------X
JOHN RESTIVO, DENNIS HALSTEAD,
MELISSA LULLO, JASON HALSTEAD,
HEATHER HALSTEAD and TAYLOR
HALSTEAD,
                                                    06-CV-6720(JS)(WDW)
                Plaintiffs,                         (MEMBER CASE)

        - against -

NASSAU COUNTY, JOSEPH VOLPE, in his
individual capacity, ROBERT DEMPSEY,
in his individual capacity, FRANK SIRIANNI,
in his individual capacity, MILTON GRUBER,
in his individual capacity, HARRY WALTMAN
in his individual capacity, ALBERT MARTINO,
in his individual capacity, CHARLIE FRAAS,
in his individual capacity, THOMAS ALLEN
in his individual capacity, RICHARD BRUSA,
in his individual capacity, VINCENT DONNELLY,
in his individual capacity, MICHAEL
CONNAUGHTON, in his individual capacity,
WAYNE BIRDSALL, in his individual capacity,
WILLIAM DIEHL, in his individual capacity,
JACK SHARKEY, in his individual capacity,
DANIEL PERRINO, in his individual capacity,
ANTHONY KOZIER, in his individual capacity,
```

Detective Sergeant CAMPBELL, (Shield #48),
in his individual capacity, SEAN SPILLANE,
in his individual capacity, RICHARD ROE
SUPERVISORS #1-10, in their individual
capacities,

                     Defendants.
----------------------------------------X

APPEARANCES:
For Plaintiffs:

| | |
|---|---|
| John Kogut | Anthony M. Grandinette, Esq.<br>Grandinette & Serio, LLP<br>114 Old Country Road, Suite 420<br>Mineola, NY 11501 |
| | Paul Casteleiro, Esq.<br>200 Washington Street, Suite 500<br>Hoboken, NJ 07030 |
| John Restivo,<br>Dennis Halstead,<br>Melissa Lullo,<br>Jason Halstead,<br>Heather Halstead,<br>and Taylor<br>Halstead | Barry C. Scheck, Esq.<br>Deborah L. Cornwall, Esq.<br>Monica R. Shah, Esq.<br>Nick Joel Brustin, Esq.<br>Anna Benvenutti Hoffman, Esq.<br>Cochran, Neufeld & Scheck, LLP<br>99 Hudson Street, 8th Floor<br>New York, New York 10013 |
| For Defendants: | Liora M. Ben-Sorek, Esq.<br>Sondra Meryl Toscano, Esq.<br>Office of the Nassau County Attorney<br>One West Street<br>Mineola, NY 11501 |

SEYBERT, District Judge:

      Plaintiffs commenced these actions 06-CV-6695 and 06-CV-6720 on December 19, 2006, and December 21, 2006, respectively. Subsequently, the Court consolidated both cases into the earlier-filed action. Kogut, Restivo, and Halstead base the majority of their claims against Nassau County ("County") and various Nassau County Police Department ("NCPD") officers and supervisors (collectively "Defendants") on 42 U.S.C. § 1983, alleging, <u>inter</u> <u>alia</u>, malicious prosecution, false arrest, and false imprisonment. Additionally,

2

Kogut, Restivo, and Halstead assert 14th Amendment due process violations, and a variety of state claims stemming from their prior interrogations, arrests, and subsequent state prosecutions.

On August 27 and 28, 2008, Defendants moved to dismiss both actions. In an Order dated August 3, 2009 ("August 2009 Order"), the Court granted in part and denied in part Defendants' motions. In an Order dated December 11, 2009 ("December 2009 Order"), the Court granted in part and denied in part Plaintiffs' motions for reconsideration. Approximately two months later, on February 4, 2010, Defendants filed a letter motion seeking certification of interlocutory appeal pursuant to 28 U.S.C. § 1292.

Section 1292 of Title 28 of the United States Code permits federal district courts to certify controlling issues of law for immediate appeal. It provides:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: <u>Provided</u>, <u>however</u>, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (emphasis in original). The court should not freely certify orders involving the sufficiency of pleadings, see <u>Gottesman v. General Motors Corp.</u>, 268 F.2d 194, 196 (2d Cir. 1959), in part because

3

"[i]nherent in the requirements of section 1292(b) [certification] is that the issue certified be ripe for judicial determination." <u>Oneida Indian Nation of New York State v. County of Oneida</u>, 622 F.2d 624, 628 (2d Cir. 1980). "Where the record has not yet developed far enough to permit considered appellate disposition of the claim presented, the case may not be 'ripe' for interlocutory review." <u>Able v. United States</u>, 870 F. Supp. 468, 471 (E.D.N.Y. 1994) (citing <u>Paschall v. Kansas City Star Co.</u>, 605 F.2d 403, 406 (8th Cir. 1979)("Consideration of the factual basis must be such that a sound premise exists upon which the legal issues can be determined with precision").

In this case, putting aside the fact that Defendants' motion is likely untimely,[1] Defendants have provided the Court with an insufficient basis to demonstrate that there is a substantial ground for difference of opinion surrounding the controlling issues of law decided in the December 2009 Order. In short, Defendants' current motion is just another rehash of its prior papers, arguing over and over the

---

[1] Section 1292(b) provides that a motion for leave to appeal must be filed with the court of appeals within ten days after the district court issues an order approving the interlocutory appeal. Thus, the statute itself does not provide a time limit for when the moving party must file its motion with the district court. Nevertheless, courts have found that the party seeking interlocutory appeal cannot unreasonably delay in its application. See <u>Green v. City of New York</u>, No. 05-CV-0429, 2006 WL 3335051, at *2 (E.D.N.Y. Oct. 23, 2006) (stating that § 1292(b) certification motion made two months after order was untimely); <u>Ferraro v. Sec'y of U.S. Dept. of Health and Human Servs</u>, 780 F. Supp. 978, 979 (E.D.N.Y. 1992) (denying § 1292(b) certification where "there was no justification for plaintiff's [two-and-a-half-month] delay in requesting certification[,]" and noting the delay "[was] an indication that the saving of time [was] of little concern in this case"); <u>see</u> <u>also</u> <u>Weir v. Propst</u>, 915 F.2d 283, 287 (7th Cir. 1990) (finding district court abused its discretion in granting § 1292(b) certification requested three months after the order appealed with no justification for the delay).
   Plaintiffs argue that Defendants' application is untimely and state that the Defendants have failed to give an excuse for their delay. In reply, Defendants give the court a litany of excuses, none of which are availing, as to why they delayed. Most shockingly, the Defendants state that, because of personnel changes, they "needed time to get up to speed" on the case. Defendants have had close to four years since the beginning of this case, and arguably since 1985, to get up to speed.

same points.  Defendants state:

> We believe that this and other court decisions conflating invalidity and favorable termination have misapplied Heck and that the most coherent reading of that precedent is that it creates a threshold invalidity requirement different from and in addition to the favorable termination element.

(Defs' Letter in Supp. 3.)  Yet, Defendants provide the Court with <u>no cases</u> demonstrating the alleged misapplication or correct application, for that matter, of the <u>Heck</u> standard in a case similar to the one before the Court.  Defendants' "belief" is not grounds for certification under Section 1292.

Moreover, this case is approaching the four-year mark, and has barely progressed through discovery, because of Defendants' repeated dilatory conduct.  Section 1292 certification of this case would only serve to impede the advancement of this case further, which is directly opposite the statute's intentions.

<u>CONCLUSION</u>

For the reasons discussed above, Defendants' motion is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    March   8  , 2010
          Central Islip, New York

5