# Exhibit G

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

JOHN KOGUT,

        Plaintiff,

v.

THE COUNTY OF NASSAU, et al.,

        Defendants,

**No. CV-06-6695**
(Seybert, J.)
(Wall, M.J.)

JOHN RESTIVO, et al.,

        Plaintiffs,

v.

THE COUNTY OF NASSAU, et al,

        Defendants.

## PLAINTIFFS' EIGHTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs demand that Defendants produce documents responsive to the following requests within thirty days of service of this demand. As required by Rule 26(e), Defendants must promptly amend or supplement answers or disclosures within thirty days after additional information or material is acquired, and in no event later than thirty days before trial.

1

It is required that the defendant party's answers restate each document request in full before responding to it. It is required that each document request be accorded a separate answer. Each response shall first set forth <u>verbatim</u> the document request to which it is responsive. Requests or subparts thereof shall not be combined for the purpose of supplying a common answer. The answer to a document request or subpart must not be supplied by referring to the answer to another request for documents unless the request for documents or subpart referred to supplies a complete and accurate answer to the request for documents or subpart being answered.

It is further required that all documents produced appear in the form, order, and condition that they are in on the day that these document requests are served, including all comments, notes, remarks, or other materials which may have been added to documents subsequent to their initial preparation. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form. Documents not otherwise responsive to a request shall be produced if such documents refer to, relate to, or explain the documents called for in this Request, or if such documents are attached to documents called for in this Request and constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar documents.

If documents are not in your possession but within your control, you are required to comply with the definition and instructions for "control" below. If you object to any request on the grounds of privilege, your response must identify the nature of the responsive information and specify the claimed privilege in a log, consistent with Rule 26(b)(5).

## DEFINITIONS

The following definitions and principles shall be deemed to have the meaning set forth herein, and are incorporated herein and throughout this and each succeeding set of discovery requests, if any, as though fully set forth at length, unless expressly stated to the contrary.

A. The term, "document" includes, without limitation, writings, memoranda, transcripts, docket entries, exhibits, drawings, graphs, charts, photographs, phono records, tapes, computer files, datebooks, time sheets, logs, electronic or computerized data compilations, and any other data compilation from which information can be obtained. A draft or non-identical copy is a separate document within the meaning of this term.

B. The term "communication" shall include documents and any oral statements made or transmitted by any person.

C. The term "person" shall refer to any natural person or persons, and any firm, corporation, association, partnership, or any other form of legal entity, unless expressly stated otherwise.

D. The term "you" refers to the party to whom these requests to admit are propounded, its agents, employees, representatives, and attorneys, and those employed by its attorneys.

E. "Control" shall be defined so as to apply to any document, if you have the right to secure the document or a copy thereof from another person or public or private entity having actual possession thereof. If a document is responsive to a request for identification or production and is in your control, but is not in your possession or custody, identity the person

in possession or custody. If any document was, but is no longer, in your possession or subject to your control, state what disposition was made of it, by whom, and the date or dates or approximate date or dates on which such disposition was made, and why.

F. Where the term "identify" is used in reference to an individual or person, it includes the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. In reference to a document or writing, the term "identify" calls for a description of the type of document or writing, its general subject matter, the date it bears, the author, the present or last known location, the date of transfer, and the custodian, including the same identifying information for the custodian as required for all "persons" as set forth in this paragraph above.

## REQUEST FOR PRODUCTION

51. To the extent not already produced, disclose a true and correct copy of the complete NCPD missing person's file on Kelly Morrissey (NCPD No. 14681-84), who was first reported missing on June 13, 1984 (Lynbrook PD No. 563-84), including without limitation the complete Juvenile Aid Bureau investigation report (No. 5-423-84), any and all memobooks, notes, reports, interviews, statements, prepolygraph interview worksheets, polygraph charts, cards and reports, and memoranda.

52. To the extent not already produced, disclose true and correct copies of the complete NCPD homicide file on Kelly Morrissey and/or NCPD homicide file No. 330-85, including without limitation any and all memobooks, notes, reports, interviews, statements, prepolygraph interview worksheets, polygraph charts, cards and reports, and memoranda, affidavits, warrant applications, warrants, returns on warrants, photographs,

identification procedures, admissions, telephone logs, wiretap records, eavesdropping logs, and forensic testing with results.

53. To the extent not already produced in response to Request Nos. 1 and 3 of Plaintiff's First set of RFPs, disclose true and correct copies of any and all documents concerning, referring to or pertaining to Kelly Morrissey in the NCPD homicide file on Theresa Fusco (NCPD No. 2222-84).

54. To the extent not already produced in response to Requests No. 23, 24 and 25 of Plaintiff's First set of RFPs, disclose true and correct copies of any and all documents concerning, referring to or pertaining to John Restivo, Dennis Halstead and/or John Kogut in connection with the disappearance and/or murder of Kelly Morrissey.

55. Whether or not previously disclosed in any prior production, disclose true and correct copies of any and all documents pertaining to the disappearance and/or murder of Kelly Morrissey in the custody and control of civil attorneys representing Nassau County in connection with the above-captioned suit, including without limitation counsel in the Nassau County Attorney's Office and counsel at the law firm of Freeman, Ginsberg & Nooter, P.C.

56. To the extent not already produced in response to Request No. 46 of Plaintiff's Sixth Set of RFPs, produce true and correct copies of documents in the custody and control of civil attorneys representing Nassau County in connection with the above-captioned suit, including without limitation counsel in the Nassau County Attorney's Office and counsel at the law firm of Freeman, Ginsberg & Nooter, P.C.. reflecting, concerning or regarding witnesses interviewed or attempted to be interviewed by any employee, agent or investigator of the NCPD, Nassau County District Attorney's Office or Nassau County

Attorney's Office from December 28, 2006 through the present in connection with a) the above-referenced matter, b) the rape and murder of Theresa Fusco, or c) the disappearance and/or murder of Kelly Morrissey.

57. To the extent not already produced in response to Request No. 3 of Plaintiff's First set of RFPs, produce true and correct copies of any and all documentation reflecting, concerning or regarding surveillance of John Restivo, Dennis Halstead, John Kogut, their attorneys or investigators from December 28, 2006 through the present, including without limitation, warrant applications, warrants, returns on warrants, eavesdropping logs, wiretaps, photographs, memoranda, notes, reports, transcripts and recordings.

58. To the extent not produced in response to Requests No. #10-13 of Plaintiff's First set of RFPs, produce true and correct copies of any and all documents in the custody or control of the Nassau County Police Department Homicide Unit and Nassau County District Attorney's Office pertaining to the investigation and prosecution of Mark W. Leaver for murder and robbery (date of conviction 5/22/85), including without limitation handwritten notes, log books, blotter pages, interviews, reports, statements, confessions, videotapes, *Miranda* cards, 262 reports, supplement reports, *Huntley* hearing and other court transcripts, opinions, complaints, and internal reports regarding allegations of misconduct during interrogations.

59. Any and all documents in the custody or control of the Nassau County Police Department Homicide Unit and Nassau County District Attorney's Office pertaining to the investigation and prosecution of defendant Willia Dyla for the homicide of Valerie Abney (DOD 3/28/82), including without limitation handwritten notes, log books, blotter pages, interviews, reports, statements, confessions, videotapes, *Miranda* cards, 262

reports, supplement reports, *Huntley* hearing and other court transcripts, opinions, complaints, and internal reports regarding allegations of misconduct during interrogations.

60. Any and all documents in the custody or control of the Nassau County Police Department Homicide Unit and Nassau County District Attorney's Office pertaining to the investigation and prosecution of defendant Andre Galloway for the attempted murder of Valine Winfrey (DOD 4/9/85), including without limitation handwritten notes, log books, blotter pages, interviews, reports, statements, confessions, videotapes, *Miranda* cards, 262 reports, supplement reports, *Huntley* hearing and other court transcripts, opinions, complaints, and internal reports regarding allegations of misconduct in connection with interrogations.

61. Any and all documents in the custody or control of the Nassau County Police Department Homicide Unit and Nassau County District Attorney's Office pertaining to the investigation and prosecution of defendant Charles Clink for the robbery of the General Oil Distributors in Far Rockaway, Queens, and the murder of Arthur Licurse (date of crime: 6/30/84), including without limitation handwritten notes, log books, blotter pages, interviews, reports, statements, confessions, videotapes, *Miranda* cards, 262 reports, supplement reports, *Huntley* hearing and other court transcripts, opinions, complaints, and internal reports regarding allegations of misconduct in connection with interrogations.

62. Any and all documents in the custody or control of the Nassau County Police Department and Nassau County District Attorney's Office pertaining to the investigation and prosecution of defendant Robert Eisemann for sodomy (date of arrest 8/8/85), including

without limitation handwritten notes, log books, blotter pages, interviews, reports, statements, confessions, Miranda cards, 262 reports, supplement reports, *Huntley* hearing and other court transcripts, opinions, complaints, and internal reports regarding allegations of misconduct in connection with interrogations.

63. Any and all documents in the custody or control of the Nassau County Police Department Homicide Unit and Nassau County District Attorney's Office pertaining to the investigation and prosecution of defendant Darryl Grate for robbery of General Oil Distributors and the murder of Arthur Licurse (date of crime: date of confession 7/30/84), including without limitation handwritten notes, log books, blotter pages, interviews, reports, statements, confessions, videotapes, *Miranda* cards, 262 reports, supplement reports, *Huntley* hearing and other court transcripts, opinions, complaints, and internal reports regarding allegations of misconduct in connection with interrogations.

Plaintiffs reserve the right to supplement and amend the foregoing requests for production of documents; and, in addition, they reserve the right to utilize other discovery mechanisms available to them.

Dated: January 14, 2011
New York, New York

Sincerely,

By: /s/ Barry C. Scheck
Barry C. Scheck
Deborah L. Cornwall
Anna Benvenutti Hoffmann
NEUFELD SCHECK & BRUSTIN, LLP
99 Hudson Street, 8th Floor
New York, New York 10013
Tel: (212) 965-9081
***Attorneys for Plaintiffs John Restivo and Dennis Halstead***