# Exhibit H

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

JOHN KOGUT,

                Plaintiff,

v.

THE COUNTY OF NASSAU, et al.,

                Defendants,

JOHN RESTIVO, et al.,

                Plaintiffs,

v.

THE COUNTY OF NASSAU, et al,

                Defendants.

No. CV-06-6695
(Seybert, J.)
(Wall, M.J.)

---

## DEFENDANTS' RESPONSE TO PLAINTIFFS' EIGHTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS

Defendants The County of Nassau, Police Commissioner James Lawrence, Detective Sean Spillane, Detective Dennis Farrell, Detective Joseph Volpe, Detective Robert Dempsey, Detective Albert Martino, Detective Wayne Birdsall, Detective Charles Fraas, Detective Frank Sirianni, Harry Waltman, P.O. Michael Connaughton, P.O. William Diehl, Thomas Allan, Richard Brusa, Jack Sharkey, Daniel Perrino and Detective Sergeant Campbell (hereinafter collectively referred to as the "Defendants"), respond to Plaintiffs' Eighth Set of Requests for Production of Documents and Things to Defendants, as follows:

## PRELIMINARY STATEMENT AND OBJECTIONS

To the extent that any responses are provided, the answering Defendants recognize and will abide by the definitions and rules of construction set forth in the Joint Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York. Answering Defendants are responding to plaintiff's discovery requests pursuant to Federal Rules of Civil Procedure 26, 33 and/or 34 and, in answering the document production request, are interpreting words used by plaintiffs according to their ordinary and normal meaning.

The following responses are provided without prejudice to the answering Defendants' rights to produce evidence of any subsequently discovered facts. Answering Defendants specifically reserve the right to amend, modify and/or supplement any and all responses herein as additional facts are ascertained, analyses made, legal research completed, expert opinions exchanged, and contentions formulated.

The answering Defendants object to the plaintiffs' eighth set of requests for production of documents and things to the extent that they are vague, overly broad, unduly burdensome, not sufficiently limited in time or scope, seek irrelevant information and are not reasonably calculated to lead to the discovery of admissible evidence.

The answering Defendants further object to plaintiffs' eighth set of requests for production of documents and things to the extent that they call for information that is protected from discovery by the attorney work-product doctrine, the attorney-client privilege or any other evidentiary privilege.

By responding to any requests, the answering Defendants do not admit or concede the relevance, materiality or admissibility of the information or documents sought and do not waive, but rather, expressly reserve any and all objections to admissibility on the grounds of relevance, materiality or privilege. The answering Defendants reserve the right to supplement and/or amend the objections and responses as further information and/or documents are obtained, and as discovery continues in this matter.

## RESPONSES

**51.** To the extent not already produced, disclose a true and correct copy of the complete NCPD missing person's file on Kelly Morrissey (NCPD No. 1 4681 -84), who was first reported missing on June 13, 1984 (Lynbrook PD No. 563-84), including without limitation the complete Juvenile Aid Bureau investigation report (No. 5-423-84), any and all memo books, notes, reports, interviews, statements, prepolygraph interview worksheets, polygraph charts, cards and reports, and memoranda.

### Response to Request Number 51:

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Further the information sought is part of an ongoing investigation covered by a law enforcement privilege. To the extent plaintiffs are entitled to such documents, they have already been produced.

**52.** To the extent not already produced, disclose true and correct copies of the complete NCPD homicide file on Kelly Morrissey and/or NCPD homicide file No. 330-85, including without limitation any and all memobooks, notes, reports, interviews, statements, prepolygraph interview worksheets, polygraph charts, cards and reports, and memoranda, affidavits, warrant applications, warrants, return on warrants, photographs, identification procedures, admissions, telephone logs, wiretap records, eavesdropping logs, and forensic testing with results.

**Response to Request Number 52:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Further the information sought is part of an ongoing investigation covered by a law enforcement privilege. To the extent plaintiffs are entitled to such documents, they have already been produced.

**53.** To the extent not already produced in response to Request Nos. 1 and 3 of Plaintiff's First set of RFPs, disclose true and correct copies of any and all documents concerning, referring to or pertaining to Kelly Morrissey in the NCPD homicide file on Theresa Fusco (NCPD No. 2222-84).

**Response to Request Number 53:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible

evidence. Defendants further object to this Request as it is unreasonably cumulative and duplicative given the complete NCPD homicide file No. 2222-84 has previously been produced to Plaintiffs. Further the information sought is part of an ongoing investigation covered by a law enforcement privilege.

**54.** To the extent not already produced in response to Requests No. 23, 24 and 25 of Plaintiff's First set of RFPs, disclose true and correct copies of any and all documents concerning, referring to or pertaining to John Restivo, Dennis Halstead and/or John Kogut in connection with the disappearance and/or murder of Kelly Morrissey.

**Response to Request Number 54:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request as it is unreasonably cumulative and duplicative given the complete NCPD homicide file No. 2222-84 has previously been produced to Plaintiffs. Further the information sought is part of an ongoing investigation covered by a law enforcement privilege.

**55.** Whether or not previously disclosed in any prior production, disclose true and correct copies of any and all documents pertaining to the disappearance and/or murder of Kelly Morrissey in the custody and control of civil attorneys representing Nassau County in connection with the above-captioned suit, including without

limitation counsel in the Nassau County Attorney's Office and counsel at the law firm of Freeman, Ginsberg and Nooter, P.C.

**Response to Request Number 55:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request as it is unreasonably cumulative and duplicative given the complete NCPD homicide file No. 2222-84 has previously been produced to Plaintiffs. Further the information sought is part of an ongoing investigation covered by a law enforcement privilege. Defendants object in so far as this request seeks disclosure of information that is protected by the attorney-client and/or attorney work product privileges.

**56.** To the extent not already produced in response to Request No. 46 of Plaintiff's Sixth Set of RFPs, produce true and correct copies of documents in the custody and control of civil attorneys representing Nassau County in connection with the above-captioned suit, including without limitation counsel in the Nassau County Attorney's Office and counsel at the law firm of Freeman, Ginsberg & Nooter, P.C., reflecting, concerning or regarding witnesses interviewed or attempted to be interviewed by any employee, agent or investigator of the NCPD, Nassau County District Attorney's Office or Nassau County Attorney's Office from December 28, 2006 through the present in connection with a) the above-referenced matter, b) the rape and murder of Theresa Fusco, or c) the disappearance and/or murder of Kelly Morrissey.

**Response to Request Number 56:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request as it is unreasonably cumulative and duplicative given the complete NCPD homicide file No. 2222-84 has previously been produced to Plaintiffs. Further the information sought is part of an ongoing investigation covered by a law enforcement privilege.

**57.** To the extent not already produced in response to Request No. 3 of Plaintiff's First set of RFPs produce true and correct copies of any and all documentation reflecting, concerning or regarding surveillance of John Restivo, Dennis Halstead, John Kogut, their attorneys or investigators from December 28, 2006 through the present, including without limitation, warrant applications, warrants, return on warrants, eavesdropping logs, wiretaps, photographs, memoranda, notes, reports, transcripts and recordings.

**Response to Request Number 57:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request as it is unreasonably cumulative and duplicative given the complete NCPD homicide file No. 2222-84 has previously

been produced to Plaintiffs. Further the information sought is part of an ongoing investigation covered by a law enforcement privilege.

**58.** To the extent not produced in response to Requests No. #10-13 of Plaintiff's First set of RFPs, produce true and correct copies of any and all documents in the custody or control of the Nassau County Police Department Homicide Unit and Nassau County District Attorney's Office pertaining to the investigation and prosecution of Mark W. Leaver for murder and robbery (date of conviction 5/22/85), including without limitation handwritten notes, log books, blotter pages, interviews, reports, statements, confessions, videotapes, *Miranda* cards, 262 reports, supplement reports, *Huntley* hearing and other court transcripts, opinions, complaints, and internal reports regarding allegations of misconduct during interrogations.

## Response to Request 58:

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Further the information sought is covered by a law enforcement privilege.

**59.** Any and all documents in the custody or control of the Nassau County Police Department Homicide Unit and Nassau County District Attorney's Office pertaining to the investigation and prosecution of defendant Willia Dyla for the homicide of Valerie Abney (DOD 3/28/82), including without limitation handwritten notes, log

books, blotter pages, interviews, reports, statements, confessions, videotapes, *Miranda* cards, 262 reports, supplement reports, *Huntley* hearing and other court transcripts, opinions, complaints, and internal reports regarding allegations of misconduct during interrogations.

**Response to Request 59:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Further the information sought is covered by a law enforcement privilege.

**60.** Any and all documents in the custody or control of the Nassau County Police Department Homicide Unit and Nassau County District Attorney's Office pertaining to the investigation and prosecution of defendant Andre Galloway for the attempted murder of Valine Winfrey (DOD 4/9/85), including without limitation handwritten notes, log books, blotter pages, interviews, reports, statements, confessions, videotapes, *Miranda* cards, 262 reports, supplement reports, *Huntley* hearing and other court transcripts, opinions, complaints, and internal reports regarding allegations of misconduct in connection with interrogations.

**Response to Request 60:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Further the information sought is covered by a law enforcement privilege.

**61.** Any and all documents in the custody or control of the Nassau County Police Department Homicide Unit and Nassau County District Attorney's Office pertaining to the investigation and prosecution of defendant Charles Clink for the robbery of the General Oil Distributors in Far Rockaway, Queens, and the murder of Arthur Licurse (date of crime: 6/30/84). including without limitation handwritten notes, log books, blotter pages, interviews, reports, statements, confessions, videotapes, *Miranda* cards, 262 reports, supplement reports, *Huntley* hearing and other court transcripts, opinions, complaints, and internal reports regarding allegations of misconduct in connection with interrogations.

### Response to Request 61:

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Further the information sought is covered by a law enforcement privilege.

**62.** Any and all documents in the custody or control of the Nassau County Police Department Homicide Unit and Nassau County District Attorney's Office pertaining to the investigation and prosecution of defendant Robert Eisemann for sodomy (date of arrest 8/8/85), including without limitation handwritten notes, log books, blotter pages, interviews, reports, statements, confessions, *Miranda* cards, 262 reports, supplement reports, *Huntley* hearing and other court transcripts, opinions,

complaints, and internal reports regarding allegations of misconduct with interrogations.

**Response to Request 62:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Further the information sought is covered by a law enforcement privilege.

**63.** Any and all documents in the custody or control of the Nassau County Police Department Homicide Unit and Nassau County District Attorney's Office pertaining to the investigation and prosecution of defendant Darryl Grate for robbery of General Oil Distributors and the murder of Arthur Licurse (date of crime: date of confession 7/30/84), including without limitation handwritten notes, log books, blotter pages, interviews, reports, statements, confessions, videotapes, *Miranda* cards, 262 reports, supplement reports, *Huntley* hearing and other court transcripts, opinions, complaints, and internal reports regarding allegations of misconduct during interrogations.

**Response to Request 63:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Further the information sought is covered by a law enforcement privilege.

Dated: February 15, 2011

New York, New York

Sincerely,

By: _____

Louis M. Freeman
Nadjia Limani
Freeman, Nooter & Ginsberg
30 Vesey Street, Suite 100
New York, New York 10007
Tel: (212) 608-0808
**Attorneys for Defendants**

By: /S/ _____

Mike Ferguson
Deputy County Attorney
Nassau County Attorney's Office
1 West Street
Mineola, NY 11501
Tel: (516) 571-3054
**Attorneys for Defendants**