# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

JOHN KOGUT,

        Plaintiff,

v.

THE COUNTY OF NASSAU, et al.,

        Defendants,

JOHN RESTIVO, et al.,

        Plaintiffs,

v.

THE COUNTY OF NASSAU, et al.,

        Defendants.

No. CV-06-6695
(Seybert, J.)
(Wall, M.J.)

---

## PLAINTIFFS' SEVENTH SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION TO ALL DEFENDANTS

Pursuant to Federal Rules of Civil Procedure 26, 33 and 34, Plaintiffs demand that Defendant Nassau County and all other defendants respond to the following interrogatories separately and fully in writing and under oath in accordance with Rule 33, within thirty (30) days of service of this demand. As required by Rule 26(e), defendants must promptly amend or supplement answers or disclosures within thirty days after additional information or material is acquired, and in no event later than thirty days before trial.

It is required that the defendants' answers restate each of the interrogatories in full before responding to it. Each response shall first set forth verbatim the interrogatory to which it is

1

responsive. Interrogatories or subparts thereof shall not be combined for the purpose of supplying a common answer. The answer to an interrogatory must not be supplied by referring to the answer to another interrogatory unless the interrogatory referred to supplies a complete and accurate answer to the interrogatory being answered. In the case of any interrogatory as to which a claim or privilege will be asserted, the word "identify" is additionally intended to call for a summary of the basis on which the claim of privilege is founded. **Pursuant to Rules 26, 33 and 34, produce or identify by previously produced Bates number any documents or testimony supporting an answer to any interrogatory or referred to therein.**

If you object to or otherwise do not respond to any interrogatory, in whole or in part, set forth the nature and basis for the objection or other failure or refusal to respond in sufficient detail to enable the Court to determine the propriety of such objection or failure or other refusal to respond, and state whether any information is being withheld on the basis of the objection.

****

12. Do you contend that John Restivo engaged in sexual intercourse with Theresa Fusco by forcible compulsion? If so, identify and describe all facts and evidence that forms the basis for this contention.

13. Do you contend that John Restivo aided and abetted another in engaging in sexual intercourse with Theresa Fusco by forcible compulsion? If so, identify and describe all facts and evidence that forms the basis for this contention, including identifying the person(s) you contend engaged in sexual intercourse with Theresa Fusco by forcible compulsion.

14. Do you contend that Dennis Halstead engaged in sexual intercourse with Theresa Fusco by forcible compulsion? If so, identify and describe all facts and evidence that forms the basis for this contention.

15. Do you contend that Dennis Halstead aided and abetted another in engaging in sexual intercourse with Theresa Fusco by forcible compulsion? If so, identify and describe all facts and evidence that forms the basis for this contention, including identifying the person(s) you contend engaged in sexual intercourse with Theresa Fusco by forcible compulsion.

16. Do you contend that John Restivo caused the death of Theresa Fusco by strangulation? If so, identify and describe all facts and evidence that forms the basis for this contention.

17. Do you contend that Dennis Halstead caused the death of Theresa Fusco by strangulation? If so, identify and describe all facts and evidence that forms the basis for this contention.

18. Do you contend that John Restivo aided and abetted in causing the death of Theresa Fusco? If so, identify and describe all facts and evidence that forms the basis for this contention.

19. Do you contend that Dennis Halstead aided and abetted in causing the death of Theresa Fusco? If so, identify and describe all evidence that forms the basis for this contention.

20. Do you contend that Theresa Fusco had any consensual sexual partners on or before November 10, 1984? If so, identify and describe all facts and evidence that form the basis for this contention.

21. Do you contend that at any time there was probable cause to indict John Restivo for the rape and murder of Theresa Fusco? If so, identify and describe all facts and evidence that form the basis for this contention.

22. Do you contend that at any time there was probable cause to indict Dennis Halstead for the rape and murder of Theresa Fusco? If so, identify and describe all facts and evidence that form the basis for this contention.

23. Do you contend that Theresa Fusco's hair was left in the blue van? If so, identify and describe all facts and evidence supporting your contention.

24. Do you contend that Theresa Fusco's hair was left in the blue van on November 10, 1984? Identify the time window when you contend it was left there (including the date, time, and when it was left there relative to her time of death), identifying and describing all facts and evidence that form the basis for this contention.

25. Do you contend that Dennis Halstead made a confession to Brian O'Hanlon during a collect call placed from the Nassau County Correctional Center in June or July 1985, as Brian O'Hanlon later described in his statement to ADA Fred Klein, his testimony at the grand jury and his testimony at trial? If so, identify and describe all facts and evidence that form the basis for your contention.

Dated: December 29, 2011
New York, New York

Sincerely,

*[signature]*

Deborah L. Cornwall
Anna Benvenutti Hoffmann
NEUFELD SCHECK & BRUSTIN, LLP
99 Hudson Street, 8th Floor
New York, New York 10013
Tel: (212) 965-9081
***Attorneys for Plaintiffs Restivo and Halstead***

## Certificate of Service

I hereby certify that a true and accurate copy of Plaintiff's Seventh Set of Interrogatories and Requests for Production to Defendants as follows on December 29, 2011:

By hand:

    Mr. Louis Freeman, Esq.
    Ms. Nadjia Limani, Esq.
    Freeman, Nooter & Ginsberg
    The Underwood Building
    30 Vesey Street, Suite 100
    New York, New York 10007-2914
    freemefree@aol.com
    nlimani@aol.com

By U.S. Mail and electronic mail:

    Ms. Liora Ben-Sorek, Esq.
    Mr. Michael Ferguson, Esq.
    Office of the County Attorney
    Ralph G. Caso Executive &
    Legislative Building
    One West Street
    Mineola, New York 11501-4820
    lben-sorek@nassaucountyny.gov
    mferguson@nassaucountyny.gov

    Mr. Louis Freeman, Esq.
    Ms. Nadjia Limani, Esq.
    Freeman, Nooter & Ginsberg
    The Underwood Building
    30 Vesey Street, Suite 100
    New York, New York 10007-2914
    freemefree@aol.com
    nlimani@aol.com

    Mr. Paul Casteleiro, Esq.
    200 Washington Street
    5th Floor
    Hoboken, New Jersey 07030
    Pcasteleiro@aol.com

    Mr. Anthony M. Grandinette, Esq.
    Grandinette & Serio, LLP
    114 Old Country Rd., Suite 420
    Mineola, NY 11501
    grandinetteesq@aol.com

_____
Rebecca Stursberg
Paralegal