Exhibit C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JOHN KOGUT, et al.

                        Plaintiffs,

          -against-                                    06-CV-6695
                                                       (JS) (WDW)
NASSAU COUNTY, et al.


                        Defendants.
-------------------------------------------------------------------x

### DEFENDANTS' RESPONSES TO "PLAINTIFFS' SEVENTH SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION TO ALL DEFENDANTS"

Defendants Nassau County, Carolann Hesseman, as Executrix of the Estate of Joseph Volpe, Robert Dempsey, Frank Sirianni, Milton Gruber, Harry Waltman, Albert Martino, Charlie Fraas, Thomas Allen, Richard Brusa, Vincent Donnelly, Michael Connaughton, Wayne Birdsall, William Diehl, Jack Sharkey, Daniel Perrino, Anthony Kozier, Detective Sergeant Campbell, Robert Edwards and Sean Spillane (hereinafter collectively referred to as the "Defendants"), respond to Plaintiffs' Seventh Set of Interrogatories and Request for Production to all Defendants, as follows:

### PRELIMINARY STATEMENT AND OBJECTIONS

To the extent that any responses are provided, the answering Defendants recognize and will abide by the definitions and rules of construction set forth in the Joint Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York. Answering Defendants are responding to Plaintiff's Seventh Set of Interrogatories pursuant to Federal Rules of Civil Procedure 26 and/or 33, and in

1

answering the interrogatories are interpreting words used by Plaintiffs according to their ordinary and normal meaning. The following responses are provided without prejudice to the answering Defendants' rights to produce evidence of any subsequently discovered facts. Answering Defendants specifically reserve the right to amend, modify and/or supplement any and all responses herein as additional facts are ascertained, analyses made, legal research completed, expert opinions exchanged, and contentions formulated.

The answering Defendants object to the propounded requests for admissions to the extent that they are vague, overly broad, unduly burdensome, not sufficiently limited in time or scope and seek irrelevant information. The answering Defendants further object to the extent that the responses call for information that is protected from discovery by the attorney work-product doctrine, the attorney-client privilege or any other evidentiary privilege.

The answering Defendants reserve the right to supplement and/or amend the objections and responses as further information and/or documents are obtained, and as discovery continues in this matter. By responding to any requests, the answering Defendants do not admit or concede the relevance, materiality or admissibility of the information sought and do not waive, but rather, expressly reserve any and all objections to admissibility on the grounds of relevance, materiality and/or privilege.

2

## <u>RESPONSES TO "PLAINTIFFS' SEVENTH SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION TO ALL DEFENDANTS"</u>

12.  Do you contend that John Restivo engaged in sexual intercourse with Theresa Fusco by forcible compulsion? If so, identify and describe all facts and evidence that forms the basis for this contention.

**<u>Response</u>:**

1) Defendants object to Interrogatory 12 as an impermissible and improper use of Federal Rule of Civil Procedure 33.

2) Defendants also object to Interrogatory 12 because if answered in the affirmative, the request "to identify and describe all facts and evidence that forms the basis for this contention" specifically requests that defense counsel compile documents that may be used in summary judgment or at trial. The production of such a compilation by defense counsel would be privileged work product, protected both by the attorney work product doctrine of Federal Rule of Civil Procedure 26(b)(5) and common law.

3) Defendants also object to Interrogatory 12 because if answered in the affirmative, the request "to identify and describe all facts and evidence that forms the basis for this contention" is overly broad and unduly burdensome. Plaintiffs have not made a specific request for facts or evidence, but have requested that defendants identify and describe "<u>all facts and evidence</u>" and further have requested that defendants "pursuant to Rules 26, 33 and 34, produce or identify by previously

3

produced Bates number any documents or testimony supporting an answer to any interrogatory or referred to therein."

4) Defendants also object to Interrogatory 12 because if answered in the affirmative, the request "to identify and describe all facts and evidence that forms the basis for this contention" is duplicative and unduly burdensome, given the fact that plaintiffs have been provided with the underlying documents in the form of the entire police file from 1985 through 2011, with the exception of privileged documents. Plaintiffs have also had the opportunity to depose defendants and have in fact conducted fourteen party depositions, with several lasting more than one day, and have deposed Detective Michael O'Leary, have scheduled the deposition of Detective Robert Hillman and had previously indicated that they may depose Detectives Kuhn, Kelly and Trillo.[1]

13. Do you contend that John Restivo aided and abetted another in engaging in sexual intercourse with Theresa Fusco by forcible compulsion? If so, identify and describe all facts and evidence that forms the basis for this contention, including identifying the person(s) you contend engaged in sexual intercourse with Theresa Fusco by forcible compulsion.

**Response:**

1) Defendants object to Interrogatory 13 as an impermissible and improper use of Federal Rule of Civil Procedure 33.

2) Defendants also object to Interrogatory 13 because if answered in the affirmative, the request "to identify and describe all facts and evidence that forms the basis for

---

[1] Although plaintiffs indicated that they may depose Detectives Kuhn, Kelly and Trillo, they ultimately did not.

4

this contention" specifically requests that defense counsel compile documents that may be used in summary judgment or at trial. The production of such a compilation by defense counsel would be privileged work product, protected both by the attorney work product doctrine of Federal Rule of Civil Procedure 26(b)(5) and common law.

3) Defendants also object to Interrogatory 13 because if answered in the affirmative, the request "to identify and describe all facts and evidence that forms the basis for this contention" is overly broad and unduly burdensome. Plaintiffs have not made a specific request for facts or evidence, but have requested that defendants identify and describe "<u>all facts and evidence</u>" and further have requested that defendants "pursuant to Rules 26, 33 and 34, produce or identify by previously produced Bates number any documents or testimony supporting an answer to any interrogatory or referred to therein."

4) Defendants also object to Interrogatory 13 because if answered in the affirmative, the request "to identify and describe all facts and evidence that forms the basis for this contention" is duplicative and unduly burdensome, given the fact that plaintiffs have been provided with the underlying documents in the form of the entire police file from 1985 through 2011, with the exception of privileged documents.  Plaintiffs have also had the opportunity to depose defendants and have in fact conducted fourteen party depositions, with several lasting more than one day, and have deposed Detective Michael O'Leary, have scheduled the deposition of Detective Robert Hillman and had previously indicated that they may depose Detectives Kuhn, Kelly and Trillo.

5

14. Do you contend that Dennis Halstead engaged in sexual intercourse with Theresa Fusco by forcible compulsion?  Is so, identify and describe all facts and evidence that forms the basis for this contention.

**Response**:

1)  Defendants object to Interrogatory 14 as an impermissible and improper use of Federal Rule of Civil Procedure 33.

2)  Defendants also object to Interrogatory 14 because if answered in the affirmative, the request "to identify and describe all facts and evidence that forms the basis for this contention" specifically requests that defense counsel compile documents that may be used in summary judgment or at trial. The production of such a compilation by defense counsel would be privileged work product, protected both by the attorney work product doctrine of Federal Rule of Civil Procedure 26(b)(5) and common law.

3)  Defendants also object to Interrogatory 14 because if answered in the affirmative, the request "to identify and describe all facts and evidence that forms the basis for this contention" is overly broad and unduly burdensome. Plaintiffs have not made a specific request for facts or evidence, but have requested that defendants identify and describe "all facts and evidence" and further have requested that defendants "pursuant to Rules 26, 33 and 34, produce or identify by previously produced Bates number any documents or testimony supporting an answer to any interrogatory or referred to therein."

4)  Defendants also object to Interrogatory 14 because if answered in the affirmative, the request "to identify and describe all facts and evidence that forms the basis for

6

this contention" is duplicative and unduly burdensome, given the fact that plaintiffs have been provided with the underlying documents in the form of the entire police file from 1985 through 2011, with the exception of privileged documents. Plaintiffs have also had the opportunity to depose defendants and have in fact conducted fourteen party depositions, with several lasting more than one day, and have deposed Detective Michael O'Leary, have scheduled the deposition of Detective Robert Hillman and had previously indicated that they may depose Detectives Kuhn, Kelly and Trillo.

15. Do you contend that Dennis Halstead aided and abetted another in engaging in sexual intercourse with Theresa Fusco by forcible compulsion? Is so, identify and describe all facts and evidence that forms the basis for this contention, including identifying the person(s) you contend engaged in sexual intercourse with Theresa Fusco by forcible compulsion.

**Response:**

1) Defendants object to Interrogatory 15 as an impermissible and improper use of Federal Rule of Civil Procedure 33.

2) Defendants also object to Interrogatory 15 because if answered in the affirmative, the request "to identify and describe all facts and evidence that forms the basis for this contention" specifically requests that defense counsel compile documents that may be used in summary judgment or at trial. The production of such a compilation by defense counsel would be privileged work product, protected both by the attorney work product doctrine of Federal Rule of Civil Procedure 26(b)(5) and common law.

7

3) Defendants also object to Interrogatory 15 because if answered in the affirmative, the request "to identify and describe all facts and evidence that forms the basis for this contention" is overly broad and unduly burdensome. Plaintiffs have not made a specific request for facts or evidence, but have requested that defendants identify and describe "<u>all facts and evidence</u>" and further have requested that defendants "pursuant to Rules 26, 33 and 34, produce or identify by previously produced Bates number any documents or testimony supporting an answer to any interrogatory or referred to therein."

4) Defendants also object to Interrogatory 15 because if answered in the affirmative, the request "to identify and describe all facts and evidence that forms the basis for this contention" is duplicative and unduly burdensome, given the fact that plaintiffs have been provided with the underlying documents in the form of the entire police file from 1985 through 2011, with the exception of privileged documents.  Plaintiffs have also had the opportunity to depose defendants and have in fact conducted fourteen party depositions, with several lasting more than one day, and have deposed Detective Michael O'Leary, have scheduled the deposition of Detective Robert Hillman and had previously indicated that they may depose Detectives Kuhn, Kelly and Trillo.

16.  Do you contend that John Restivo caused the death of Theresa Fusco by strangulation?  If so, identify and describe all facts and evidence that forms the basis for this contention.

**<u>Response</u>:**

8

1) Defendants object to Interrogatory 16 as an impermissible and improper use of Federal Rule of Civil Procedure 33.

2) Defendants also object to Interrogatory 16 because if answered in the affirmative, the request "to identify and describe all facts and evidence that forms the basis for this contention" specifically requests that defense counsel compile documents that may be used in summary judgment or at trial. The production of such a compilation by defense counsel would be privileged work product, protected both by the attorney work product doctrine of Federal Rule of Civil Procedure 26(b)(5) and common law.

3) Defendants also object to Interrogatory 16 because if answered in the affirmative, the request "to identify and describe all facts and evidence that forms the basis for this contention" is overly broad and unduly burdensome. Plaintiffs have not made a specific request for facts or evidence, but have requested that defendants identify and describe "all facts and evidence" and further have requested that defendants "pursuant to Rules 26, 33 and 34, produce or identify by previously produced Bates number any documents or testimony supporting an answer to any interrogatory or referred to therein."

4) Defendants also object to Interrogatory 16 because if answered in the affirmative, the request "to identify and describe all facts and evidence that forms the basis for this contention" is duplicative and unduly burdensome, given the fact that plaintiffs have been provided with the underlying documents in the form of the entire police file from 1985 through 2011, with the exception of privileged documents.  Plaintiffs have also had the opportunity to depose defendants and

9

have in fact conducted fourteen party depositions, with several lasting more than one day, and have deposed Detective Michael O'Leary, have scheduled the deposition of Detective Robert Hillman and had previously indicated that they may depose Detectives Kuhn, Kelly and Trillo.

17. Do you contend that Dennis Halstead caused the death of Theresa Fusco by strangulation? If so, identify and describe all facts and evidence that forms the basis for this contention.

**Response:**

1) Defendants object to Interrogatory 17 as an impermissible and improper use of Federal Rule of Civil Procedure 33.

2) Defendants also object to Interrogatory 17 because if answered in the affirmative, the request "to identify and describe all facts and evidence that forms the basis for this contention" specifically requests that defense counsel compile documents that may be used in summary judgment or at trial. The production of such a compilation by defense counsel would be privileged work product, protected both by the attorney work product doctrine of Federal Rule of Civil Procedure 26(b)(5) and common law.

3) Defendants also object to Interrogatory 17 because if answered in the affirmative, the request "to identify and describe all facts and evidence that forms the basis for this contention" is overly broad and unduly burdensome. Plaintiffs have not made a specific request for facts or evidence, but have requested that defendants identify and describe "<u>all facts and evidence</u>" and further have requested that defendants "pursuant to Rules 26, 33 and 34, produce or identify by previously

10

produced Bates number any documents or testimony supporting an answer to any interrogatory or referred to therein."

4) Defendants also object to Interrogatory 17 because if answered in the affirmative, the request "to identify and describe all facts and evidence that forms the basis for this contention" is duplicative and unduly burdensome, given the fact that plaintiffs have been provided with the underlying documents in the form of the entire police file from 1985 through 2011, with the exception of privileged documents. Plaintiffs have also had the opportunity to depose defendants and have in fact conducted fourteen party depositions, with several lasting more than one day, and have deposed Detective Michael O'Leary, have scheduled the deposition of Detective Robert Hillman and had previously indicated that they may depose Detectives Kuhn, Kelly and Trillo.

18. Do you contend that John Restivo aided and abetted in causing the death of Theresa Fusco? If so, identify and describe all facts and evidence that forms the basis for this contention.

**Response:**

1) Defendants object to Interrogatory 18 as an impermissible and improper use of Federal Rule of Civil Procedure 33.

2) Defendants also object to Interrogatory 18 because if answered in the affirmative, the request "to identify and describe all facts and evidence that forms the basis for this contention" specifically requests that defense counsel compile documents that may be used in summary judgment or at trial. The production of such a compilation by defense counsel would be privileged work product, protected both

11

by the attorney work product doctrine of Federal Rule of Civil Procedure 26(b)(5) and common law.

3) Defendants also object to Interrogatory 18 because if answered in the affirmative, the request "to identify and describe all facts and evidence that forms the basis for this contention" is overly broad and unduly burdensome. Plaintiffs have not made a specific request for facts or evidence, but have requested that defendants identify and describe "all facts and evidence" and further have requested that defendants "pursuant to Rules 26, 33 and 34, produce or identify by previously produced Bates number any documents or testimony supporting an answer to any interrogatory or referred to therein."

4) Defendants also object to Interrogatory 18 because if answered in the affirmative, the request "to identify and describe all facts and evidence that forms the basis for this contention" is duplicative and unduly burdensome, given the fact that plaintiffs have been provided with the underlying documents in the form of the entire police file from 1985 through 2011, with the exception of privileged documents. Plaintiffs have also had the opportunity to depose defendants and have in fact conducted fourteen party depositions, with several lasting more than one day, and have deposed Detective Michael O'Leary, have scheduled the deposition of Detective Robert Hillman and had previously indicated that they may depose Detectives Kuhn, Kelly and Trillo.

19. Do you contend that Dennis Halstead aided and abetted in causing the death of Theresa Fusco? If so, identify and describe all evidence that forms the basis for this contention.

12

**Response:**

1) Defendants object to Interrogatory 19 as an impermissible and improper use of Federal Rule of Civil Procedure 33.

2) Defendants also object to Interrogatory 19 because if answered in the affirmative, the request "to identify and describe all facts and evidence that forms the basis for this contention" specifically requests that defense counsel compile documents that may be used in summary judgment or at trial. The production of such a compilation by defense counsel would be privileged work product, protected both by the attorney work product doctrine of Federal Rule of Civil Procedure 26(b)(5) and common law.

3) Defendants also object to Interrogatory 19 because if answered in the affirmative, the request "to identify and describe all facts and evidence that forms the basis for this contention" is overly broad and unduly burdensome. Plaintiffs have not made a specific request for facts or evidence, but have requested that defendants identify and describe "all facts and evidence" and further have requested that defendants "pursuant to Rules 26, 33 and 34, produce or identify by previously produced Bates number any documents or testimony supporting an answer to any interrogatory or referred to therein."

4) Defendants also object to Interrogatory 19 because if answered in the affirmative, the request "to identify and describe all facts and evidence that forms the basis for this contention" is duplicative and unduly burdensome, given the fact that plaintiffs have been provided with the underlying documents in the form of the entire police file from 1985 through 2011, with the exception of privileged

13

documents.  Plaintiffs have also had the opportunity to depose defendants and

have in fact conducted fourteen party depositions, with several lasting more than

one day, and have deposed Detective Michael O'Leary, have scheduled the

deposition of Detective Robert Hillman and had previously indicated that they

may depose Detectives Kuhn, Kelly and Trillo.

20.  Do you contend that Theresa Fusco had any consensual sexual partners on or before

November 10, 1984?  If so, identify and describe all facts and evidence that form the

basis for this contention.

**Response:**

1)  Defendants object to Interrogatory 20 as an impermissible and improper use of

    Federal Rule of Civil Procedure 33.

2)  Defendants also object to Interrogatory 20 because if answered in the affirmative,

    the request "to identify and describe all facts and evidence that forms the basis for

    this contention" specifically requests that defense counsel compile documents that

    may be used in summary judgment or at trial. The production of such a

    compilation by defense counsel would be privileged work product, protected both

    by the attorney work product doctrine of Federal Rule of Civil Procedure 26(b)(5)

    and common law.

3)  Defendants also object to Interrogatory 20 because if answered in the affirmative,

    the request "to identify and describe all facts and evidence that forms the basis for

    this contention" is overly broad and unduly burdensome. Plaintiffs have not made

    a specific request for facts or evidence, but have requested that defendants

    identify and describe "all facts and evidence" and further have requested that

14

defendants "pursuant to Rules 26, 33 and 34, produce or identify by previously produced Bates number any documents or testimony supporting an answer to any interrogatory or referred to therein."

4) Defendants also object to Interrogatory 20 because if answered in the affirmative, the request "to identify and describe all facts and evidence that forms the basis for this contention" is duplicative and unduly burdensome, given the fact that plaintiffs have been provided with the underlying documents in the form of the entire police file from 1985 through 2011, with the exception of privileged documents. Plaintiffs have also had the opportunity to depose defendants and have in fact conducted fourteen party depositions, with several lasting more than one day, and have deposed Detective Michael O'Leary, have scheduled the deposition of Detective Robert Hillman and had previously indicated that they may depose Detectives Kuhn, Kelly and Trillo.

21. Do you contend that at any time there was probable cause to indict John Restivo for the rape and murder of Theresa Fusco? If so, identify and describe all facts and evidence that form the basis for this contention.

**Response:**

1) Defendants object to Interrogatory 21 as an impermissible and improper use of Federal Rule of Civil Procedure 33.

2) Defendants also object to Interrogatory 21 because it seeks a contention regarding probable cause, which plaintiffs are well aware is the focus of defendants' summary judgment motion,[2] and as such seeks attorney work product, protected

---

[2] See Transcript of Proceedings before Judge Seybert, 10/25/11, pages 41-49.

15

by the attorney work product doctrine of Federal Rule of Civil Procedure 26(b)(5)
and common law. Judge Seybert has set a pre-trial schedule, including summary
judgment briefing, and it should be followed. Plaintiffs are not permitted to use
Rule 33 interrogatories as a tool to sidestep the Court's pre-trial schedule on
summary judgment briefing.

3) Defendants also object to Interrogatory 21 because if answered in the affirmative,
the request "to identify and describe all facts and evidence that forms the basis for
this contention" specifically requests that defense counsel compile documents that
may be used in summary judgment or at trial. The production of such a
compilation by defense counsel would be privileged work product, protected both
by the attorney work product doctrine of Federal Rule of Civil Procedure 26(b)(5)
and common law.

4) Defendants also object to Interrogatory 21 because if answered in the affirmative,
the request "to identify and describe all facts and evidence that forms the basis for
this contention" is overly broad and unduly burdensome. Plaintiffs have not made
a specific request for facts or evidence, but have requested that defendants
identify and describe "all facts and evidence" and further have requested that
defendants "pursuant to Rules 26, 33 and 34, produce or identify by previously
produced Bates number any documents or testimony supporting an answer to any
interrogatory or referred to therein."

5) Defendants also object to Interrogatory 21 because if answered in the affirmative,
the request "to identify and describe all facts and evidence that forms the basis for
this contention" is duplicative and unduly burdensome, given the fact that

16

plaintiffs have been provided with the underlying documents in the form of the
entire police file from 1985 through 2011, with the exception of privileged
documents. Plaintiffs have also had the opportunity to depose defendants and
have in fact conducted fourteen party depositions, with several lasting more than
one day, and have deposed Detective Michael O'Leary, have scheduled the
deposition of Detective Robert Hillman and had previously indicated that they
may depose Detectives Kuhn, Kelly and Trillo.

22. Do you contend that at any time there was probable cause to indict Dennis Halstead
for the rape and murder of Theresa Fusco? If so, identify and describe all facts and
evidence that form the basis for this contention.

**Response:**

1) Defendants object to Interrogatory 22 as an impermissible and improper use of
Federal Rule of Civil Procedure 33.

2) Defendants also object to Interrogatory 22 because it seeks a contention regarding
probable cause, which plaintiffs are well aware is the focus of defendants'
summary judgment motion, and as such seeks attorney work product, protected by
the attorney work product doctrine of Federal Rule of Civil Procedure 26(b)(5)
and common law. Judge Seybert has set a pre-trial schedule, including summary
judgment briefing, and it should be followed. Plaintiffs are not permitted to use
Rule 33 interrogatories as a tool to sidestep the Court's pre-trial schedule on
summary judgment briefing.

3) Defendants also object to Interrogatory 22 because if answered in the affirmative,
the request "to identify and describe all facts and evidence that forms the basis for

17

this contention" specifically requests that defense counsel compile documents that may be used in summary judgment or at trial. The production of such a compilation by defense counsel would be privileged work product, protected both by the attorney work product doctrine of Federal Rule of Civil Procedure 26(b)(5) and common law.

4) Defendants also object to Interrogatory 22 because if answered in the affirmative, the request "to identify and describe all facts and evidence that forms the basis for this contention" is overly broad and unduly burdensome. Plaintiffs have not made a specific request for facts or evidence, but have requested that defendants identify and describe "all facts and evidence" and further have requested that defendants "pursuant to Rules 26, 33 and 34, produce or identify by previously produced Bates number any documents or testimony supporting an answer to any interrogatory or referred to therein."

5) Defendants also object to Interrogatory 22 because if answered in the affirmative, the request "to identify and describe all facts and evidence that forms the basis for this contention" is duplicative and unduly burdensome, given the fact that plaintiffs have been provided with the underlying documents in the form of the entire police file from 1985 through 2011, with the exception of privileged documents. Plaintiffs have also had the opportunity to depose defendants and have in fact conducted fourteen party depositions, with several lasting more than one day, and have deposed Detective Michael O'Leary, have scheduled the deposition of Detective Robert Hillman and had previously indicated that they may depose Detectives Kuhn, Kelly and Trillo.

18

23. Do you contend that Theresa Fusco's hair was left in the blue van? If so, identify and describe all facts and evidence supporting your contention.

**Response:**

1) Defendants object to Interrogatory 23 as an impermissible and improper use of Federal Rule of Civil Procedure 33.

2) Defendants also object to Interrogatory 23 as it seeks a contention regarding scientific hair evidence and such a request is an improper use of Rule 33 given the fact that expert reports have not yet been exchanged. Judge Seybert has set a pre-trial schedule, including the exchange of expert reports, and it should be followed. Plaintiffs are not permitted to use Rule 33 interrogatories as a tool to sidestep the Court's pre-trial schedule on the exchange of expert reports.

3) Defendants also object to Interrogatory 23 because if answered in the affirmative, the request "to identify and describe all facts and evidence that forms the basis for this contention" specifically requests that defense counsel compile documents that may be used in summary judgment or at trial. The production of such a compilation by defense counsel would be privileged work product, protected both by the attorney work product doctrine of Federal Rule of Civil Procedure 26(b)(5) and common law.

4) Defendants also object to Interrogatory 23 because if answered in the affirmative, the request "to identify and describe all facts and evidence that forms the basis for this contention" is overly broad and unduly burdensome. Plaintiffs have not made a specific request for facts or evidence, but have requested that defendants identify and describe "all facts and evidence" and further have requested that

19

defendants "pursuant to Rules 26, 33 and 34, produce or identify by previously

produced Bates number any documents or testimony supporting an answer to any

interrogatory or referred to therein."

5) Defendants also object to Interrogatory 23 because if answered in the affirmative,

the request "to identify and describe all facts and evidence that forms the basis for

this contention" is duplicative and unduly burdensome, given the fact that

plaintiffs have been provided with the underlying documents in the form of the

entire police file from 1985 through 2011, with the exception of privileged

documents.  Plaintiffs have also had the opportunity to depose defendants and

have in fact conducted fourteen party depositions, with several lasting more than

one day, and have deposed Detective Michael O'Leary, have scheduled the

deposition of Detective Robert Hillman and had previously indicated that they

may depose Detectives Kuhn, Kelly and Trillo.

24. Do you contend that Theresa Fusco's hair was left in the blue van on November 10,

1984? Identify the time window when you contend it was left there (including the date,

time, and when it was left there relative to her time of death), identifying and describing

all facts and evidence that form the basis for this contention.

**Response:**

1) Defendants object to Interrogatory 24 as an impermissible and improper use of

Federal Rule of Civil Procedure 33.

2) Defendants also object to Interrogatory 24 as it is seeks a contention regarding

scientific hair evidence and such a request is an improper use of Rule 33 given the

fact that expert reports have not yet been exchanged. Judge Seybert has set a pre-

20

trial schedule, including the exchange of expert reports, and it should be followed. Plaintiffs are not permitted to use Rule 33 interrogatories as a tool to sidestep the Court's pre-trial schedule on the exchange of expert reports.

3) Defendants also object to Interrogatory 24 because if answered in the affirmative, the request "to identify and describe all facts and evidence that forms the basis for this contention" specifically requests that defense counsel compile documents that may be used in summary judgment or at trial. The production of such a compilation by defense counsel would be privileged work product, protected both by the attorney work product doctrine of Federal Rule of Civil Procedure 26(b)(5) and common law.

4) Defendants also object to Interrogatory 24 because if answered in the affirmative, the request "to identify and describe all facts and evidence that forms the basis for this contention" is overly broad and unduly burdensome. Plaintiffs have not made a specific request for facts or evidence, but have requested that defendants identify and describe "all facts and evidence" and further have requested that defendants "pursuant to Rules 26, 33 and 34, produce or identify by previously produced Bates number any documents or testimony supporting an answer to any interrogatory or referred to therein."

5) Defendants also object to Interrogatory 24 because if answered in the affirmative, the request "to identify and describe all facts and evidence that forms the basis for this contention" is duplicative and unduly burdensome, given the fact that plaintiffs have been provided with the underlying documents in the form of the entire police file from 1985 through 2011, with the exception of privileged

21

documents.  Plaintiffs have also had the opportunity to depose defendants and
have in fact conducted fourteen party depositions, with several lasting more than
one day, and have deposed Detective Michael O'Leary, have scheduled the
deposition of Detective Robert Hillman and had previously indicated that they
may depose Detectives Kuhn, Kelly and Trillo.

25. Do you contend that Dennis Halstead made a confession to Brian O'Hanlon during a
collect call placed from the Nassau County Correctional Center in June or July 1985, as
Brian O'Hanlon later described in his statement to ADA Fred Klein, his testimony at the
grand jury and his testimony at trial?  If so, identify and describe all facts and evidence
that form the basis for your contention.

**Response:**

1) Defendants object to Interrogatory 25 as an impermissible and improper use of
   Federal Rule of Civil Procedure 33.

2) Defendants also object to Interrogatory 25 because if answered in the affirmative,
   the request "to identify and describe all facts and evidence that forms the basis for
   this contention" specifically requests that defense counsel compile documents that
   may be used in summary judgment or at trial. The production of such a
   compilation by defense counsel would be privileged work product, protected both
   by the attorney work product doctrine of Federal Rule of Civil Procedure 26(b)(5)
   and common law.

3) Defendants also object to Interrogatory 25 because if answered in the affirmative,
   the request "to identify and describe all facts and evidence that forms the basis for
   this contention" is overly broad and unduly burdensome. Plaintiffs have not made

22

a specific request for facts or evidence, but have requested that defendants identify and describe "<u>all facts and evidence</u>" and further have requested that defendants "pursuant to Rules 26, 33 and 34, produce or identify by previously produced Bates number any documents or testimony supporting an answer to any interrogatory or referred to therein."

4) Defendants also object to Interrogatory 25 because if answered in the affirmative, the request "to identify and describe all facts and evidence that forms the basis for this contention" is duplicative and unduly burdensome, given the fact that plaintiffs have been provided with the underlying documents in the form of the entire police file from 1985 through 2011, with the exception of privileged documents. Plaintiffs have also had the opportunity to depose defendants and have in fact conducted fourteen party depositions, with several lasting more than one day, and have deposed Brian O'Hanlon, Detective Michael O'Leary, have scheduled the deposition of Detective Robert Hillman and had previously indicated that they may depose Detectives Kuhn, Kelly and Trillo.

Dated: New York, NY
       February 29, 2012

/s/ Louis Freeman
Louis M. Freeman
Freeman, Nooter & Ginsberg
30 Vesey Street
Suite 100
New York, NY 10007
**Special Counsel for Defendants**

23