UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN KOGUT,<br><br>                Plaintiff,<br><br>    -against-<br><br>THE COUNTY OF NASSAU, POLICE COMMISSIONER DONALD KANE, POLICE COMMISSIONER WILLIAM J. WILLETT (2005), POLICE COMMISSIONER JAMES LAWRENCE, DETECTIVE SEAN SPILLANE (HEAD OF HOMICIDE 1985), DETECTIVE DENNIS FARRELL (HEAD OF HOMICIDE 2005), CAROLANN HESSEMAN, AS EXECUTRIX FOR THE ESTATE OF JOSEPH VOLPE, DETECTIVE ROBERT DEMPSEY, DETECTIVE ALBERT MARTINO, DETECTIVE WAYNE BIRDSALL, DETECTIVE MILTON G. GRUBER, DETECTIVE CHARLES FRAAS, DETECTIVE FRANK SIRIANNI, DETECTIVE HARRY WALTMAN, P.O. MICHAEL CONNAUGHTON, P.O. WILLIAM DIEHL, and JOHN DOES 1-5,<br><br>                Defendants. | 06-CV-6695 (JS)(WDW) |
| JOHN RESTIVO, DENNIS HALSTEAD, MELISSA LULLO, JASON HALSTEAD, TAYLOR HALSTEAD, and HEATHER HALSTEAD,<br><br>                Plaintiffs,<br><br>    -against-<br><br>NASSAU COUNTY, CAROLANN HESSEMAN, AS EXECUTRIX FOR THE ESTATE OF JOSEPH VOLPE, in his individual capacity, ROBERT DEMPSEY, in his individual capacity, FRANK SIRIANNI, in his individual capacity, MILTON GRUBER, in his individual capacity, HARRY WALTMAN in his individual capacity ALBERT MARTINO, in his individual capacity, CHARLIE FRAAS, in his individual capacity, THOMAS ALLAN in his individual capacity, RICHARD BRUSA, in his individual capacity, VINCENT DONNELLY, in his individual capacity, MICHAEL | 06-CV-6720(JS)(WDW) |

| | |
|---|---|
| CONNAUGHTON, in his individual capacity, | ) |
| WAYNE BIRDSALL, in his individual capacity, | ) |
| WILLIAM DIEHL, in his individual capacity, | ) |
| JACK SHARKEY, in his individual capacity, | ) |
| DANIEL PERRINO, in his individual capacity, | ) |
| ANTHONY KOZIER, in his individual capacity, | ) |
| Detective Sergeant CAMPBELL, (Shield #48), | ) |
| in his individual capacity, SEAN SPILLANE, | ) |
| in his individual capacity, RICHARD ROE | ) |
| SUPERVISORS #1-10, in their individual | ) |
| capacities, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS JOHN RESTIVO AND DENNIS HALSTEAD'S MOTION *IN LIMINE*
TO LIMIT EVIDENCE DEFENDANTS MAY OFFER
FOR PROBABLE CAUSE DEFENSE
TO PLAINTIFFS' MALICIOUS PROSECUTION CLAIMS**

At the end of fact discovery, plaintiffs served contention interrogatories to identify all the facts defendants relied on in support of their contentions, including the defense that they had probable cause to prosecute Mr. Restivo and Mr. Halstead. As set forth below, since contention interrogatory responses are judicial admissions that bind the responding party, defendants may not offer additional evidence of probable cause aside from what they have already identified in those responses. Moreover, because any evidence that was inadmissible in the grand jury is equally inadmissible to support a probable cause defense to malicious prosecution, some of the evidence defendants identified in their contention interrogatory responses must be precluded. We respectfully move *in limine* for the Court to so hold.

**LEGAL STANDARDS GOVERNING CONTENTION
INTERROGATORY RESPONSES**

Contention interrogatories properly "may ask another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts." *Strauss v. Credit Lyonnais, S.A.*,

1

242 F.R.D. 199, 233 (E.D.N.Y. 2007) (citation and internal quotations omitted). "Contention interrogatories . . . are one of many discovery tools designed to assist parties in narrowing and clarifying the disputed issues and reducing the possibility of surprise at trial." *Wechsler v. Hunt Health Systems, Ltd.*, No. 94 Civ. 8294 (PKL), 1999 WL 672902, at *1 (S.D.N.Y. Aug. 27, 1999). As a result, contention interrogatory responses "are treated by courts in this Circuit as 'judicial admissions' that generally estop the answering party from later seeking to assert positions omitted from, or otherwise at variance with, those responses." *Id.* at *1 (citation omitted); *see also Guadagno v. Wallack Ader Levithan Assocs.*, 950 F. Supp. 1258, 1261 (S.D.N.Y. 1997) (observing that interrogatory responses are generally treated as judicial admissions, which, unlike evidentiary admissions, "are binding upon the party making them . . . [and] may not be controverted at trial or on appeal") (internal quotation and citation omitted); *Prince Group, Inc. v. MTS Products*, No. 95 CIV. 1160(BN), 1998 WL 273099, *3 (S.D.N.Y. May 27, 1998) ("[J]udicial admissions, such as . . . answers to contention interrogatories, are answered with the assistance of counsel and have the effect of precluding entire legal issues from a case."). Thus, "[t]he Defendants are, of course, limited by their response to the contentions interrogatories." *Unigene Laboratories, Inc. v. Apotex, Inc.*, No. 06 CV 5571 (RPP), 2010 WL 2730471, at *3 (S.D.N.Y. July 7, 2010).

**PERTINENT CONTENTION INTERROGATORIES AND RESPONSES**

Plaintiffs' Contention Interrogatories #21 (for Restivo) and #22 (for Halstead) asked defendants, "Do you contend that at any time there was probable cause to indict John Restivo/Dennis Halstead for the rape and murder of Theresa Fusco? If so, identify and describe all facts and evidence that form the basis for this contention." Defendants responded, "Defendants contend that there was probable cause to indict John Restivo/Dennis Halstead for

the rape and murder of Theresa Fusco on 6/20/85," listing facts and evidence, documents and trial transcripts, and defendants' civil deposition testimony.[1]

Five of the 8 "facts" defendants identified in those responses were never presented to the Restivo/Halstead grand jury:

> 3. John Restivo implicated both Dennis Halstead and John Kogut in the rape and murder of Theresa Fusco.
> 4. John Restivo failed his polygraph test on March 5, 1985.
> 5. After John Kogut failed his polygraph test on March 25, 1985, he confessed to the rape and murder of Theresa Fusco and implicated Dennis Halstead and John Restivo as co-conspirators.
> 6. John Kogut directed Nassau County detectives to the location where Theresa Fusco was murdered and where her body was found.
> 7. Carey Guerrero states that on March 26, 1985, John Kogut directed Nassau County detectives to a location in the Lynbrook cemetery and further indicated such location with his hands and fingers.[2]

Nor were the following exhibits identified by defendants used, in form or in substance, in the Restivo/Halstead grand jury, which met in June of 1985:

> c. John Restivo documents
>     1. Polygraph examination documents
>     2. Statement of John Restivo
>     3. Joseph Volpe notes
> d. John Kogut documents
>     1. statement of John Kogut
>     2. Video confession of John Kogut
>     3. General information re: Polygraph examination, John Kogut, 3/25/86
> e. Carey Guerrero documents
>     1. Transcript of testimony from People v. Kogut, 2005
>     2. Detective Hillman interview [2010]
> f. Hair documents
>     3. Transcript of testimony by Terry Melton from People v. Kogut, 2005
>     4. Transcript of testimony by Charles Fraas from People v. Kogut, 2005
>     5. Transcript of testimony by Vito Schiraldi from People v. Kogut, 2005[3]

---

[1] *See* Ex. 1 (Defs.' Amended Responses to Plaintiffs' Seventh Set of Interrogatories) at p. 22.
[2] *Id.* at pp. 22-23.
[3] *Id.* at p. 23.

3

**ARGUMENT**

I. **Defendants May Not Rely on Evidence that was Inadmissible in the Grand Jury to Support a Probable Cause Defense to Malicious Prosecution**

For the malicious prosecution claims, the core question is whether defendants had probable cause to believe the prosecutions could succeed, based on the admissible evidence. *See Boyd v. City of New York,* 336 F.3d 72, 77 & n.7 (2d Cir. 2003) (inadmissible evidence cannot provide probable cause to prosecute). Evidence of the Kogut confession (items #5,6, and d-1,2,3 of the "facts" and exhibits identified defendants), and evidence of the statement incriminating Halstead that police coerced John Restivo into signing (items #3,c-1,2,3), was inadmissible in the joint Restivo/Halstead grand jury pursuant to *Bruton v. U.S.*, 391 U.S. 123 (1968). In addition, any evidence relating to polygraph results (items #4, 5, c-1, d-3) was similarly inadmissible. *See Collins v. Bennett*, No. 01-CV-6392, 2004 WL 951362, at *7 (W.D.N.Y. Apr. 13, 2004) (noting that "New York law clearly holds that polygraph results are inadmissible at trial as well as in grand jury proceedings") (citing *People v. Leone*, 25 N.Y.2d 511 (N.Y. 1979), additional citations omitted). Since this evidence was not admissible against Restivo and Halstead—and therefore was never heard by their grand or petit juries—it is similarly inadmissible in defense to Restivo and Halstead's malicious prosecution claims.[4]

---

[4] Nor is this evidence relevant or admissible to the Restivo/Halstead plaintiffs' fair trial claims, which include fabrication and *Brady* theories. The core questions there turn on the evidence used against plaintiffs at their joint trial − whether police presented false evidence to, or withheld exculpatory evidence from, the prosecutor and jury, and whether, given the other evidence presented against plaintiffs, such misconduct was material to the outcome of their trial. *See, e.g., Ricciuti v. N.Y.C. Transit Authority*, 124 F.3d 123, 130 (2d Cir. 1997) (recognizing § 1983 fabrication claim where "police officer creates false information *likely to influence a jury's decision*") (emphasis added); *Kyles v. Whitley*, 514 U.S. 419, 435 (1995) (holding a *Brady* violation is proven where "the [suppressed] favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict"). As none of the "facts" defendants rely on was or could have been admitted at the Restivo/ Halstead criminal trial, they are irrelevant and cannot be introduced in defense of the fair trial theories. Similarly,

4

Likewise, evidence that did not exist until years after the June 20, 1985 indictment could not, by definition, be relied on in support of probable cause to prosecute on that date.[5] As such, defendants should be barred from offering any evidence relating to Carey Guerrero, whose name first appears in an NCPD report in 2003, years after plaintiffs' convictions (items #7, e-1, 2), or to any testimony from the 2005 retrial (items #e-1, f-3,4,5) for their defense that there was probable cause to initiate the prosecution against Restivo and Halstead.

## CONCLUSION

For the foregoing reasons, defendants should be precluded from offering any of the above-listed evidence in support of their probable cause defense to plaintiffs' malicious prosecution claims. To the extent any of this evidence is deemed admissible for another purpose, plaintiffs respectfully request that the Court give a limiting instruction at the time of admission.

---

to the extent that defendants seek to support their contentions that Restivo and Halstead raped Theresa Fusco, aided and abetted in her rape, and aided and abetted in causing her death, with evidence that was not and could not have been admitted at their joint trial – *i.e.* statements allegedly made by John Kogut that posed a *Bruton* problem --, that evidence is equally irrelevant and inadmissible in defense to all of the Restivo/Halstead plaintiffs' claims. *See* Ex 1 at pp. 3-20 (contending, for example, Glen Mielinis's allegations, first made in 2003, that Kogut confessed to him that Restivo and Halstead had participated in the rape and murder of Fusco, are evidence that they in fact did so).

[5] Later-generated evidence could be relevant to the question of whether probable cause existed after plaintiffs' indictments while their prosecution continued, but only when considered in light of later-discovered exculpatory evidence, namely plaintiffs' DNA exclusions.

Dated: July 23, 2012
      New York, New York

Respectfully submitted,

By: \_\_\_/s/ Deborah L. Cornwall_____
NEUFELD SCHECK & BRUSTIN, LLP
Barry Scheck, Esq.
Deborah L. Cornwall, Esq.
Anna Benvenutti Hoffmann, Esq.
Sonam Henderson, Esq.
99 Hudson Street, 8th Floor
New York, New York 10013
Tel. (212) 965-9081
Fax. (212) 965-9084

*Attorneys for Plaintiffs John Restivo and Dennis Halstead*

6

**Certificate of Service**

      I hereby certify that a true and accurate copy of Plaintiffs John Restivo and Dennis Halstead's Motion *In Limine* To Limit Evidence Defendants May Offer For Probable Cause Defense To Plaintiffs' Malicious Prosecution Claims was served by ECF on July 23, 2012, upon the following:

| | |
|---|---|
| Michael Ferguson, Esq.<br>Office of the County Attorney<br>Ralph G. Caso Executive & Legislative Building<br>1 West Street<br>Mineola, New York 11501-4820 | Paul Casteleiro, Esq.<br>200 Washington Street<br>5th Floor<br>Hoboken, New Jersey 07030 |
| Louis Freeman, Esq.<br>Lee Ginsburg, Esq.<br>Nadjia Limani, Esq.<br>Freeman, Nooter & Ginsberg<br>75 Maiden Lane, Suite 503<br>New York, New York 10038 | Anthony M. Grandinette<br>Grandinette & Serio, LLP<br>114 Old Country Rd., Suite 420<br>Mineola, New York 11501 |

                                                        /s/ James Earl
                                                            James Earl
                                                            Paralegal