UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JOHN KOGUT, | ) |
| Plaintiff, | ) ) ) ) |
| -against- | ) ) ) |
| THE COUNTY OF NASSAU, POLICE COMMISSIONER DONALD KANE, POLICE COMMISSIONER WILLIAM J. WILLETT (2005), POLICE COMMISSIONER JAMES LAWRENCE, DETECTIVE SEAN SPILLANE (HEAD OF HOMICIDE 1985), DETECTIVE DENNIS FARRELL (HEAD OF HOMICIDE 2005), CAROLANN HESSEMAN, AS EXECUTRIX FOR THE ESTATE OF JOSEPH VOLPE, DETECTIVE ROBERT DEMPSEY, DETECTIVE ALBERT MARTINO, DETECTIVE WAYNE BIRDSALL, DETECTIVE MILTON G. GRUBER, DETECTIVE CHARLES FRAAS, DETECTIVE FRANK SIRIANNI, DETECTIVE HARRY WALTMAN, P.O. MICHAEL CONNAUGHTON, P.O. WILLIAM DIEHL, and JOHN DOES 1-5, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   06-CV-6695 (JS)(WDW) |
| Defendants. | ) ) |

---

| | |
|---|---|
| JOHN RESTIVO, DENNIS HALSTEAD, MELISSA LULLO, JASON HALSTEAD, TAYLOR HALSTEAD, and HEATHER HALSTEAD, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| -against- | ) ) |
| NASSAU COUNTY, CAROLANN HESSEMAN, AS EXECUTRIX FOR THE ESTATE OF JOSEPH VOLPE, in his individual capacity, ROBERT DEMPSEY, in his individual capacity, FRANK SIRIANNI, in his individual capacity, MILTON GRUBER, in his individual capacity, HARRY WALTMAN in his individual capacity ALBERT MARTINO, in his individual capacity, CHARLIE FRAAS, in his individual capacity, THOMAS ALLAN in his individual capacity, RICHARD BRUSA, in his individual capacity, VINCENT DONNELLY, | ) ) ) ) ) ) ) ) ) ) ) ) )   06-CV-6720(JS)(WDW) |

| | |
|---|---|
| in his individual capacity, MICHAEL CONNAUGHTON, in his individual capacity, WAYNE BIRDSALL, in his individual capacity, WILLIAM DIEHL, in his individual capacity, JACK SHARKEY, in his individual capacity, DANIEL PERRINO, in his individual capacity, ANTHONY KOZIER, in his individual capacity, Detective Sergeant CAMPBELL, (Shield #48), in his individual capacity, SEAN SPILLANE, in his individual capacity, RICHARD ROE SUPERVISORS #1-10, in their individual capacities,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION *IN LIMINE* OF PLAINTIFFS JOHN RESTIVO AND DENNIS HALSTEAD JOINING PLAINTIFF KOGUT'S MOTION *IN LIMINE*

Plaintiffs John Restivo and Dennis Halstead respectfully join the *in limine* motion filed by co-plaintiff John Kogut (D.E. 292) to the extent that it seeks 1) a finding that the cases of Robert Moore, Shonnard Lee and Anibal Martinez be deemed admissible Rule 404(b) evidence against individual NCPD defendants Joseph Volpe and Robert Dempsey; 2) to exclude expert testimony defendants proffer from Dr. Elizabeth Spratt and Pasquale Buffalino, neither of whom filed a report pursuant to Rule 26(a)(2)(e) and this Court's scheduling order. Plaintiffs Restivo and Halstead rely on the facts set forth in Mr. Kogut's motion and submit limited additional argument herein:

**I.   Volpe and Dempsey's Similar Misconduct in the *Moore* and *Lee* Cases Is Admissible Against them Individually as Rule 404(b) Evidence**

As set forth in Kogut's motion *in limine* (and also in plaintiffs' summary judgment briefs), individual defendants Volpe and Dempsey helped fabricate evidence against other innocent homicide suspects in the years following plaintiffs' wrongful convictions. Specifically, in 1995 defendant Volpe fabricated evidence against and elicited a false confession from Robert

1

Moore; in 1997 defendant Dempsey did the same against Shonnard Lee.  *See* Kogut mtn at pp. 1-6; Restivo & Halstead Affirmative Rule 56.1 Statement, D.E. 243, at ¶¶ 71-87.

This evidence is plainly admissible against defendant Nassau County in furtherance of plaintiffs' municipal liability claims. *See Monell v. Dept. of Soc. Servs.,* 436 U.S. 658 (1978). *Monell* liability attaches where a municipality condones unconstitutional conduct by police officers.  *See Amnesty America v. Town of West Hartford*, 361 F.3d 113, 126 (2d Cir. 2004); *Vann v. City of New York*, 72 F.3d 1040, 1049 (2d Cir. 1995).  The *Moore* and *Lee* cases constitute evidence that policymakers condoned misconduct such as that engaged in by the defendants in this case, and did so from the beginning of the prosecution through the final dismissal of the cases in 2005.  *See Chepilko v. City of New York,* No. 06-CV-5491 (ARR)(LB), 2012 WL 398700, at *15 (E.D.N.Y. Feb. 6, 2012) ("[s]ubsequent or contemporaneous conduct can be circumstantial evidence of the existence of preceding municipal policy or custom").[1]

Further, Rule 404(b) permits bad act material that is probative of a party's motive, *modus operandi*, intent, and lack of mistake.  Evidence that Volpe and Dempsey fabricated inculpatory evidence, suppressed exculpatory evidence, and maliciously prosecuted other innocent suspects is admissible as 404(b) evidence on at least two independent grounds.  First, The *Moore* and *Lee* cases are admissible on plaintiffs' continuing malicious prosecution and *Brady* claims as contemporaneous evidence of defendants' motive to cover up their misconduct against plaintiffs in the years following the 1986 convictions through December of 2005 when the prosecution finally reached a favorable termination.  *See Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130

---

[1] *See* Restivo & Halstead plaintiffs' memorandum in opposition to summary judgment, D.E. 241, at pp. 21-25.  *See also Fiacco v. City of Rensselaer,* 783 F.2d 319, 328 (2d Cir. 1986); *Henry v. County of Shasta,* 132 F.3d 512, 519 (9th Cir. 1997) ("we reiterate our rule that post- event evidence is not only admissible for purposes of proving the existence of a municipal defendant's policy or custom, but is highly probative with respect to that inquiry."); *Bordanero v. McLeod,* 871 F.2d 1151, 1166–67 (1st Cir. 1989) (same).

(2d Cir. 1997) (citing *O'Brien v. Alexander*, 101 F.3d 1479, 1484 (2d Cir. 1996) and laying out elements of malicious prosecution claim).  A defendant is liable for malicious prosecution if he or she wrongfully "commenced or continued" a prosecution.  *See, e.g.*, *Kinzer v. Jackson,* 316 F.3d 139, 143 (2d Cir. 2003).  Similarly, the *Brady* obligation with regard to evidence in existence at the time of trial is continuing.  *See Whitlock v. Brueggemann*, 682 F.3d 567, 588 (7th Cir. May 30, 2012).  Here, there is a particularly strong case that defendants maliciously continued the prosecution in addition to maliciously commencing it.  After the original DNA exclusions in 1993-95 dramatically altered the probable cause calculation in the underlying criminal case, and as prosecutors and the police department considered how to move forward in light of those results, defendants took several affirmative steps to continue the prosecution. Two particular examples of such steps are when Volpe misled prosecutors about the evidence, including by hiding his own misconduct and the French car/striped jeans lead, and, when, after his retirement, Volpe misled O'Leary, the new carrying detective who was reinvestigating the case, when O'Leary asked him about a forensic report of the French car O'Leary had found in the file, by falsely telling O'Leary he had "looked into it -- checked it every way" and had determined that "the car had nothing to do with the homicide," while omitting all the facts that made the French car exculpatory.  *See* Restivo & Halstead plaintiffs' memorandum in opposition to summary judgment, D.E. 241, at pp. 14-15.  Had their misconduct in the instant matter come to light at the time the County was evaluating and being sued for their conduct in the *Lee* and *Moore* matters, defendants would have been less able to argue mistake or good faith in those cases and more likely to face discipline.  The evidence of their contemporaneous misconduct in the *Moore* and *Lee* cases and the departmental and legal response to that misconduct provides a strong motive for their continuing misconduct through 2005.

3

Second, as set forth in co-plaintiff Kogut's motion *in limine* (D.E. 292 at pp. 9–12), evidence of these other cases is admissible as Rule 404(b) bad act material probative of defendants' *modus operandi*, intent, and lack of mistake even at the time of their original misconduct. Prior and subsequent bad act evidence is routinely admitted in 42 U.S.C. **§** 1983 actions against police defendants in like circumstances. *See, e.g.*, *Ismail v. Cohen*, 899 F.2d 183, 188–89 (2d Cir. 1990) (in § 1983 excessive force case, affirming admission under Rule 404(b) of evidence – CCRB complaint – alleging that police defendant had "participated in a similar incident soon *after* that involved in the instant case") (emphasis added); *U.S. v. Ramirez*, 894 F.2d 565, 569 (2d Cir. 1990) (affirming admission of "subsequent similar act" evidence in criminal case); *Phillips v. City of New York*, 277 F.R.D. 82, 84 (Pohorelsky, J.) (granting discovery of post-incident disciplinary history of defendant officer pursuant to *Ismael*, "perhaps the leading case concerning the use of similar act evidence in a section 1983 action"); *Barrett v. City of New York*, 237 F.R.D. 39, 41 (E.D.N.Y. 2006) (Matsumoto, J.) (holding that "post-incident investigations regarding a police officer defendant in a section 1983 case may be relevant to issues of pattern, intent, and absence of mistake) (citation and internal quotations omitted); *see also Wilson v. City of Chicago*, 6 F.3d 1233, 1238 (7th Cir. 1993) (reversing district court for failure to admit evidence that police defendant accused of coercing plaintiff's confession with electroshock had used same coercive tactic against another suspect days earlier, finding evidence admissible as to defendant's intent, opportunity, preparation and plan under Rule 404(b)).

Thus, this Court should hold the Lee and Moore evidence admissible against defendants Volpe and Dempsey both as evidence of their motive to continue the malicious prosecution of plaintiffs through 2005, and as Rule 404(b) material of their *modus operandi*, intent, and lack of

4

mistake.

## II. The Undisclosed Expert Testimony of Dr. Spratt and Pasquale Buffalino Should Be Excluded

In addition to the failure to disclose expert reports from Dr. Spratt and Pasquale Buffalino in violation of Rule 26(a)(2)(e) and this Court's scheduling order – reason enough to exclude their testimony as set forth in co-plaintiff Kogut's application –the proffered expert testimony should also be struck because admitting it would unduly prejudice plaintiffs Restivo and Halstead. As co-plaintiff Kogut argues, the ability to have questioned these witnesses at Mr. Kogut's retrial fails to satisfy the disclosure requirements applicable in this federal civil rights action. All plaintiffs would suffer prejudice if these experts were allowed to testify at the upcoming civil trial, but the prejudice to plaintiffs Restivo and Halstead is even worse because neither proffered expert testified at the joint Restivo/Halstead trial. No lawyer representing them has ever had the opportunity to question these witnesses. Defendants had ample opportunity and several extended deadlines by which to disclose reports from any and all experts they wished to call. Having elected not to disclose any report from Dr. Spratt or Pasquale Buffalino, defendants may not now offer opinion testimony from them at the civil trial.

## Conclusion

For all the foregoing reasons and those set forth in co-plaintiff John Kogut's motion i*n limine*, plaintiffs Restivo and Halstead respectfully move that the Court hold the Moore and Lee evidence admissible against defendants Volpe and Dempsey, and exclude the proffered expert testimony of Dr. Spratt and Pasquale Buffalino.

5

Dated: New York, New York
       July 23, 2012

Respectfully submitted,

  /s/ Deborah L. Cornwall_____
Barry C. Scheck
Deborah L. Cornwall
Anna Benvenutti Hoffmann
Sonam Henderson
NEUFELD SCHECK & BRUSTIN, LLP
99 Hudson St., 8th Floor
New York, NY 10013
**Attorneys for plaintiffs**
**John Restivo and Dennis Halstead**

**Certificate of Service**

      I hereby certify that a true and accurate copy of the MOTION *IN LIMINE* OF PLAINTIFFS JOHN RESTIVO AND DENNIS HALSTEAD JOINING PLAINTIFF KOGUT'S MOTION *IN LIMINE* was served by ECF on July 23, 2012, upon the following:

| | |
|---|---|
| Michael Ferguson, Esq.<br>Office of the County Attorney<br>Ralph G. Caso Executive & Legislative Building<br>1 West Street<br>Mineola, New York 11501-4820 | Paul Casteleiro, Esq.<br>200 Washington Street<br>5th Floor<br>Hoboken, New Jersey 07030 |
| Louis Freeman, Esq.<br>Lee Ginsburg, Esq.<br>Nadjia Limani, Esq.<br>Freeman, Nooter & Ginsberg<br>75 Maiden Lane, Suite 503<br>New York, New York 10038 | Anthony M. Grandinette<br>Grandinette & Serio, LLP<br>114 Old Country Rd., Suite 420<br>Mineola, New York 11501 |

                                                                 /s/ James Earl
                                                                  James Earl
                                                                  Paralegal