UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| JOHN KOGUT,<br><br>                      Plaintiff,<br><br>-against-<br><br>THE COUNTY OF NASSAU, POLICE COMMISSIONER DONALD KANE, POLICE COMMISSIONER WILLIAM J. WILLETT (2005), POLICE COMMISSIONER JAMES LAWRENCE, DETECTIVE SEAN SPILLANE (HEAD OF HOMICIDE 1985), DETECTIVE DENNIS FARRELL (HEAD OF HOMICIDE 2005), CAROLANN HESSEMAN, AS EXECUTRIX FOR THE ESTATE OF JOSEPH VOLPE, DETECTIVE ROBERT DEMPSEY, DETECTIVE ALBERT MARTINO, DETECTIVE WAYNE BIRDSALL, DETECTIVE MILTON G. GRUBER, DETECTIVE CHARLES FRAAS, DETECTIVE FRANK SIRIANNI, DETECTIVE HARRY WALTMAN, P.O. MICHAEL CONNAUGHTON, P.O. WILLIAM DIEHL, and JOHN DOES 1-5,<br><br>                      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 06-CV-6695 (JS)(WDW) |
| JOHN RESTIVO, DENNIS HALSTEAD, MELISSA LULLO, JASON HALSTEAD, TAYLOR HALSTEAD, and HEATHER HALSTEAD,<br><br>                      Plaintiffs,<br><br>-against-<br><br>NASSAU COUNTY, CAROLANN HESSEMAN, AS EXECUTRIX FOR THE ESTATE OF JOSEPH VOLPE, in his individual capacity, ROBERT DEMPSEY, in his individual capacity, FRANK SIRIANNI, in his individual capacity, MILTON GRUBER, in his individual capacity, HARRY WALTMAN in his individual capacity ALBERT MARTINO, in his individual capacity, CHARLIE FRAAS, in his individual capacity, THOMAS ALLAN in his individual capacity, RICHARD BRUSA, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 06-CV-6720(JS)(WDW) |

| | |
|---|---|
| in his individual capacity, VINCENT DONNELLY, | ) |
| in his individual capacity, MICHAEL | ) |
| CONNAUGHTON, in his individual capacity, | ) |
| WAYNE BIRDSALL, in his individual capacity, | ) |
| WILLIAM DIEHL, in his individual capacity, | ) |
| JACK SHARKEY, in his individual capacity, | ) |
| DANIEL PERRINO, in his individual capacity, | ) |
| ANTHONY KOZIER, in his individual capacity, | ) |
| Detective Sergeant CAMPBELL, (Shield #48), | ) |
| in his individual capacity, SEAN SPILLANE, | ) |
| in his individual capacity, RICHARD ROE | ) |
| SUPERVISORS #1-10, in their individual | ) |
| capacities, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## PLAINTIFFS JOHN RESTIVO AND DENNIS HALSTEAD'S MOTION *IN LIMINE* TO EXCLUDE POLYGRAPH EVIDENCE

Plaintiffs John Restivo and Dennis Halstead respectfully move *in limine* for an Order barring evidence that any plaintiff or witness was subjected to a polygraph examination, and the reported results, except for co-plaintiff John Kogut.[1]

As a general matter, polygraph evidence is presumptively inadmissible both due to its dubious reliability and due to the overwhelmingly prejudicial impact of "lie detector test results" on a jury's determination of witness credibility. *See, e.g., U.S. v. Scheffer*, 523 U.S. 303, 314 (1998) (noting "that the aura of infallibility attending polygraph evidence can lead jurors to abandon their duty to assess credibility and guilt"); *U.S. v. Kwong*, 69 F.3d 663, 668 (2d Cir. 1995); *U.S. v. Rea*, 958 F.2d 1206, 1224 (2d Cir. 1992); *see also Nimely v. City of New York*, 414 F.3d 381, 398 (2d Cir. 2005) (finding district court abused its discretion in permitting expert testimony as to credibility of witnesses); *People v. Johnson*, 447 N.Y.S.2d 341, 345 (N.Y. Sup. Ct. 1981) ("Certainly polygraphy . . . has no evidentiary standing in the administration of

---

[1] This motion is in addition to plaintiffs' separate *Daubert* motion to exclude the testimony of defense polygraph expert Fred Meyer.

1

criminal law, and therefore could not be considered as a basis for raising the level of reasonable suspicion to that of probable cause.") (citations omitted).  Indeed, no polygraph evidence was introduced at the Restivo/Halstead grand jury or trial.

However, evidence of coplaintiff John Kogut's polygraph examination was presented at his 2005 retrial.  Of the approximately 25 people the NCPD subjected to polygraph examinations during the Fusco investigation, Mr. Kogut is the only one for whom complete polygraph records still exist.  Based on the complete documentation of the Kogut polygraph examination – including 1) a consent to take polygraph form, 2) general information sheet, 3) polygraph worksheet, 4) polygraph exam gesture & checklist form, 5) question sheet, 6) charts registering physiological responses during the examination, and 7) polygraph examination card reflecting the NCPD examiner's opinion – Mr. Kogut was able to discredit the reported result with expert testimony at his 2005 retrial.[2]

Absent the full complement of those materials (most importantly including the contemporaneous charts documenting the subject's physiological responses) for any other witness, it would be impossible to contest whether the result reported by the NCPD examiner was accurate or reliable.  Plaintiffs' polygraph expert Charles Honts will testify that prior to the Fusco investigation, the school where the NCPD polygraph examiners trained had lost its accreditation and the "Arther method" they used had been roundly discredited; its success rate at distinguishing truth from lies was no better than 50/50 – a coin flip – and the method was better

---

[2] The complete set of Kogut polygraph materials is attached hereto as Exhibit 1.  At the 2005 Kogut retrial NCPD polygraph examiner Milton Gruber testified that Kogut had failed the polygraph examination, lying when he denied knowledge of or involvement in the rape and murder of Theresa Fusco.  But, after hearing from experts for both sides about the reliability of Gruber's polygraph methods, among other evidence, Judge Ort's verdict rejected this testimony and found that Kogut's confession was false.  Judge Ort's verdict in *People v. Kogut*, Ind. No. 61029/85 (2005), is attached as Exhibit 2.

2

understood as an interrogation technique, not a lie detection technique.[3]  Both Dr. Honts and defendants' proffered polygraph expert agree that physiological response charts are necessary (if not sufficient) to draw a conclusion about whether the subject was telling the truth.  While Dr. Honts can speak generally about the unreliability of NCPD examiners' techniques, without this raw data for any polygraph exam other than Kogut's, plaintiffs are deprived of the tools to accurately assess the reliability of the NCPD's reported results for each of the other twenty-four or so subjects.  The jury will be left with the gross misimpression that any witness who was polygraphed and went on to testify must have been telling the truth.  *See People v. Leone*, 25 N.Y.2d 511, 518 ("We are all aware of the tremendous weight which such tests would necessarily have in the minds of a jury. Thus, we should be most careful in admitting into evidence the results of such tests unless their reasonable accuracy and general scientific acceptance are clearly recognized.").  This Court should not allow this to happen.

For the foregoing reasons, the Court should enter an Order *in limine* barring evidence that the NCPD conducted polygraph examinations, and their conclusions, regarding anyone other than plaintiff John Kogut.

Dated: July 23, 2012  
      New York, NY

Respectfully submitted,

  /s/ Debi Cornwall_____  
Barry C. Scheck  
Debi Cornwall  
Anna Benvenutti Hoffmann  
Sonam Henderson  
NEUFELD SCHECK & BRUSTIN, LLP  
99 Hudson St., 8th Floor  
New York, NY 10013  
**Attorneys for plaintiffs**  
**John Restivo and Dennis Halstead**

---

[3] The expert report of Prof. Honts is attached hereto as Exhibit 3.

3

## Certificate of Service

      I hereby certify that a true and accurate copy of Plaintiffs John Restivo And Dennis Halstead's Motion *In Limine* To Exclude Polygraph Evidence was served by ECF on July 23, 2012, upon the following:

| | |
|---|---|
| Michael Ferguson, Esq.<br>Office of the County Attorney<br>Ralph G. Caso Executive & Legislative Building<br>1 West Street<br>Mineola, New York 11501-4820 | Paul Casteleiro, Esq.<br>200 Washington Street<br>5th Floor<br>Hoboken, New Jersey 07030 |
| Louis Freeman, Esq.<br>Lee Ginsburg, Esq.<br>Nadjia Limani, Esq.<br>Freeman, Nooter & Ginsberg<br>75 Maiden Lane, Suite 503<br>New York, New York 10038 | Anthony M. Grandinette<br>Grandinette & Serio, LLP<br>114 Old Country Rd., Suite 420<br>Mineola, New York 11501 |

                                                  _____/s/ James Earl_____
                                                       James Earl
                                                       Paralegal