UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JOHN KOGUT, ) | |
| Plaintiff, ) | |
| ) | |
| -against- ) | |
| ) | |
| THE COUNTY OF NASSAU, POLICE ) | |
| COMMISSIONER DONALD KANE, POLICE ) | |
| COMMISSIONER WILLIAM J. WILLETT (2005), ) | 06-CV-6695 (JS)(WDW) |
| POLICE COMMISSIONER JAMES LAWRENCE, ) | |
| DETECTIVE SEAN SPILLANE (HEAD OF HOMICIDE ) | |
| 1985), DETECTIVE DENNIS FARRELL (HEAD OF ) | |
| HOMICIDE 2005), CAROLANN HESSEMAN, AS ) | |
| EXECUTRIX FOR THE ESTATE OF JOSEPH VOLPE, ) | |
| DETECTIVE ROBERT DEMPSEY, DETECTIVE ) | |
| ALBERT MARTINO, DETECTIVE WAYNE ) | |
| BIRDSALL, DETECTIVE MILTON G. GRUBER, ) | |
| DETECTIVE CHARLES FRAAS, DETECTIVE FRANK ) | |
| SIRIANNI, DETECTIVE HARRY WALTMAN, P.O. ) | |
| MICHAEL CONNAUGHTON, P.O. WILLIAM DIEHL, ) | |
| and JOHN DOES 1-5, ) | |
| ) | |
| Defendants. ) | |

---

| | |
|---|---|
| JOHN RESTIVO, DENNIS HALSTEAD, MELISSA ) | |
| LULLO, JASON HALSTEAD, TAYLOR HALSTEAD, ) | |
| and HEATHER HALSTEAD, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| -against- ) | |
| ) | |
| NASSAU COUNTY, CAROLANN HESSEMAN, AS ) | |
| EXECUTRIX FOR THE ESTATE OF JOSEPH VOLPE, ) | 06-CV-6720(JS)(WDW) |
| in his individual capacity, ROBERT DEMPSEY, ) | |
| in his individual capacity, FRANK SIRIANNI, ) | |
| in his individual capacity, MILTON GRUBER, ) | |
| in his individual capacity, HARRY WALTMAN ) | |
| in his individual capacity ALBERT MARTINO, ) | |
| in his individual capacity, CHARLIE FRAAS, ) | |
| in his individual capacity, THOMAS ALLAN ) | |
| in his individual capacity, RICHARD BRUSA, ) | |
| in his individual capacity, VINCENT DONNELLY, ) | |

| | |
|---|---|
| in his individual capacity, MICHAEL CONNAUGHTON, in his individual capacity, WAYNE BIRDSALL, in his individual capacity, WILLIAM DIEHL, in his individual capacity, JACK SHARKEY, in his individual capacity, DANIEL PERRINO, in his individual capacity, ANTHONY KOZIER, in his individual capacity, Detective Sergeant CAMPBELL, (Shield #48), in his individual capacity, SEAN SPILLANE, in his individual capacity, RICHARD ROE SUPERVISORS #1-10, in their individual capacities, <br><br>                              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS JOHN RESTIVO AND DENNIS HALSTEAD'S REPLY IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE POLYGRAPH EVIDENCE**

As explained in the Restivo and Halstead plaintiffs' response to defendants' polygraph motion, D.E. 315, given the general inadmissibility of polygraph results, as well as the high risk of unfair prejudice, the simplest and fairest course is to exclude all mention of polygraphs from the trial. Although defendants admit that polygraph results are inadmissible, D.E. 305-1 at 4–5, they nonetheless suggest several ways in which they may attempt to introduce evidence related to polygraphs at trial. *See, e.g.,* D.E. 320 at 2, 6. Because this evidence has no relevance to any proposition of consequence in this action, and risks extraordinary prejudice, all mention of polygraphs should be excluded from the trial.

Relevance has "two distinct requirements: (1) the evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action." *U.S. v. Kaplan*, 490 F.3d 110, 121 (2d Cir. 2007) (internal citation and quotation omitted). Defendants vaguely argue that "the fact that Kogut agreed to take a polygraph" could rebut a claim "that he was coerced into making a false

1

confession." D.E. 320 at 2.[1]  Defendants do not detail how the two are in any way related.  Put simply, the fact that Mr. Kogut took a polygraph the day before he was coerced into confessing has no bearing on whether and how the coercion occurred.  Defendants also argue that "the fact that a witness took a polygraph may be admissible as evidence of that witness's credibility or to clarify a matter or correct a misimpression that arises as a result of cross-examination."  D.E. 320 at 2.  But they cannot explain how polygraph testing completed in this case is relevant to witness credibility other than through the implication that the witness passed or failed the test.[2]  Defendants are attempting an "end run around the general inadmissibility of polygraph results," which should be rejected. *See Palmer v. City of Monticello*, 31 F.3d 1499, 1506 n.8 (10th Cir. 1994).

Finally, any evidence related to polygraphs must be excluded because of the risk of unfair prejudice and confusion of the issues under Rule 403.  *See, e.g., U.S. v. Fraser*, 206 Fed. Appx. 100, 101 (2d Cir. 2006) ("Both the United States Supreme Court and this Court have repeatedly upheld the exclusion of polygraph evidence because of its unreliability, its potential to confuse the issues and mislead the jury, and the danger of unfair prejudice posed by its admission."); *U.S. v. Graziano*, 558 F. Supp. 2d 304, 325 (E.D.N.Y. 2008) (collecting cases excluding evidence related to polygraphs under Rule 403).  Where, as here, the probative value is dubious at best, the Rule 403 analysis is straightforward: the polygraph evidence must be excluded.

---

[1] As explained in plaintiffs' prior motions, evidence relating to Mr. Kogut's confession is inadmissible against Mr. Restivo and Mr. Halstead, making evidence related to Mr. Kogut's polygraph inadmissible against them as well. *See* D.E. 296, 312.

[2] These implications are doubly misleading here, because the testing that defendants used is unreliable.  For example, defendants allegedly concluded that Kogut failed his polygraph, when fair scoring indicates he actually passed.  *See* D.E. 303.  For the same reason, plaintiffs have moved to exclude defendants' polygraph expert Fred Meyer, who uses the unreliable polygraph method in question and the misleading scoring system.  *See id.*

2

Dated: August 13, 2012
      New York, NY

Respectfully submitted,

  /s/ Deborah L. Cornwall_____
Barry C. Scheck
Debi Cornwall
Anna Benvenutti Hoffmann
Sonam Henderson
NEUFELD SCHECK & BRUSTIN, LLP
99 Hudson St., 8th Floor
New York, NY 10013
**Attorneys for plaintiffs**
**John Restivo and Dennis Halstead**

## Certificate of Service

I hereby certify that a true and accurate copy of Plaintiffs John Restivo And Dennis Halstead's Reply in Support of their Motion *In Limine* To Exclude Polygraph Evidence was served by ECF on August 13, 2012, upon the following:

Michael Ferguson, Esq.
Office of the County Attorney
Ralph G. Caso Executive & Legislative Building
1 West Street
Mineola, New York 11501-4820

Paul Casteleiro, Esq.
200 Washington Street
5th Floor
Hoboken, New Jersey 07030

Louis Freeman, Esq.
Lee Ginsburg, Esq.
Nadjia Limani, Esq.
Freeman, Nooter & Ginsberg
75 Maiden Lane, Suite 503
New York, New York 10038

Anthony M. Grandinette
Grandinette & Serio, LLP
114 Old Country Rd., Suite 420
Mineola, New York 11501

_____/s/ James Earl_____
James Earl
Paralegal

4