UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JOHN KOGUT, | ) | |
|                 Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE COUNTY OF NASSAU, POLICE COMMISSIONER DONALD KANE, POLICE COMMISSIONER WILLIAM J. WILLETT (2005), POLICE COMMISSIONER JAMES LAWRENCE, DETECTIVE SEAN SPILLANE (HEAD OF HOMICIDE 1985), DETECTIVE DENNIS FARRELL (HEAD OF HOMICIDE 2005), CAROLANN HESSEMAN, AS EXECUTRIX FOR THE ESTATE OF JOSEPH VOLPE, DETECTIVE ROBERT DEMPSEY, DETECTIVE ALBERT MARTINO, DETECTIVE WAYNE BIRDSALL, DETECTIVE MILTON G. GRUBER, DETECTIVE CHARLES FRAAS, DETECTIVE FRANK SIRIANNI, DETECTIVE HARRY WALTMAN, P.O. MICHAEL CONNAUGHTON, P.O. WILLIAM DIEHL, and JOHN DOES 1-5, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 06-CV-6695 (JS)(WDW) |
|                 Defendants. | ) | |
| | ) | |
| JOHN RESTIVO, DENNIS HALSTEAD, MELISSA LULLO, JASON HALSTEAD, TAYLOR HALSTEAD, and HEATHER HALSTEAD, | ) ) ) | |
|                 Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NASSAU COUNTY, CAROLANN HESSEMAN, AS EXECUTRIX FOR THE ESTATE OF JOSEPH VOLPE, in his individual capacity, ROBERT DEMPSEY, in his individual capacity, FRANK SIRIANNI, in his individual capacity, MILTON GRUBER, in his individual capacity, HARRY WALTMAN in his individual capacity ALBERT MARTINO, in his individual capacity, CHARLIE FRAAS, in his individual capacity, THOMAS ALLAN in his individual capacity, RICHARD BRUSA, in his individual capacity, VINCENT DONNELLY, in his individual capacity, MICHAEL | ) ) ) ) ) ) ) ) ) ) ) ) ) | 06-CV-6720(JS)(WDW) |

| | |
|---|---|
| CONNAUGHTON, in his individual capacity, | ) |
| WAYNE BIRDSALL, in his individual capacity, | ) |
| WILLIAM DIEHL, in his individual capacity, | ) |
| JACK SHARKEY, in his individual capacity, | ) |
| DANIEL PERRINO, in his individual capacity, | ) |
| ANTHONY KOZIER, in his individual capacity, | ) |
| Detective Sergeant CAMPBELL, (Shield #48), | ) |
| in his individual capacity, SEAN SPILLANE, | ) |
| in his individual capacity, RICHARD ROE | ) |
| SUPERVISORS #1-10, in their individual | ) |
| capacities, | ) |
| | ) |
| Defendants. | |

## PLAINTIFFS' PROPOSED VOIR DIRE QUESTIONS

Plaintiffs John Restivo, Dennis Halstead, through their undersigned counsel, joined by plaintiff John Kogut, respectfully request the Court, pursuant to Rule 47(a) of the Federal Rules of Civil Procedure, to ask the following questions of each potential juror during jury selection in order to obtain the most impartial jury possible. We offer three categories of questions. The first category of questions involves case-specific questions that are crucial to gauging each juror's ability to be impartial in light of the facts of this case and can be asked and any responses can be further queried in front of the entire venire. The second category of questions involves case-specific questions that are also crucial to obtaining an impartial jury but affirmative responses requiring follow-up run the risk of contamination. Thus, we respectfully request that follow-up regarding this second category of questions be done individually. A prime example of this category of questions would involve exposure to pretrial media. Other examples would be elaborations to questions that may prove either embarrassing or evoke strong opinions that may affect the impartiality of other prospect jurors. The third category of questions involves probing areas where jurors may be reluctant to provide forthright responses in the first instance. As the Court may remember, we identified the reasons certain questions may be difficult to address in

1

front of others in the context of our initial motion for a written questionnaire and individual voire dire (D.E. 297).  For the same reasons cited therein, we respectfully request that this third category of questions, including but not limited to questions about prospective jurors' experiences with law enforcement officials, experiences with drug and alcohol abuse, and experiences with racial animus (if necessary depending on the Court's *in limine* rulings on plaintiffs' motions to exclude alleged prior bad act evidence, D.E. 293, D.E. 302, D.E. 305), be posed individually.

### CATEGORY ONE: QUESTIONS TO BE POSED TO THE ENTIRE VENIRE

1. Have you had any education, training, or experience in the following areas?

    ___ Psychology, psychiatry, counseling, mental health, or social services

    ___ Law or paralegal training

    ___ DNA testing

    ___ Criminal justice or corrections (law enforcement)

    ___ Police interrogation or questioning techniques

    ___ Forensic sciences

    ___ Private investigations

    ___ Biology

2. Is your spouse or any other family member involved in any of the occupations listed in question 2?  If so, identify the family member and his or her occupation from the list above.

3. Have you, a family member, or a close friend ever worked in law enforcement (including state or local police and sheriff's departments, the FBI, the Securities and Exchange Commission, any prosecutor's office, the Department of Corrections, any regulatory agency, etc.)?

4. If you indicated that a family member or close friend has worked in law enforcement (but you have not), did you ever discuss his or her work-related activities?

5. Is there anyone here who has served as a juror in the past?

2

6. Is so what type of jury was it (civil, criminal, grand jury)?

7. If you served as a juror in the past, without telling us what the verdict was, did you reach a verdict?

8. If so, thereafter did anyone speak with the parties, their counsel or the court following the verdict?

    [Different rules of law and burdens of proof will apply to this civil case than a criminal case, and it is my instructions which will govern your verdict, not your understanding of the rules of law that applied in your prior matter.]

9. Have you, a close friend, or family member ever worked in a laboratory or otherwise been involved in any manner whatsoever with any type of scientific analysis?

10. If you indicated that a family member or close friend has worked in a laboratory or otherwise been involved in any manner whatsoever with any type of scientific analysis, did you ever discuss his or her work-related activities?

11. What are your thoughts and feelings about lawsuits against police or other law enforcement personnel?

12. Do you support legislative reform efforts to place caps or limits on the amount of money juries can award?

13. Have you heard or read anything about any statutes or laws in the state of New York regarding wrongful conviction or the exoneration of the wrongfully convicted? If yes, have you formed any opinions on the issue?

14. Would the fact that in 2011 the finances of Nassau County were taken over by New York State authorities because of the view that its finances were in crisis make you less impartial and fair in a matter of this grave importance than you would wish to be?

15. Has anyone here ever been employed by or own stock in an insurance company or any affiliate thereof?

16. If plaintiffs John Kogut, John Restivo and Dennis Halstead prove by a preponderance of the evidence that any defendant is liable, would Nassau County's current financial circumstances make you less impartial and fair in a matter of this grave importance than you would wish to be?

17. Would you tend to give more or less weight to the testimony of a witness who is a law enforcement officer as opposed to any other witness?

18. There will be a considerable amount of scientific evidence (e.g., DNA, forensic hair comparison, false confessions) throughout this trial. Do you have any experience with

this type of evidence? If so, would you be more or less persuaded by it than other types of evidence?

19. In the course of the trial, you may hear evidence that police officers elicited statements from certain plaintiffs that were false. You may also hear evidence that the same police officers elicited statements from certain witnesses that were false. Do you believe that under certain extreme circumstances an individual can make a false statement or confession about a heinous crime? What circumstances can you imagine where an individual would give a false statement or confession to police?

20. Plaintiff John Kogut contends a confession he signed admitting to murder was false and that he signed the false confession because certain defendant Nassau County Police Detectives coerced him into signing the false confession. Do you believe that under no circumstances could you ever be coerced into signing a false confession admitting to murder?

21. Can you imagine a scenario where you would sign a confession admitting to a crime you did not commit?

22. Do you believe that the police can coerce a person into signing a false confession admitting to a crime the person did not commit?

23. Do you believe that the only circumstance that could serve to coerce you or corece someone else into signing a false confession would be physical torture?

24. Do you believe that it is not possible for the police using only psychological tactics and no violence or threats of violence to coerce someone into signing a false confession?

25. Is there anyone here that believes a police officer would never coerce a false confession from a person they were interrogating about a serious crime?

26. The plaintiffs are alleging that the Nassau County Police Detectives falsified physical evidence by planting the victim's hairs in plaintiff John Restivo's van to make it appear that the victim was in the van thereby corroborating plaintiff Kogut's alleged confession. Is there anyone who believes that the police would never plant evidence or create false evidence implicating someone in the commission of serious crime?

27. If you believed an individual was giving a false statement, what kind of clues would indicate to you that the individual was lying?

## CATEGORY TWO: QUESTIONS TO BE POSED TO THE ENTIRE VENIRE BUT WHICH MAY REQUIRE FOLLOW-UP WITH INDIVIDUAL PROSPECTIVE JURORS

28. Have you heard or read anything about this case or plaintiffs John Kogut, John Restivo and Dennis Halstead? If yes, please limit yourself to "yes" and I will call you up to the sidebar to discuss further.

29. Have you heard of any news stories about young, teenage women living in Lynbrook going missing during the 1980s? If yes, please limit yourself to "yes" and I will call you up to the sidebar to discuss further.

30. Have you ever testified as a witness at any kind of legal proceeding, besides at trial? If yes, please limit yourself to "yes" and I will call you up to the sidebar to discuss further.

31. As you may know, ones of the attorneys for plaintiff John Restivo, Mr. Barry Scheck, represented O.J. Simpson in a highly publicized trial approximately seventeen years ago. Is there anything about Mr. Scheck's defense of Mr. Simpson and/or his involvement with that case that would make you less impartial and fair in a matter of this grave importance than you would wish to be? If yes, please limit yourself to "yes" and I will call you up to the sidebar to discuss further.

32. As you may know, Mr. Scheck is also one of the co-founders and co-directors of the Innocence Project, an organization that works to exonerate those wrongly convicted for crimes they did not commit. Is there anything about Mr. Scheck's involvement with the Innocence Project that would make you less impartial and fair in a matter of this grave importance than you would wish to be? If yes, please limit yourself to "yes" and I will call you up to the sidebar to discuss further.

33. Do you have any negative opinions about any of the attorneys involved in this case? If yes, please limit yourself to "yes" and I will call you up to the sidebar to discuss further.

34. Has a member of your family or someone close to you ever been the victim of a crime? If yes, please limit yourself to "yes" and I will call you up to the sidebar to discuss further.

35. Plaintiffs John Kogut, John Restivo and Dennis Halstead in this case will be seeking millions of dollars in damages from Nassau County, one of the defendants. Do you have any personal, religious, and/or philosophical belief(s) that would make it difficult for you to award large sums of money to the above Plaintiffs, regardless of what the evidence shows? If yes, please limit yourself to "yes" and I will call you up to the sidebar to discuss further.

36. After serving over eighteen years in prison, plaintiffs John Kogut, John Restivo and Dennis Halstead in this proceeding had the criminal convictions against them vacated and criminal proceedings dismissed because DNA evidence collected from the rape and murder victim did not match that of the above plaintiffs. The rape and murder of a 16 year-old young woman in 1984 remains unsolved. Plaintiffs John Kogut, John Restivo and Dennis Halstead are alleging that Nassau County police engaged in a range of

5

misconduct from planting evidence to extricating false confessions to relying on false testimony from drug addicts and jailhouse snitches in order to obtain a wrongful conviction. Is there anything about this kind of case that would make you less impartial and fair in a matter of this grave importance than you would wish to be? If yes, please limit yourself to "yes" and I will call you up to the sidebar to discuss further.

37. The evidence in this case will include details of a rape and murder for which plaintiffs John Kogut, John Restivo and Dennis Halstead were convicted and subsequently released. Do you feel that hearing the details of the probable rape and murder of a young woman would make you less impartial and fair in a matter of this grave importance than you would wish to be? If yes, please limit yourself to "yes" and I will call you up to the sidebar to discuss further.

38. Do you feel that you would have a difficult time rendering a verdict against each of the individual defendants because they are or were employed by Nassau County Police Department? If yes, please limit yourself to "yes" and I will call you up to the sidebar to discuss further.

39. Are you aware of any issues related to conduct and/or procedures at the Nassau County Police Department Crime Lab? If yes, please limit yourself to "yes" and I will call you up to the sidebar to discuss further.

40. Are you aware of any allegations of misconduct associated with the Nassau County Police Department? If yes, please limit yourself to "yes" and I will call you up to the sidebar to discuss further.

41. Clearly, police can be under tremendous pressure when asked to investigate a heinous crime that is getting the focus of a lot of media attention. In the face of such pressure, do you think police should be given more latitude in their investigation in terms of following procedure? If yes, please limit yourself to "yes" and I will call you up to the sidebar to discuss further.

42. In the course of the trial, you may learn that one or some of the plaintiffs when they were in their middle-twenties or early thirties socialized, partied and may have engaged in sexual activities with high-school-age women. Do you think such a fact would make you less impartial and fair in a matter of this grave importance than you would wish to be? If yes, please limit yourself to "yes" and I will call you up to the sidebar to discuss further.

43. There may be evidence that in 1984 certain of the plaintiffs used the "N" word even though it also appears that they were comfortable with and had friends who were of color. Would you be able to listen to the evidence and be as impartial and fair in a matter of this grave importance as you would wish even after hearing testimony that the plaintiffs may have used the "N" word? If yes, please limit yourself to "yes" and I will call you up to the sidebar to discuss further.

44. You may learn that one or more witnesses and or parties in this case has one or more prior criminal convictions. I will instruct you on the law concerning what if any weight you may give to the fact that a witness or party has a prior criminal conviction or convictions, is there anyone here who cannot follow my instructions and will simply dismiss the merits of a witness(es) testimony on the grounds of a prior conviction(s)?

## CATEGORY THREE: QUESTIONS TO BE ASKED EACH PROSPECTIVE JUROR INDIVIDUALLY

45. If you, or a family member or a close friend have worked for law enforcement, have you or the family member or a close friend ever been accused of work-related misconduct? If yes, in light of this experience, do you think you would be able to be as impartial and fair as you would wish in listening to a matter of this grave importance where the defendants are accused of work-related misconduct?

46. Have you, any member of your family, or a close friend ever been involved in a criminal proceeding, as either a defendant or a witness? If yes, in light of this experience, do you think you would be able to be as impartial and fair as you would wish in listening to a matter of this grave importance?

47. Have you had any experience (good or bad) with any law enforcement agency that would make it difficult for you to remain fair and impartial throughout this trial? If yes, in light of this experience, do you think you would be able to be as impartial and fair as you would wish in listening to a matter of this grave importance?

48. Have you, a family member or a close friend ever had a problem with drugs or alcohol? If yes, in light of this experience, do you think you would be able to be as impartial and fair as you would wish in listening to a matter of this grave importance where one or some of the plaintiffs acknowledge having drug and alcohol problems?

49. You may hear evidence that some of the plaintiffs have abused drugs and alcohol. Two of the plaintiffs acknowledge they are alcoholics. How do you feel about that?

50. Have you or a family member ever been victimized by racial animus, including but not limited to being called a racial epithet? If yes, in light of this experience, do you think you would be able to be as impartial and fair as you would wish in listening to a matter of this grave importance where one of the plaintiffs admits to having used the "N" word?

Dated: New York, New York  
August 30, 2012

Respectfully submitted,

___/s/ Deborah L. Cornwall_____  
Barry C. Scheck  
Deborah L. Cornwall  
Anna Benvenutti Hoffmann  
Sonam Henderson  
NEUFELD SCHECK & BRUSTIN, LLP  
99 Hudson St., 8th Floor  
New York, NY 10013

**Attorneys for plaintiffs**  
**John Restivo and Dennis Halstead**

### Certificate of Service

I hereby certify that a true and accurate copy of Plaintiffs John Restivo and Dennis Halstead's Requested Voir Dire Questions was served by ECF on August 30, 2012, upon the following:

Michael Ferguson, Esq.  
Office of the County Attorney  
Ralph G. Caso Executive & Legislative Building  
1 West Street  
Mineola, New York 11501-4820  
mferguson@nassaucountyny.gov

Louis Freeman, Esq.  
Lee Ginsberg, Esq.  
Nadjia Limani, Esq.  
Freeman, Nooter & Ginsberg  
75 Maiden Lane, Suite 503  
New York, New York 10038  
freemefree@aol.com  
leeloulaw@aol.com  
nlimani@aol.com

Paul Casteleiro, Esq.  
200 Washington Street  
5th Floor  
Hoboken, New Jersey 07030  
pcasteleiro@aol.com

Anthony M. Grandinette  
Grandinette & Serio, LLP  
114 Old Country Rd., Suite 420  
Mineola, New York 11501  
grandinettelaw@gmail.com

_____/s/ James Earl_____  
James Earl  
Paralegal