*Kogut v. Cty. of Nassau, et al.,*
06 CV 6695 (JS) (WDW)

**Defendants' Proposed Voir Dire**
[**Plaintiffs' objections & counterproposals in redline and explanations in margin comments*]

**Description of Case**

This is a civil rights action brought by the plaintiffs, John Kogut, John Restivo and Dennis Halstead, who contend that they were wrongly convicted and imprisoned for 18 years for a rape/murder they did not commit. Plaintiffs contend that their prosecutions, trials and convictions were the result of unconstitutional conduct by individual defendant Nassau County police officers, and that the individual defendant police officers were following unwritten rules for how Nassau County conducted homicide investigations. Specifically, plaintiffs contend that individual police defendants fabricated and coerced a false confession from plaintiff John Kogut, planted evidence, pressured witnesses into making false statements, and covered up evidence that would have helped plaintiffs show their innocence. Plaintiffs Kogut, Restivo and Halstead contend that this misconduct violated their constitutional rights in two ways: first, that the police defendants deprived plaintiffs of fair trials, and second, that the police defendants initiated a malicious prosecution of plaintiffs and continued it until John Kogut was acquitted at a retrial, and the charges against John Restivo and Dennis Halstead were dismissed, in 2005. Plaintiffs are seeking money damages from Nassau County.

The Nassau County defendants deny that they engaged in any improper or unlawful conduct. Rather, the Nassau County defendant police officers and other individuals involved in the criminal investigation contend that they, acted in an appropriate and legal manner. They contend that tTheir investigation discovered enough reliable evidence to support probable cause to believe there that the prosecutions of arrest the Plaintiffs would succeed. The

> **Comment [dlc1]:** *See* DE353, Docket entry of 8/17/12 and oral order of 8/16/12 holding that standard for probable cause is whether there was probable cause to believe the prosecution would succeed based on the admissible evidence (not probable cause to arrest).

~~probable cause included multiple voluntary statements and confessions to law enforcement personnel and a voluntary videotaped confession by John Kogut in which he implicated himself and Plaintiffs Halstead and Restivo. In addition, other evidence which established probable cause to arrest the Plaintiffs was discovered by the continuing investigatory work by the many police officers assigned to the case.~~ ~~The legally obtained evidence was properly presented to the Nassau County District Attorney's Office. The District Attorney's Office properly presented this evidence to a Grand Jury of citizens that voted to indict all three Plaintiffs.~~

> **Comment [dlc2]:** *See* DE353 & Docket entry of 8/17/12 holding that evidence defendants may rely upon in arguing that there was enough admissible evidence to create probable cause to believe the prosecutions would succeed against John Kogut, John Restivo and Dennis Halstead, is limited to evidence that was both listed in defendants' contention interrogatory responses and admissible against each plaintiff in the separate criminal proceedings.
>
> **Comment [dlc3]:** Violates summary judgment Decision & Order (DE353 at 15) ("... NCPD officers cannot use the prosecutors' decision-making to shield their alleged wrongdoing.").

The Defendants contend they did not act illegally or with malic~~iously~~. ~~, as claimed by the Plaintiffs.~~ I will give you a legal definition of malice and the elements of malicious prosecution later in the case. Defendants contend that they did not coerce confessions or plant any evidence or cover up any investigatory leads. ~~The defendant police officers investigated this case and established probable cause to arrest the individuals who committed the crimes against Theresa Fusco~~ ~~and that probable cause led them to arrest the Plaintiffs.~~

**Juror Questionnaire**

1. Have you heard or read anything about this case or plaintiffs John Kogut, John Restivo and Dennis Halstead?

2. Is English your native language?

3. If employed, what is your occupation?

4. How long have you been engaged in your current occupation?

5. If you are retired, unemployed, or have been at your current occupation less than five years, what was your previous occupation?

6. Do you have any children?

7. What is the occupation of your children?

8. Do you own your home, do you rent, or do you live with your parents or other family members?

9. What is your educational background?

10. Have you or any family member had any education, training, or experience in the following areas: DNA testing, Criminal Justice, Corrections, Law Enforcement, Police interrogation, Questioning techniques, Forensic sciences, Private investigations or Security? If yes, explain.

11. Are you now, or have you recently been under a doctor's care for mental, emotional, or substance abuse problems?

12. Are you taking any medication that could interfere with your ability to serve as a juror?

13. Do you have any physical problems that would interfere with your ability to serve as a juror?

14. Have you, a family member, or a close friend ever worked or are you applying for a job to work in law enforcement? [Including state or local police and sheriff's departments, the FBI, the Securities and Exchange Commission, any prosecutor's office, the Department of Corrections, or any regulatory agency.]

15. Have you, a family member, or a close friend ever been employed by federal, state or local government, including the courts and the post office?

16. Have you, a close friend, or family member ever worked in a laboratory or otherwise been involved in any manner whatsoever with any type of scientific analysis?

17. Have you ever served in the military?

18. What are your hobbies?

19. What groups and/or organizations do you and/or your spouse and/or domestic partner belong?

20. Have you ever held any office or title in the organizations listed in your answer to the previous question?

21. What is your main source for news?

22. What newspapers and/or magazines do you read on a regular basis?

23. What television shows (including the news) do you watch on a regular basis?

24. Have you ever served as a juror at trial?

25. Were you the foreperson of the jury?

26. What kind of a case did you sit on?

27. Did the jury reach a verdict, hung jury or was the case settled?

28. Have you ever served as a grand juror?

29. Were you the foreperson of the grand jury?

30. Have you, any member of your family, or a close friend ever been involved in a criminal proceeding, as either a defendant or a witness? [You may answer at sidebar.]

31. Have you, any member of your family, or a close friend ever been involved in a civil lawsuit, as either a plaintiff, defendant or a witness?

32. Have you ever testified as a witness at any kind of legal proceeding?

33. This case may receive media attention. Will you be able to follow the court's instruction that you are not to watch television, listen to or watch any media coverage or read news about this case on the internet and that the only evidence you are permitted to consider is that which is presented in court?

34. The court and the parties estimate that after a jury is selected, this case may last up to six weeks, and possible even longer than that. We will generally not sit on Fridays. Does this schedule provide a hardship? If so, please explain.

35. During the course of this proceeding you will be required and asked not to share anything you hear or see with anyone, including your spouse, domestic partner and/or loved ones. Will you have difficulty adhering to these terms?

36. Do you have any personal, religious, and/or philosophical beliefs about what the law is or should be that would make it difficult to follow the Court's legal instructions?

37. Are you or a close member of your family personally acquainted with any of the following individuals?

Dennis Halstead
John Kogut
John Restivo
Melissa Lullo
Jason Halstead
Taylor Halstead
Heather Halstead
Thomas Allen
Wayne Birdsall
Richard Brusa

"Soupy" Campbell
Michael Connaughton
Robert Dempsey
William Diehl
Vincent Donnelly
Robert Edwards
Charles Fraas
Milton Gruber
Anthony Kosior
Albert Martino
Daniel Perrino
Frank Sirianni
Jack Sharkey
Sean Spillane
Joseph Volpe
Harry Waltman
Kogut v. Cty. of Nassau, et al.
Robert Biancavilla
Denis Dillon
Joseph Famighetti
Dennis Farrell
Robert Hillman
Donald Kane
Fred Klein
James Lawrence
Edward McCarty
Michael O'Leary
Theodore Robinson
Peter Weinstein
Bruce Whitney
William J. Willett
Esther Bonasia
Simon Bonasia
Dawn Cockerel
Kenneth Cockerel
Michael Cockerel
Gail Cole
Maureen Corbett
Lorraine DiGiuseppe
Joanne Egington Nitti
John French
Lori French Gabberty
Concetta Napoli Fusco
Victoria Halstead
Kogut v. Cty. of Nassau, et al.
Lisa Kaplan Johnson

Leo Klein
Christopher Lampasona
Paul Lampasona
Frank Meyers
Glen Mielinis
Linda Miller
Iris Morrissey
Kelly Morrissey
Ignatius Napoli
John Nitti
Brian O'Hanlon
Cary O'Hanlon
Carl Pozzini
David Rapp
Walter Rapp, Jr.
Charles Restivo
Frida Restivo
Sheryl Schneider
Donna Schneider
Brian Skellington
David Skellington
Keith Skellington
Debra Smith
Harold Smyle
Robert Bauman
Marcello Baez
Edward Beahr
Rochelle Bernstein
Jeremiah Breen
Elizabeth Cagan
Steven Cagan
Anna Campbell
Dorsha Campbell
James Casatelli
Carolann Davies
Thomas DeCrescenzo
Stephen Dorfman
Arthur Fleischman
Thomas Gilhooley
Carey Guerriero
Tara Gonzalez
Scott J. Kovar
Joan Lenahan
Kerry Ann Sellick
Lomando
Dr. Daniel McCarthy

Paul Miller
Samuel Newsome
Linda Norton
John Overs
George Peck
Lisa Price
Walter Poppe
Paul Howard Rauch
Mary Ann Rosino
Vito Schiraldi
Andrew Tursi
Joseph Tayler
Anthony Walsh
Catherine Arther
Dr. Tamara Bloom
Dr. Pasquale Buffolino
Peter DeForest
Alison Claire Domzalski
Dr. John Herr
Max Houck
Prof. Charles Honts
Saul Kassin
Dr. Terry Melton
Richard Ofshe
Dr. Elizabeth Spratt
Faye Ann Springer
Nicholas Petraco
Shawn Weiss
Hans Christian
Anderson
Michael Bachman
Craig Bandini
Paul Bastian
Robert Baxter
Jeremiah Breen
Ernest Breithaupt
Charles Burkhard
Elvin Campbell
Michael Cannino
Phillip Caponi
David Devine
Caine Dominici
James Dundon
George Duprey
Stephen Eichner
Daniel Evelly

John William Evelly
Steve Evelly
William Evelly
Art Freelander
Solomon Fulero
John Fusco
Thomas Fusco
Sean Galligan
John Glennon
Ronald Grab
Patrick Griffin
John Hemmy
William Hynes
Carmelo Kaplan
Joseph Kronenburg
Gerard Kuster
Benjamin Langdon
Daniel Ludecker
Steven Manchin
Scott Manchin
John Martini
Robert Martini
Thomas McBride
Michael McCarthy
Gregory McManus
Robert Mielinis
Charles Mohr, Jr.
Richard Moyles
Neil Multop
Craig Neiderberger
John Nutini
Roger Ofner
Raymond Pensabene
Jasmani Perez
Charles Price
John Rallo
John Rapp
Salvatore Roseo
Thomas Ryan, Jr.
Alex Sapounas
Gary Scherpple
Peter Schlegel
David Shafer
Richard Skewes
R.J. Springsteen
Angelo

Talierico/Talercio
Peter Talierico/Talercio
Scott Tiederman
Steven Toledo
John Torregrossa
Stephen Trapani
John Updigrove
Michael Vogel
John Warner
Matthew Wilson
Michael Wren
Michael Baird
Adele Bernhard
P.O. Blumgrene
Leonard Bonasia
Dorsha Campbell
Meghan E. Clement
Robin Cotton
P.O. Crowe
Debbie DeCarlo
Rachel Doft
Frances Berry Doyle
Joseph Dragotto
Lauren Galbreath
Kate Germond
Thomas Henenlotter
Lucille Klein, aka Roxanne Pizzolo
Lewis Liman
Terry Maroney
Thomas McVann
Michael Morpeau
Nina Morrison
Marge Niedecker
Mechthild Prinz
Anthony Orslini
Alan Schneider
Paul Winke

38. Do you know or have any connection (personal, business, or social) with any of the attorneys for the plaintiffs John Kogut, John Restivo and Dennis Halstead?
- Paul Casteleiro
- Anthony Grandinette, John Serio (Law firm of Grandinette & Serio)
- Barry Scheck, Debi Cornnwall, Anna Benvenutti Hoffmann, Sonam Henderson (Law firm of Neufeld Scheck & Brustin LLP).

39. Do you know or have any connection (personal, business, or social) with any of the attorneys for the Defendants?

- Lou Freeman, Lee Ginsberg, Nadjia Limani (Law firm of Freeman, Nooter & Ginsberg)
- Michael Ferguson (Nasssau County Attorney's Office)

40. Have you had any experience (good or bad) with any law enforcement agency that would make it difficult for you to remain fair and impartial throughout this trial?

43. Would you tend to give more or less weight to the testimony of a witness who is a law enforcement officer as opposed to any other witness?

44. You will hear evidence that the Plaintiffs were originally convicted and sentenced to long prison terms but their convictions were later overturned. However, the issue in this case is not whether the Plaintiffs are guilty or not guilty of the crimes with which they were charged but whether the police <ins>violated the constitutional rights of the plaintiffs by depriving them of fair trials and prosecuting them without enough reliable evidence to believe that the prosecutions would succeed.</ins> <del>acted properly with probable cause to investigate, arrest and indict the plaintiffs.</del> Will you be able to render a fair and impartial verdict even though the criminal cases against the plaintiffs were dismissed?

45. You will hear evidence, that certain DNA evidence found on the body of Theresa Fusco, who was the murder and rape victim, did not match the DNA of any of the Plaintiffs. Will this evidence alone cause you to render a verdict in favor of the Plaintiffs or will you be able to listen to all of the other evidence and the Court's instruction before you decide on a verdict?