```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOHN KOGUT,

                        Plaintiff,
                                              MEMORANDUM & ORDER
            -against-                         06-CV-6695(JS)(WDW)
                                              (LEAD CASE)
THE COUNTY OF NASSAU, POLICE
COMMISSIONER DONALD KANE, POLICE
COMMISSIONER WILLIAM J. WILLETT (2005),
POLICE COMMISSIONER JAMES LAWRENCE,
DETECTIVE SEAN SPILLANE (HEAD OF HOMICIDE
1985), DETECTIVE DENNIS FARRELL (HEAD OF
HOMICIDE 2005), CAROLANN HESSEMAN, AS
EXECUTRIX FOR THE ESTATE OF JOSEPH VOLPE,
DETECTIVE ROBERT DEMPSEY, DETECTIVE ALBERT
MARTINO, DETECTIVE WAYNE BIRDSALL,
DETECTIVE MILTON G. GRUBER, DETECTIVE
CHARLES FRAAS, DETECTIVE FRANK SIRIANNI,
DETECTIVE HARRY WALTMAN, P.O. MICHAEL
CONNAUGHTON, P.O. WILLIAM DIEHL, and
JOHN DOES 1-5,

                        Defendants.
----------------------------------------X
JOHN RESTIVO, DENNIS HALSTEAD,
MELISSA LULLO, JASON HALSTEAD,
HEATHER HALSTEAD, and TAYLOR
HALSTEAD,
                                              06-CV-6720(JS)(WDW)
                        Plaintiffs,           (MEMBER CASE)

            - against -

NASSAU COUNTY, CAROLANN HESSMAN, AS
EXECUTRIX FOR THE ESTATE OF JOSEPH VOLPE,
in his individual capacity, ROBERT DEMPSEY,
in his individual capacity, FRANK SIRIANNI,
in his individual capacity, MILTON GRUBER,
in his individual capacity, HARRY WALTMAN
in his individual capacity, ALBERT MARTINO,
in his individual capacity, CHARLIE FRAAS,
in his individual capacity, THOMAS ALLEN
in his individual capacity, RICHARD BRUSA,
in his individual capacity, VINCENT DONNELLY,
```

in his individual capacity, MICHAEL
CONNAUGHTON, in his individual capacity,
WAYNE BIRDSALL, in his individual capacity,
WILLIAM DIEHL, in his individual capacity,
JACK SHARKEY, in his individual capacity,
DANIEL PERRINO, in his individual capacity,
ANTHONY KOZIER, in his individual capacity,
Detective Sergeant CAMPBELL, (Shield #48),
in his individual capacity, SEAN SPILLANE,
in his individual capacity, RICHARD ROE
SUPERVISORS #1-10, in their individual
capacities,

        Defendants.
-----------------------------------------X
APPEARANCES
For Plaintiffs:
John Kogut    Anthony M. Grandinette, Esq.
        John T. Serio, Esq.
        Grandinette & Serio, LLP
        114 Old Country Road, Suite 420
        Mineola, New York 11501

        Paul Casteleiro, Esq.
        86 Hudson Street
        Hoboken, New Jersey 07030

John Restivo,   Barry C. Scheck, Esq.
Dennis Halstead,  Deborah L. Cornwall, Esq.
Melissa Lullo,   Monica R. Shah, Esq.
Jason Halstead,   Nick Joel Brustin, Esq.
Heather Halstead, Anna Benvenutti Hoffman, Esq.
and Taylor     Sonam A. H. Henderson, Esq.
Halstead      Cochran, Neufeld & Scheck, LLP
        99 Hudson Street, 8th Floor
        New York, New York 10013

For Defendants:  Louis M. Freeman, Esq.
        Lee Ginsberg, Esq.
        Freeman, Nooter & Ginsberg
        75 Maiden Lane, Suite 503
        New York, New York 10038

                    David L. Lewis, Esq.
                    Lewis & Fiore, Esq.
                    225 Broadway, Suite 3300
                    New York, New York 10007

                    Liora M. Ben-Sorek, Esq.
                    Sondra Meryl Toscano, Esq.
                    Christine Ann Lobasso, Esq.
                    Dennis J. Saffran, Esq.
                    Sondra Meryl Toscano, Esq.
                    Office of the Nassau County Attorney
                    One West Street
                    Mineola, New York 11501

SEYBERT, District Judge:

This Memorandum and Order addresses Restivo and Halstead's motion to exclude evidence of Plaintiffs' prior bad acts. (Docket Entry 300.) Restivo and Halstead move to exclude: (1) Halstead's nolo contendere pleas to various Florida crimes; (2) evidence of illegal drug use; (3) evidence that Restivo or Halstead used racist language; (4) allegations of domestic violence and statutory rape; (5) a non-party's domestic violence convictions; and (6) Restivo's brother's convictions for witness intimidation or tampering. (Docket Entry 300.) For the following reasons, this motion is GRANTED IN PART and DENIED IN PART, and the Court RESERVES JUDGMENT IN PART.

I. The Nolo Contendere Pleas

Evidence of Halstead's nolo contendere pleas is not admissible. Nolo contendere pleas are generally inadmissible.

3

FED. R. EVID. 410. The Court need not reach whether these pleas can be used for impeachment because Defendants have not shown how Halstead's crimes fall within the rubric outlined in Federal Rule of Evidence 609.

II. Prior Drug Use

The Court reserves judgment on Restivo and Halstead's request to exclude evidence of prior drug use. It will entertain objections to this evidence as the trial progresses.

III. Racist Language

Similarly, the Court reserves judgment on whether evidence that Restivo used a racist slur during an exchange with one of Plaintiffs' alibi witnesses. Defendants would use the exchange to help explain why the witness eventually repudiated a statement that he had provided to Plaintiffs' investigator. Defendants argue that the exchange, which shocked and angered the witness, helps rebut Plaintiffs' suggestion that the witness changed his story simply to curry favor with prosecutors. Unsurprisingly, Plaintiffs argue that this evidence is severely prejudicial. The Court will rule on this evidence as the trial develops. See Irizarry v. Corknard, No. 10-CV-1022, 2012 WL 2990021, at *1 (N.D.N.Y. July 20, 2012) ("Courts considering a motion in limine may reserve decision until trial so that the

4

motion is placed in the appropriate factual context."). The Court will incorporate appropriate questions into its jury voir dire.

IV. Domestic Violence and Statutory Rape

Except as follows, the Court reserves judgment on Restivo and Halstead's request to exclude evidence (1) of their acquaintance with local teenagers and (2) that they committed acts of domestic violence. Defendants may <u>not</u> elicit testimony that any of the Plaintiffs had sexual relationships with underage girls. Fed. R. Evid. 403.

V. David Rapp's Criminal History

Evidence of David Rapp's criminal history is inadmissible except as follows. Defendants may elicit evidence that Rapp was facing unspecified criminal charges at the time he told detectives about his conversation with Restivo in order to rebut Plaintiffs' position that Rapp's statement was coerced. (See Defs. Opp. 11.)

VI. Witness Tampering

Restivo and Halstead's request to bar evidence of Charlie Restivo's witness tampering is denied. This evidence may be used to impeach Charlie Restivo because the convictions

involve dishonest acts and their impeachment value substantially outweighs their prejudicial effect.  FED. R. EVID. 609(b).

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:     September 4, 2012
             Central Islip, New York