UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN KOGUT, | ) |
| Plaintiff, | ) |
| | ) |
| -against- | ) |
| | ) |
| THE COUNTY OF NASSAU, POLICE COMMISSIONER DONALD KANE, POLICE COMMISSIONER WILLIAM J. WILLETT (2005), POLICE COMMISSIONER JAMES LAWRENCE, DETECTIVE SEAN SPILLANE (HEAD OF HOMICIDE 1985), DETECTIVE DENNIS FARRELL (HEAD OF HOMICIDE 2005), CAROLANN HESSEMAN, AS EXECUTRIX FOR THE ESTATE OF JOSEPH VOLPE, DETECTIVE ROBERT DEMPSEY, DETECTIVE ALBERT MARTINO, DETECTIVE WAYNE BIRDSALL, DETECTIVE MILTON G. GRUBER, DETECTIVE CHARLES FRAAS, DETECTIVE FRANK SIRIANNI, DETECTIVE HARRY WALTMAN, P.O. MICHAEL CONNAUGHTON, P.O. WILLIAM DIEHL, and JOHN DOES 1-5, | )  )  )  )  )  )  )  06-CV-6695 (JS)(WDW)  )  )  )  )  )  )  )  )  )  )  ) |
| Defendants. | ) |
| | ) |
| JOHN RESTIVO, DENNIS HALSTEAD, MELISSA LULLO, JASON HALSTEAD, TAYLOR HALSTEAD, and HEATHER HALSTEAD, | )  )  )  ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| -against- | ) |
| | ) |
| NASSAU COUNTY, CAROLANN HESSEMAN, AS EXECUTRIX FOR THE ESTATE OF JOSEPH VOLPE, in his individual capacity, ROBERT DEMPSEY, in his individual capacity, FRANK SIRIANNI, in his individual capacity, MILTON GRUBER, in his individual capacity, HARRY WALTMAN in his individual capacity ALBERT MARTINO, in his individual capacity, CHARLIE FRAAS, in his individual capacity, THOMAS ALLAN in his individual capacity, RICHARD BRUSA, in his individual capacity, VINCENT DONNELLY, | )  )  )  06-CV-6720(JS)(WDW)  )  )  )  )  )  )  )  )  )  ) |

in his individual capacity, MICHAEL                          )
CONNAUGHTON, in his individual capacity,                     )
WAYNE BIRDSALL, in his individual capacity,                  )
WILLIAM DIEHL, in his individual capacity,                   )
JACK SHARKEY, in his individual capacity,                    )
DANIEL PERRINO, in his individual capacity,                  )
ANTHONY KOZIER, in his individual capacity,                  )
Detective Sergeant CAMPBELL, (Shield #48),                   )
in his individual capacity, SEAN SPILLANE,                   )
in his individual capacity, RICHARD ROE                      )
SUPERVISORS #1-10, in their individual                       )
capacities,                                                  )
                                                             )
                    Defendants.                              )
                                                             )

## ALL PLAINTIFFS' JOINT REQUESTS TO CHARGE

**INSTRUCTIONS ON CLAIMS**

Now I will give you an overview of the plaintiffs' claims against the County of Nassau and the individual Nassau County police officers.

Plaintiffs John Kogut, John Restivo and Dennis Halstead contend that Nassau County Police defendants Joseph Volpe, Robert Dempsey, Frank Sirianni, Harry Waltman, Albert Martino, Thomas Allen, Michael Connaughton, Milton Gruber, Wayne Birdsall, Charles Fraas, Jack Sharkey, Sean Spillane and Dennis Farrell violated their constitutional rights. Plaintiffs allege that police defendants' misconduct includes:

1) covering up evidence that was helpful to the plaintiffs such as the evidence surrounding the theft of John French's car the night of Theresa Fusco's disappearance and the later recovery of the car with striped jeans similar to those Fusco had been wearing when she disappeared;

2) planting Theresa Fusco's hairs among hairs collected from John Restivo's van; and,

3) creating false witness statements.

In addition, plaintiff Kogut contends that the police defendants also violated his rights by:

4) fabricating his false confession;

5) coercing his false confession; and

6) fabricating his Miranda Rights Warning Card .

Additionally, Plaintiffs Kogut, Restivo and Halstead contend that police supervisor Detective Lieutenant Spillane caused their convictions by failing to provide adequate supervision to the police defendants.

Plaintiffs contend that this alleged misconduct violated their rights in the following ways:

First, they contend that the alleged misconduct of Dets. Volpe, Dempsey and the other Nassau County police defendants denied them their constitutional rights to a fair trial and deprived them of their liberty without due process of law.

Second, they contend that Dets. Volpe, Dempsey and the other Nassau County police defendants maliciously prosecuted them in violation of state law and their constitutional rights under the Fourth and Fourteenth Amendments.[1]

---

[1] *Singer v. Fulton County Sheriff*, 63 F.3d 110, 116 (2d Cir.1995)

## Claims Under 42 U.S.C. § 1983

Many of the plaintiffs' claims are brought under Section 1983 of Title 42 of the United States Code, a provision of federal law allowing an individual to seek redress in this court by way of damages against any person who, under color of state law, intentionally deprives that individual of any rights, protected by the Constitution or laws of the United States.[2]

In order to prevail on a claim under Section 1983 against a defendant, a plaintiff must prove the following three elements by a preponderance of the evidence:

1. That the defendant intentionally committed acts that violated one or more of the plaintiff's Federal constitutional rights;

2. That in so doing the defendant acted "under color of law"; and

3. That the defendant's acts were the legal cause of the plaintiff's damages.[3]

### Intentional violations of plaintiff's federal constitutional rights

Under the Constitution of the United States, an individual has the right to a fair trial, the right not to be deprived of liberty without due process of law, and the right not be maliciously prosecuted. The plaintiffs contend Dets. Volpe, Dempsey and the other Nassau County police defendants violated each of these rights.

### Color of state law

State or local officials act under color of state law when they exercise power possessed by virtue of state law and made possible only because they are clothed with the authority of state law. A defendant who abuses the position given to him by the State acts under color of state law.[4]

### Legal Cause

An act or omission is a legal cause of an injury and the resulting damages if the injury and damages are a natural, or reasonably foreseeable, consequence of the act.[5] There may be more than one cause of an injury and damages. To be a legal cause of an injury and damages, an act or omission need not be the only cause of the injury and damages; rather, you need to

---

[2] Fifth Circuit Civil Pattern Jury Instructions 10.2

[3] *See* 42 U.S.C. § 1983; *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir.1994); *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999). For causation element, see Fifth Circuit Civil Pattern Jury Instructions 10.1, Eleventh Circuit Civil Instruction 2.2; *but see* Third Circuit Model Civil Jury Instruction 4.3(causation an element for determining damages, not liability)

[4] *Kern v. City of Rochester*, 93 F.3d 38, 43 (2d Cir. 1996) (quoting *West v. Atkins*, 487 U.S. 42, 49-50 (1988)).

[5] *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 24 (2nd. Cir. 1990).

determine whether it was a substantial factor in bringing about the injury and damages.[6]  You may decide that a cause is substantial even if you find it was a relatively small factor.[7]  To be substantial, a cause cannot be slight or trivial.[8]

---

[6] *Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 15 (2d Cir. 2000).

[7] *Id.*

[8] Adapted from New York Pattern Jury Instructions – Civil § 2:70.

## Denial of Due Process and the Right to a Fair Trial Under 42 U.S.C. § 1983 and the U.S. Constitution

Plaintiffs' first contention under section 1983 is that Dets. Volpe, Dempsey and the other Nassau County police defendants violated their constitutional rights by depriving them of liberty without due process of law and a fair trial. Plaintiffs contend that Dets. Volpe, Dempsey and the other Nassau County police defendants violated their constitutional rights to due process of law and a fair trial in the following ways:

1)   withholding material exculpatory or impeachment evidence; and

2)   fabricating evidence by planting evidence and improperly securing false witness statements.

If plaintiffs prove that a defendant engaged in one or more of these acts of misconduct, then you may find that their constitutional rights to due process and a fair trial have been violated. I will now explain the law for determining whether defendants engaged in each of the three types of misconduct alleged by plaintiffs.

Withholding Material Exculpatory or Impeaching Evidence

Plaintiffs may succeed on their claims that Volpe, Dempsey and the other Nassau County police defendants violated their rights to due process and a fair trial by proving that defendants withheld evidence favorable to Plaintiffs at their criminal trials in 1986. In order to show that a particular officer withheld exculpatory or impeachment evidence, plaintiffs must prove the following by a preponderance of the evidence:

1)   The Evidence Was Favorable: First the plaintiffs must prove that the police defendants were aware of information that was favorable to plaintiffs, that is, exculpatory or impeachment information. Evidence is "exculpatory" if it would have tended to undermine the evidence of guilt or show their innocence. An example of exculpatory evidence is evidence tending to show that someone other than the plaintiffs raped and murdered Ms. Fusco.[9] Evidence is "impeachment" if it calls into question the reliability or credibility of a witness.[10] An example of impeachment evidence is evidence tending to show that a police witness lied. You may have heard the attorneys, witnesses or the Court refer to "*Brady* material." The term "*Brady* material" refers to both impeachment and exculpatory evidence.

2)   The Evidence Was Deliberately Suppressed: Next the plaintiffs must prove that the police

---

[9] *DiSimone v. Phillips*, 461 F.3d 181, 195 (2d. Cir. 2006) ("[E]vidence that another person had confessed to the stabbing was unmistakably exculpatory"); *Mendez v. Artuz*, No. 98 Civ. 2652(LMM)(AJP), 2000 WL 722613, *13 (S.D.N.Y. June 6, 2000) (collecting cases).

[10] *Kyles v. Whitley*, 514 U.S. 419, 445-49 (1995); *United States v. Bagley*, 473 U.S. 667, 676 (1985); *Friedman v. Rehal*, 618 F.3d 142, 153 -154 (2d. Cir. 2010) (impeachment evidence).

defendant you are considering knowingly withheld the information from the prosecutor;[11]

3) The Evidence Was Material: Evidence is "material" if there is a reasonable chance that if the evidence had been disclosed during the criminal proceedings, it would have affected the outcome of the criminal trial.[12] The question is not whether the plaintiffs would have received different verdicts with the evidence, but whether in its absence they received fair trials; that is, trials whose verdicts are worthy of confidence.[13] Put another way, the plaintiffs must prove that the failure to disclose the evidence undermines confidence in the outcome of their criminal trials.[14] Remember that unlike in this proceeding, at the criminal trial, the burden was on the prosecution to prove that the plaintiffs were guilty beyond a reasonable doubt. Evidence tending to create or contribute to a reasonable doubt as to their guilt would qualify as material.

Fabrication of Evidence

Plaintiffs may also succeed on their claims that Volpe, Dempsey and the other Nassau County police defendants violated their rights to due process and a fair trial by proving that the defendant you are considering fabricated or created false evidence.[15] In order to show that a particular officer fabricated evidence, Plaintiffs must prove the following:[16]

First, that the defendant officer deliberately created false evidence or caused another police defendant to create false evidence. Plaintiffs contend that the police defendants deliberately fabricated, or made up, the following kinds of evidence.

Hair evidence:

Plaintiffs contend that Det. Volpe and the other defendant police officers fabricated hair evidence by planting or causing another police officer to plant hairs obtained during the autopsy of Theresa Fusco, and thereafter maintain that the hairs were contained in debris removed from the Restivo van.[17]

False witness statements:

Plaintiffs also contend that the police defendants improperly secured false witness

---

[11] *Walker v. City of New York*, 974 F.2d 293, 299 (2d Cir. 1992) (withholding evidence from prosecutor).

[12] *United States v. Rivas*, 377 F.3d 195, 199 (2d Cir. 2005) (citing *Bagley*, 473 U.S. at 682).

[13] *Kyles v. Whitley*, 514 U.S. 419, 434 (1995).

[14] *Id.*

[15] *Miller v. Pate,* 386 U.S. 1, 6,-7 (1967).

[16] *See Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997); *Zahrey v. Coffey,* 221 F.3d 342, 348-49 (2d Cir. 2000); *Jocks v. Tavernier*, 316 F.3d 128, 138 (2d Cir.2003).

[17] *See Miller,* 386 U.S. at 6, 7.

statements.  Where a police defendant secures witness statements by using investigative techniques that were so coercive and abusive that he knew or should have known that those techniques would yield false information, that is a fabrication of evidence.[18]

<u>False Confession</u>:

In addition to the foregoing, plaintiff John Kogut contends that Dets. Dempsey and Volpe, working alone or together, created and fabricated a false confession, by, during their interrogation of John Kogut:

    (a)  deliberately providing or "feeding" him a series of facts already known to them and other police personnel, yet unknown to the public at large and specifically to John Kogut;

    (b)  coercing, deceiving and tricking John Kogut into signing that false confession and adopting the content of that confession as his own knowledge;

    (c)  thereafter misleadingly representing to the Nassau County District Attorney's Office that the alleged facts that comprised John Kogut's confession were provided fully, knowingly and voluntarily by John Kogut himself, all in direct contradiction to his allegations against these defendants.

Additionally, and in relation to his claim concerning the confession, plaintiff John Kogut contends that Dets. Dempsey and Volpe, working alone or together, created and fabricated a "Miranda Rights Warning Card" by:

    a)  presenting that rights card to John Kogut for his signature <u>after,</u> and not before, he was interrogated by Dets. Dempsey and Volpe; and

    b)  once the card was executed, misleadingly representing to the Nassau County District Attorney's Office that the rights card of which we speak was signed by John Kogut before he was interrogated when the card was in fact presented to him and ultimately signed by him only after he his interrogation.

<u>Elements of Fabrication</u>:

Plaintiffs satisfy the deliberate fabrication element if you find that a police defendant planted or caused another person to plant hairs, and/or that he improperly secured false witness statements.  Plaintiff Kogut can also satisfy the deliberate fabrication element if you find that defendants Volpe or Dempsey fed Mr. Kogut facts about the crime he did not know, and then misrepresented to the prosecutors that those facts originated with Mr. Kogut.

---

[18] *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc); *cf. Zahrey v. City of New York,* No. CIV.A. 98-4546 DCPJC, 2009 WL 54495 (S.D.N.Y. Jan. 7, 2009) (finding malice element of malicious prosecution claim met with proof that "[d]efendants . . . 'used investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information'" (quoting *Devereaux*, 263 F.3d at 1076)).

Second, each plaintiff must prove that the false evidence was used against him at his 1986 criminal trial; and

Third, plaintiffs must prove that the use of that false evidence likely influenced the criminal jury's decision in the 1986 trials.

Plaintiffs Restivo and Halstead were tried separately from plaintiff Kogut. When considering whether the police defendants deprived the plaintiffs of a fair trial, you must consider whether the trial was fair only in light of the evidence actually presented at the criminal trial. The Kogut confession evidence was used against John Kogut at his trial, but was never used against Restivo and Halstead in their trial.

Finally, you have heard some evidence relating to probable cause. I will define probable cause in a moment. For now, I instruct you that probable cause is not a defense to fabrication.[19] Similarly, an officer's subjective belief in an individual's guilt is not a defense to fabrication. It is equally unlawful for a law enforcement officer to fabricate evidence against a suspect he believes to be guilty of a crime as it is for him to fabricate evidence against a suspect he believes to be innocent. Each person who has been accused of a crime has the right to have his innocence or guilt determined on the basis of true evidence, not evidence that has been made up by the officers in charge of the investigation.[20]

---

[19] *Ricciuti*, 124 F .3d at 129–130 ("Each of the defendants insists that so long as there was probable cause for Alfred Ricciuti's arrest-independent of the allegedly fabricated evidence-the fabrication of evidence is legally irrelevant. In essence, they argue that as long as the arrest complied with the Fourth Amendment, the Ricciutis can have no claim for post-arrest fabrication of evidence against them. This argument-an ill-conceived attempt to erect a legal barricade to shield police officials from liability-is built on the most fragile of foundations; it is based on an incorrect analysis of the law and at the same time betrays a grave misunderstanding of those responsibilities which the police must have toward the citizenry in an open and free society. No arrest, no matter how lawful or objectively reasonable, gives an arresting officer or his fellow officers license to deliberately manufacture false evidence against an arrestee.")

[20] *Jones v. Chicago*, 856 F. 2d 985, 993 (7th Cir. 1988) (Posner, J.) (affirming verdict for plaintiff against police defendants who "had a hunch he was guilty and were not going to let a mere absence of evidence stand in their way."); *Ricciuti*, 124 F .3d at 129–130 ("No arrest, no matter how lawful or objectively reasonable, gives an arresting officer or his fellow officers license to deliberately manufacture false evidence against an arrestee. To hold that police officers, having lawfully arrested a suspect, are then free to fabricate false confessions at will, would make a mockery of the notion that Americans enjoy the protection of due process of the law and fundamental justice"); *Washington v. Buraker*, 322 F.Supp.2d 702, 709 (W.D. Va. 2004) ("The officers did not have to know that Washington was actually innocent for Washington's fabrication claim to survive. The fabrication claim is based on a deliberate constitutional violation, and the introduction of evidence showing that the interrogating officers knew Washington had not volunteered non-public information, but represented that Washington had, in fact, volunteered non-public information, will be sufficient for Washington's fabrication claim to survive summary judgment"); *see also Washington v. Buraker, et al.*, No. 3:02-CV-00106 (NKM), 2006 WL 759675 (W.D. Va. Mar. 23, 2006) (Slip op. at 7).

**Malicious Prosecution in Violation of 42 U.S.C. § 1983, the U.S. Constitution and New York State Law**[21]

Plaintiffs also contend that Volpe, Dempsey and the other Nassau County police defendants maliciously prosecuted them for the rape and murder of Theresa Fusco.

In order to prevail on their claim of malicious prosecution, the plaintiffs must prove four elements by a preponderance of the evidence:

The officer you are considering:

1) commenced or continued a criminal proceeding against the plaintiffs,

2) without probable cause,

3) with malice, as I will define that term, and

4) the criminal proceeding terminated in the plaintiffs' favor.[22]

I will now instruct you as to the meaning of each of these elements.

First, in order to commence or continue a prosecution, an officer must do more than simply report a crime or give testimony. Rather, he must play an active role in the prosecution, such as by giving advice and encouragement or pressing the prosecutors or other authorities to act. A jury may permissibly find that an officer initiated or continued a prosecution where he filed charges or prepared fabricated evidence and forwarded it to prosecutors.[23]

Second, probable cause exists if, based on the facts known to the officers at the time, a reasonably prudent person would believe there was enough admissible evidence for a prosecution against the plaintiffs to succeed.[24]  What the officers personally believed is irrelevant.[25]  The question is whether a reasonably prudent person would believe there was

---

[21] The only difference between malicious prosecution under federal law and malicious prosecution under New York state law is that federal law requires "a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." *See Rohman v. New York City Transit Authority (NYCTA)*, 215 F.3d 208, 215 (2d Cir. 2000). Because here there is no dispute that plaintiffs' years of incarceration were a sufficient restraint on their liberty to implicate their constitutional rights, plaintiffs respectfully suggest that one instruction be given for both the state and federal law malicious prosecution claims.

[22] *See Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010); *Kinzer v. Jackson,* 316 F.3d 139, 143 (2d Cir. 2003); *Colon v. City of New York,* 60 N.Y.2d 78, 82 (1983); *Broughton v. State*, 37 N.Y.2d 451, 457 (1975).

[23] *Manganiello*, 612 F.3d at 163; *Rohman,* 215 F.3d at 217; *Ricciuti.*, 124 F.2d at 130.

[24] *Colon*, 60 N.Y.2d at 82; *Boyd v. City of New York*, 336 F.3d 72, 77 & n.7 (2d Cir. 2003).

[25] *Annunziata v. City of New York*, 575 F. Supp. 2d 491, 495 (S.D.N.Y. 2008).

enough admissible evidence for the prosecution to succeed.  Reason to investigate or suspect one or more of the plaintiffs is not enough to show probable cause to believe a prosecution would succeed.

<u>Presumption of Probable Cause and Rebutting that Presumption</u>

It is not disputed that the plaintiffs were indicted by the grand jury and later convicted of the rape and murder of Theresa Fusco. Because they were indicted,  you must presume that probable cause existed, unless the plaintiffs overcome or rebut that presumption.[26]

The presumption of probable cause may be overcome or rebutted in any one of five ways, including proof that one or more of the officers:

    (1) did not make a complete and full statement of the facts;
    (2) misrepresented or falsified evidence,
    (3) otherwise acted in bad faith when presenting the evidence to the grand jury or district
          attorney,
    (4) failed to make a further inquiry when a reasonable person would have done so, or
    (5) deviated so egregiously from acceptable police practices as to demonstrate an
          intentional or reckless disregard for proper procedures.[27]

Plaintiffs contend that Volpe, Dempsey and the other police defendants did not make a full statement of the facts, misrepresented or falsified material evidence and acted in bad faith when presenting information to the prosecutors and grand jury by withholding evidence of the French car/striped jeans lead, and by presenting fabricated evidence in the form of planted hairs, false witness statements they had improperly secured, and, for Mr. Kogut, his false confession and related fabricated Miranda Warnings Card..

Plaintiffs also contend that the defendant officers failed to make further inquiry when a reasonable person would have done so by focusing their investigation of the Theresa Fusco homicide exclusively on the plaintiffs, despite knowing that the French car lead pointed away from plaintiffs and despite knowing that they had fabricated most of the evidence against plaintiffs and that in the absence of that fabricated evidence, there was no probable cause to believe a prosecution of plaintiffs could succeed.

Plaintiffs further contend that defendants' fabrications and suppression of evidence demonstrate that they deviated so egregiously from acceptable police practices as to demonstrate an intentional or reckless disregard for proper procedures:

If you find that Volpe, Dempsey or any of the other police defendants acted in any one of

---

[26] *McClellan v. Smith*, 439 F.3d 137, 145 (2d Cir. 2006); Black's Law Dictionary, 8th ed. at 1223.

[27] *McClellan*, 439 F.3d  at 145-46; *Hernandez v. State of New York*, 228 A.D.2d 902, 904 (N.Y. App. Div. [3d Dep't] 1996); *Lee v City of Mount Vernon*, 49 NY2d 1041, 1043 (1980); *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996) (citing *Colon*, 60 N.Y.2d at 82).

these ways, you may find that the presumption of probable cause has been overcome.

<u>Probable Cause to Believe the Prosecution Would Succeed</u>

If you find that the presumption of probable cause has been overcome, you must determine whether the police defendants had probable cause to believe that a prosecution against the plaintiffs would succeed based on the admissible evidence.

<u>John Kogut</u>

The only evidence you may consider in determining whether there was probable cause to believe the prosecution of John Kogut would succeed is the confession evidence and the hair evidence. Plaintiff Kogut contends that both the confession and the hair were fabricated. False or fabricated evidence cannot support probable cause. If you find that a reasonably prudent person in the police defendants' shoes would have known that any of these two pieces of evidence was false, you must not consider it in deciding whether there was probable cause. You may however consider evidence known to police that was favorable to the plaintiffs, including, for example, the French car-striped jeans lead, in determining whether or not there was probable cause to believe the prosecution could succeed.

<u>John Restivo and Dennis Halstead</u>

The only evidence you may consider in determining whether there was probable cause to believe the prosecution of John Restivo and Dennis Halstead would succeed through the following:[28]

1) Evidence that Eileen Tosner told police that Harold Smyle said he knew who killed Theresa Fusco.

2) Evidence of Harold Smyle's statements to police and grand jury testimony that:

   a. Some time before Theresa Fusco's body was discovered on December 5, 1984, John Restivo stated to him that "they will probably find her strangled somewhere."

   b. Some time after Theresa Fusco's body was discovered on December 5, 1984, John Restivo stated to him that "It doesn't matter, I know who killed her. I can't tell you." Plaintiffs contend that police knew or should have known that this statement was false. If you so find, then this statement does not support probable cause.

3) Evidence that Det. Fraas reported and testified in the grand jury that hairs collected from

---

[28] *See* D.E. 353 ("To show probable cause, defendants are limited to using evidence that was both (1) included in their responses to Restivo's and Halstead's contention interrogatories and (2) admissible in the underlying criminal proceedings."); D.E. 296-1 at pp. 22-27.

Restivo's blue Ford Econoline van on March 26, 1985 were microscopically consistent with Theresa Fusco's hair. Plaintiffs contend that the hair evidence was planted, false and fabricated.  If you so find, then this evidence does not support probable cause.

You may not consider any evidence tending to show guilt other than the Tosner statement, these Smyle statements, and the hair evidence when determining whether there was probable cause to believe the prosecution would succeed against Restivo and Halstead.  False or fabricated evidence cannot support probable cause. If you find that a reasonably prudent person in the police defendants' shoes would have known that any of these three pieces of evidence was false, you must not consider it in deciding whether there was probable cause. You may however consider evidence known to police that was favorable to the plaintiffs, including, for example, the French car-striped jeans lead, in determining whether or not there was probable cause to believe the prosecution could succeed.

Malice

Third, you must determine whether the police defendants acted with malice.  The word malice has a particular meaning under the law, which may be different from the everyday meaning that you assign to it.  To demonstrate malice, the plaintiffs need not demonstrate that Volpe, Dempsey or the other police defendants intended to do them personal harm.[29] Rather, malice may be proven by showing that defendants acted in any one of the following three ways:

1) pursued a lawful end by intentionally unlawful means, such as by taking an illegal action in order to obtain a conviction of a person they believed to be guilty.[30]  For example, if you find that the police defendants deliberately fabricated evidence or withheld helpful evidence, you may find they acted with malice.

2) acted with reckless disregard of the rights of the plaintiff.[31] Reckless disregard means more than mere negligence, but rather conduct that was highly unreasonable and created risks to plaintiffs' rights so obvious that the defendant officers must have been aware of them.[32]

3) acted pursuant to a wrong or improper motive, in other words acted for some reason other than a desire to see the ends of justice served. [33]

---

[29] *Naim v. City of New York*, No. 10–CV–912 (FB)(RER),  2012 WL 2923308, 3 (E.D.N.Y. July 18, 2012) (quoting Ramos v. City of New York, 729 N.Y.S.2d 678, 691 (1st Dep't 2001)).

[30]*Pinsky v. Duncan*, 79 F.3d 306, 313 (2d Cir. 1996).

[31] *Manganiello v. City of New York*, 612 F.3d 149, 163 (2d Cir. 2010).

[32] *South Cherry Street, LLC v. Hennessee Group LLC*, 573 F.3d 98, 109 (2nd Cir. 2009)

[33] *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 573 (2d Cir. 1996)

<u>Favorable Termination</u>

Finally, you must consider whether the prosecution of the plaintiffs for the rape and murder of Theresa Fusco ended in the plaintiffs' favor. A criminal proceeding has ended in a plaintiff's favor if there can be no further prosecution of the plaintiff for the alleged offense, unless the circumstances surrounding the termination of the criminal proceedings were inconsistent with the innocence of the plaintiff.[34] Plaintiffs need not prove they are actually innocent, nor must they show that there was any finding of innocence or even that the termination of the criminal proceeding was indicative of innocence.[35] Here, there is no dispute that the criminal proceedings against Mr. Kogut conclusively ended with his acquittal in 2005, and the criminal proceedings against Mr. Restivo and Mr. Halstead conclusively ended when the prosecutor moved to dismiss the indictment against them on December 29, 2005. Accordingly, you must find that there was favorable termination unless you find that the terminations of those proceedings were inconsistent with innocence.

---

[34] *Smith-Hunter v. Harvey*, 95 N.Y.2d 191, 195-196 (2000) (" As we stated in Robbins v. Robbins, 133 N.Y. 597, 599, 30 N.E. 977, a criminal proceeding is terminated favorably to the accused when 'there can be no further proceeding upon the complaint or indictment, and no further prosecution of the alleged offense.' Moreover, it makes no 'difference how the criminal prosecution is terminated, provided it is terminated, and at an end' … The common law, however, also recognizes an exception to the general rule where termination of the criminal prosecution is inconsistent with the innocence of the accused."); *Cantalino v. Danner*, 96 N.Y.2d 391, 395 (2001).

[35] *Rothstein v. Carriere*, 373 F.3d 275, 286 (2nd Cir. 2004); *Smith-Hunter*, 95 N.Y.2d at 199 (the law "should not require one who is falsely and maliciously accused to proceed to trial – incurring additional financial and emotional costs – as a prerequisite to recovery for malicious prosecution.").

**42 U.S.C. § 1983 Civil Rights Conspiracy**

In addition to their claims against the police defendants as individuals, plaintiffs Restivo and Halstead also claim that Dets. Volpe, Dempsey and other police defendants are liable for a conspiracy to violate their constitutional rights.  That is, plaintiffs contend that the police defendants agreed amongst themselves and with other individuals to deprive Plaintiffs of their constitutional rights to due process and a fair trial.  An officer who conspired to deprive Mr. Restivo and Mr. Halstead of their rights is liable for the acts of the people he conspired with.

In order to prove a conspiracy claim with regard to an officer, Mr. Restivo and Mr. Halstead must prove three elements by a preponderance of the evidence:[36]

(1) Agreement: The police defendant(s) entered into an agreement with at least one other person who was not a Nassau County employee.[37]  Mr. Restivo and Mr. Halstead contend that Volpe, Dempsey and the police defendants conspired with one or more of the following witnesses - Harry Smyle, Kenneth Cockerel, Steven Dorfman, Brian O'Hanlon, and Sam Newsome - to create false evidence against Mr. Restivo and Mr. Halstead.  You may find that any of these witnesses was a co-conspirator even if you find that he was pressured to participate in the conspiracy.[38]  A party to a conspiracy need not know the identities of all the other parties to the conspiracy in order to be a co-conspirator.[39]

(2) To Violate Constitutional Rights: The agreement was to deprive Mr. Restivo and/or Mr. Halstead of their constitutional rights. While all the conspirators need to have agreed to violate Mr. Restivo and/or Mr. Halstead's rights, they do not need to have done so for the same reasons.[40]

(3) Overt Act: At least one of the parties to the agreement committed an overt act that damaged Mr. Restivo and Mr. Halstead.  An overt act need not itself be illegal to be actionable.  For example, if you find a police defendant created a false witness statement, you may consider that as an overt act in furtherance of the conspiracy.

Conspiracies are by their very nature secretive operations.  Based on circumstantial evidence, you may find a conspiracy existed even if each member of the conspiracy denies participation.  There does not need be any written agreement to conspire. In fact, the conspirators

---

[36] D.E. 362 (quoting *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999)); *Field Day, LLC v. County of Suffolk*, No. 04-CV-2202(DRH)(WDW), 2005 WL 2445794, 21 (E.D.N.Y. Sept. 30, 2005).

[37] As set forth in plaintiffs' briefing in opposition to defendants' Rule 12(c) and summary judgment motions, Plaintiffs respectfully object to the application of the intra-corporate conspiracy doctrine to this claim.

[38] *See, e.g., U.S. v. Villegas*, 899 F. 2d 1324 (2d Cir. 1990); *U.S. v Gaviria*, 804 F. Supp. 476, 477 (E.D.N.Y. 1992)

[39] *United States v. Maldonado-Rivera*, 922 F.2d 934, 963 (2d Cir.1990)

[40] *U.S. v. Thompson*, 76 F.3d 442, 454 (2d Cir. 1996) ("participants' goals need not be congruent for a single conspiracy to exist, so long as their goals are not at cross-purposes.")

do not need to explicitly speak words communicating agreement. The mere fact that two people participate together in a suspicious or wrongful course of conduct is enough to suggest conspiracy.[41] Once a conspiracy is established, it takes only slight evidence to show that another person participated in that conspiracy.[42]

---

[41] *U.S. v. Sabhnani*, 599 F.3d 215, 244 (2d Cir. 2010) ; *U.S. v. Henry*, 325 F.3d 93, 105 (2d Cir. 2003).

[42] *See U.S. v. Marrapese*, 486 F.2d 918 (2d. Cir. 1973).

## **Failure to Provide Constitutionally Adequate Supervision in Violation of 42 U.S.C. § 1983 and the U.S. Constitution**

Mr. Restivo and Mr. Halstead also contend that Detective Sgt. Spillane, acting in violation of Section 1983 of Title 42 of the United States Code, denied them their constitutional rights to a fair trial, not to be deprived of their liberty without due process of law and/or not to be maliciously prosecuted through his acts in supervising Volpe, Dempsey and the other defendant police officers.

Mr. Restivo and Mr. Halstead can prevail on their claims against Detective Sgt. Spillane by showing that he either:

1)  participated directly in a constitutional violation; or

2)  created a policy or custom under which unconstitutional practices occurred.[43]

To show that Detective Sgt. Spillane participated directly in a constitutional violation, Mr. Restivo and Mr. Halstead must prove by a preponderance of the evidence that he maliciously prosecuted them or violated their rights to due process or a fair trial. You must evaluate the claims that Detective Spillane violated their rights to due process or a fair trial or maliciously prosecuted them under the same standards that I previously explained to you with regard to the other defendants. A supervisory defendant like Detective Sgt. Spillane is directly involved in a constitutional violation if he directed the officers under him to take actions that constituted a violation of one or more of the plaintiffs' constitutional rights.[44]

Alternatively, to show that Det. Sgt. Spillane created a policy or custom under which unconstitutional practices occurred, Mr. Restivo and Mr. Halstead must prove that Detective Sgt. Spillane, acting with deliberate indifference to the consequences of his actions, created and maintained a policy, practice or custom which directly caused the constitutional violation.[45] Deliberate indifference is something more than just negligence: to be deliberately indifferent an official need not intend to do harm but must know that his conduct creates a substantial risk of serious harm.[46]

If you find, according to these criteria, that Det. Sgt. Spillane participated directly in a constitutional violation against Mr. Restivo and Mr. Halstead or that he created a policy, custom or practice under which violations of their constitutional rights occurred, then you must find for the plaintiffs on this claim.  If you find that Detective Sgt. Spillane did not directly participate in

---

[43] *Aguilar v. Immigration and Customs Enforcement Div. of the U.S. Department of Homeland Sec.*, 811 F. Supp. 2d 803, 815 (S.D.N.Y. 2011) (discussing post-*Iqbal* standard and concluding that at least these two remain viable ways of demonstrating supervisory liability post-*Iqbal*).

[44] *Gonzalez v. Bratton*, 147 F.Supp.2d 180, 203 (S.D.N.Y. 2001) (direct instructions to subordinate with wrongful intent to cause denial of civil rights sufficient for personal involvement); *Meriwether v. Coughlin*, 879 F.2d 1037, 1046 (2d Cir.1989) (same); Third Circuit Model Civil Jury Instructions 4.6.1.

[45] Third Circuit Model Civil Jury Instructions 4.6.1.

[46] *Farmer v. Brennan*, 511 U.S. 825, 838 (1994).

a constitutional violation against the plaintiffs and did not create a policy, practice or custom under which such a violation occurred, then you must find for Detective Sgt. Spillane on this claim.

**Plaintiff John Kogut's Pendant State Law Claims**

**Respondeat Superior Claim Against Nassau County**

Plaintiff  John Kogut also contends that Nassau County is liable for its agents' state law tort of malicious prosecution under the doctrine of respondeat superior.

In order to prevail on his Respondeat Superior claim, plaintiff John Kogut must prove the following elements by a preponderance of the evidence:

> 1)  That the acts constituting malicious prosecution were in furtherance of the employer's business[47]; and
>
> 2) That the acts constituting malicious prosecution were within the scope of the employee's authority. [48]

I will now instruct you as to the meaning of each of these elements.

An act is within the scope of an employee's authority if it is performed while the employee is engaged generally in the performance of his or her assigned duties or if the act is reasonably necessary or incidental to the employment.[49] The employer need not have authorized the specific act in question.

Among the factors you may consider in deciding whether it's agents were acting within the furtherance of Nassau County's business and within the scope of their authority, are:  the connection between the time, place and occasion for the act; the history of the relationship between the police officer defendants and Nassau County as spelled out in actual practice; whether the act is one commonly done by such an employee; the extent of departure from normal methods of performance and whether the specific act was one that Nassau County could reasonably have anticipated. [50]

If you find the defendant police officers maliciously prosecuted John Kogut while acting within the scope of their authority and in furtherance of Nassau County's business, then Nassau County is legally responsible for the defendant police officers' conduct.

---

[47] *Hacker v. City of New York*, 26 A.D.2d 400 (1966).

[48] *Moritz v. Pines Hotel, Inc.*, 52 A.D.2d 1020 (1976).

[49] *Adams v. New York City Transit Auth.*, 88 N.Y.2d 116, 666 N.E.2d 216 (1996); *Frazier by Weston v. State*, 64 N.Y.2d 802, 803, 476 N.E.2d 318 (1985).

[50] *Voorhis v. Consol. Rail Corp.*, 92 A.D.2d 501 (1983).

**State Law Negligent Supervision Claim**

Plaintiff John Kogut also contends that Defendant Spillane and John and Jane Doe Supervisors were grossly negligent and negligent in the training, supervision and discipline of the defendant detectives, Volpe and Dempsey.  Defendant Supervisors knew or, but for their grossly negligent and negligent training, supervision and discipline, should have known that defendants Volpe and Dempsey engaged in investigative misconduct including coercing witnesses, fabricating evidence, and failing to document and disclose material, exculpatory and impeachment evidence, and that they thereby caused the Plaintiff's malicious prosecution.

While generally an employer is not responsible for acts of an employee that are outside the scope of his or her employment, it has a duty to use reasonable care in the employment, training and supervision of its employees to find out whether they are competent to do their work without danger of harm to others. This duty of reasonable care has two aspects:

> 1) An employer fails in this duty where it knows that an employee is incompetent, has vicious propensities, has a bad disposition or is given to horseplay and the employer fails to use reasonable care to correct or remove the employee. [51]

> 2) An employer also fails in the duty of reasonable care when it knows of facts that would lead a reasonably prudent person to conduct an investigation, which could have uncovered the information about the employee and fails to do so. [52]

When the employer fails in its duty, it is liable for harm that results provided a reasonably prudent person would have foreseen the likelihood of injury to others by that employee. The employer is liable for any harm to other persons resulting from its employee's incompetent act, even if the employee was not at the time acting within the scope of his or her authority.

By reasonable care is meant that degree of care that a reasonably prudent employer would use under the same circumstances.

If you find:

> (1) that defendants Volpe and Dempsey engaged in investigative misconduct including coercing witnesses, fabricating evidence, and failing to document and disclose material, exculpatory and impeachment evidence; [53]
> (2) that Defendant Supervisors had knowledge of that fact or facts which cause a reasonably prudent person to investigate these employees' acts;

---

[51] *Sheila C. v. Povich*, 11 A.D.3d 120 (2004).
[52] *Doe v. Rohan*, 17 A.D.3d 509 (2005).
[53]  *Primeau v. Town of Amherst*, 303 A.D.2d 1035(2003).

(3) that Defendant Supervisors could reasonably have anticipated that Defendants Volpe and Dempsey's  misconduct during an investigation would be likely to result in injury to others;[54] and

(4) that Defendant Supervisors failed to use reasonable care to correct or remove Defendants Volpe and Dempsey;

You must find that defendant was at fault. [55]

If, however, you find that defendants Volpe and Dempsey did not engage in investigative misconduct including coercing witnesses, fabricating evidence, and failing to document and disclose material, exculpatory and impeachment, or that though they were, that defendant supervisors did not know that fact or of facts that would cause a reasonably prudent person to investigate these employee's acts, or that a reasonably prudent person would not foresee defendants Volpe and Dempsey's acts would cause injury to others, you will find that the defendant supervisors were not at fault.

---

[54] *Dowler v. Johnson*, 225 N.Y. 39 (1918).
[55]  *Ford v. Gildin*, 200 A.D.2d 224 (1994).

Plaintiffs respectfully reserve the right to propose changes or supplements to these requests to charge in response to the Court's *in limine* rulings, defendants' requests to charge, and the Court's proposed charge.

Dated: September 14, 2012                              Respectfully submitted,
      New York, NY

                                                     __/s/ Deborah L. Cornwall_____
                                                     Barry C. Scheck
                                                     Deborah L. Cornwall
                                                     Anna Benvenutti Hoffmann
                                                     Sonam Henderson
                                                     NEUFELD SCHECK & BRUSTIN, LLP
                                                     99 Hudson St., 8th Floor
                                                     New York, NY 10013

                                                   **Attorneys for plaintiffs**
                                                   **John Restivo and Dennis Halstead**

                                                   Paul Casteleiro, Esq.
                                                   200 Washington Street
                                                   5th Floor
                                                   Hoboken, New Jersey 07030
                                                   pcasteleiro@aol.com

                                                   Anthony M. Grandinette
                                                   Grandinette & Serio, LLP
                                                   114 Old Country Rd., Suite 420
                                                   Mineola, New York 11501
                                                   Grandinettelaw@gmail.com

                                                   **Attorneys for plaintiff John Kogut**

## <u>Certificate of Service</u>

I hereby certify that a true and accurate copy of the All Plaintiffs' Joint Requests to Charge was served by ECF on September 14, 2012, upon the following:


Michael Ferguson, Esq.
Office of the County Attorney
Ralph G. Caso Executive & Legislative
Building
1 West Street
Mineola, New York 11501-4820
mferguson@nassaucountyny.gov


Paul Casteleiro, Esq.
200 Washington Street
5th Floor
Hoboken, New Jersey 07030
pcasteleiro@aol.com


Louis Freeman, Esq.
Lee Ginsberg, Esq.
Nadjia Limani, Esq.
Freeman, Nooter & Ginsberg
75 Maiden Lane, Suite 503
New York, New York 10038
freemefree@aol.com
leeloulaw@aol.com
nlimani@aol.com


Anthony M. Grandinette
Grandinette & Serio, LLP
114 Old Country Rd., Suite 420
Mineola, New York 11501
Grandinettelaw@gmail.com


_____/s/ James Earl_____
James Earl
Paralegal