**NEUFELD SCHECK & BRUSTIN, LLP**
**99 Hudson Street**
**New York, New York 10013**
-----
**Tel: 212-965-9081**
**Fax: 212-965-9084**

| | |
|---|---|
| Peter J. Neufeld | Johnnie L. Cochran, Jr. |
| Barry C. Scheck | (1937-2005) |
| Nick Brustin | |
| Debi Cornwall | |

----

Anna Benvenutti Hoffmann
Emma Freudenberger
Chloe Cockburn
Vanessa Buch
Alexandra Lampert
Aaron Scherzer

November 19, 2012

Re:   *Kogut v. Nassau County, et al.*, No. 2:06 Civ. 6695(JS)
      *Restivo & Halstead v. Nassau County, et al.*, No. 2:06 Civ. 6790 (JS)

Dear Judge Seybert:

  On behalf of all plaintiffs, I write in anticipation that defendants will argue in closing that they are not liable because district attorneys vetted the evidence before presenting it for indictment and trial.  As this Court already held in denying summary judgment, "NCPD officers cannot use the prosecutors' decision-making to shield their alleged wrongdoing." D.E. 362 at 15 (citing *Jones v. City of Chicago*, 856 F.2d 985, 993 (7th Cir. 1988) ("But the jury could find that the defendants systematically concealed from the prosecutors, and misrepresented to them, facts highly material to-that is, facts likely to influence-the decision whether to prosecute Jones and whether (that decision having been made) to continue prosecuting him right up to and into the trial."); *Blake v. Race*, 487 F. Supp. 2d 187, 211 (E.D.N.Y. 2007)).

  As such, defendants should be precluded from arguing that prosecutors' decisionmaking cuts off the chain of causation.  *See also Higazy v. Templeton*, 505 F.3d 161, 176-77 (2d Cir. 2007) (noting that "the chain of causation need not be considered broken if [police defendant] deceived the subsequent decision maker or could "reasonably foresee that his misconduct [would] contribute to an 'independent' decision that results in a deprivation of liberty") (citations and internal citations omitted omitted); *Zahrey v. Coffee*, 221 F.3d 342, 354 n.10 (2d Cir. 2000) (holding that a "police officer who fabricated evidence and forwarded that evidence to a prosecutor (who used it against a defendant) would [be] liable for the consequences of his misconduct...."); *Newsome v. McCabe*, 256 F.3d 747, 752 (7th Cir. 2001) ("If officers are not

1

candid with prosecutors, then the prosecutors' decisions-although vital to the causal chain in a but-for sense-are not the important locus of action.").

Furthermore, the jury should be instructed:

> A prosecutor's decision to present the case to a grand jury and proceed to trial is no defense to claims that defendants misled the prosecutor by withholding *Brady* material or presenting fabricated evidence.

Thank you.

Respectfully submitted,

/s/ Debi Cornwall

cc: all counsel via ECF