**NEUFELD SCHECK & BRUSTIN, LLP**
**99 Hudson Street**
**New York, New York 10013**
-----
**Tel: 212-965-9081**
**Fax: 212-965-9084**

| | |
|---|---|
| Peter J. Neufeld | Johnnie L. Cochran, Jr. |
| Barry C. Scheck | (1937-2005) |
| Nick Brustin | |
| Debi Cornwall | |
| ---- | |
| Anna Benvenutti Hoffmann | |
| Emma Freudenberger | |
| Chloe Cockburn | |
| Vanessa Buch | |
| Alexandra Lampert | |
| Aaron Scherzer | |

November 27, 2012

Re:   *Kogut v. Nassau County, et al.*, No. 2:06 Civ. 6695(JS)
      *Restivo & Halstead v. Nassau County, et al.*, No. 2:06 Civ. 6790 (JS)

Dear Judge Seybert:

     I write on behalf of all plaintiffs to propose that the *Monell* and damages evidence be presented in one consolidated phase in the event of a plaintiffs' verdict on individual liability. Please accept this corrected letter in place of the one filed yesterday.

     "[I]t is up to the District Court, exercising sound discretion, to decide . . . whether the trial . . . should be unitary or bifurcated." *Milano by Milano v. Freed*, 64 F.3d 91, 98 n.7 (2d Cir. 1995). Rule 42(b) gives a trial court authority to bifurcate "[f]or convenience, to avoid prejudice, or to expedite and economize." Here, those factors all counsel in favor of a single *Monell* and damages phase. In short, combining the next two phases will be the most efficient way to resolve the remaining issues because the same evidence – including fabricated false confessions in the Shonnard Lee and Robert Moore cases – is admissible both to prove the unconstitutional *Monell* custom and to prove the reprehensibility of defendant Volpe and Dempsey's conduct for the imposition of punitive damages (in addition to compensatory damages). Presenting this evidence once, in a unified second phase, will save a great deal of time in resolving the remaining issues at this trial. *Cf. Vichare v. AMBAC Inc.*, 106 F.3d 457, 466 (2d Cir. 1996) (holding that district court properly denied bifurcation motion where "issues of liability and damages are intertwined.").

     As set forth at summary judgment, evidence that defendant Volpe took a false confession from Robert Moore, and defendant Dempsey took a false confession from Shonnard Lee are

1

central to plaintiffs' *Monell* case.[1]  But this evidence is equally admissible against defendants Volpe and Dempsey in connection with punitive damages.  Punitive damages are warranted where the jury finds the individual defendants' actions were "motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others," *Smith v. Wade*, 461 U.S. 30, 56 (1983).  The "degree of reprehensibility of the defendant's misconduct [i]s '[p]erhaps the most important indicium of the reasonableness of a punitive damages award.'"  *Payne v. Jones*, 696 F.3d 189, 200-01 (2d Cir. 2012) (quoting *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 575 (1996)).  Factors supporting reprehensibility include whether "the tortious conduct evinced an indifference to or a reckless disregard of the health or safety of others . . . the conduct involved repeated actions or was an isolated incident; and the harm was the result of intentional malice, trickery, or deceit, or mere accident."  *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003).

While "a jury may not punish for the harm caused others," nonetheless, "[e]vidence of actual harm to nonparties can help to show that the conduct that harmed the plaintiff also posed a substantial risk of harm to the general public, and so was particularly reprehensible," therefore warranting the imposition of punitive damages.  *Phillip Morris USA v. Williams*, 549 U.S. 346, 356-357, 355 (2007).  The Lee and Moore evidence shows Volpe and Dempsey's conduct was not isolated, not a mistake, and undertaken in reckless disregard of the rights of others; as such it is admissible as punitive damages evidence.  *See Payne*, 696 F.3d at 201 (noting defendant officer's prior use of excessive force as aggravating factor in reprehensibility calculus); *Thomas v. iStar Financial, Inc.*, 652 F.3d 141, 148-49 (2d Cir. 2011) (noting that evidence that racial discrimination defendant "had 'targeted' other black employees and that some of those employees did complain with no action being taken" weighed in favor of punitive damages); *Jannotta v. Subway Sandwich Shops, Inc.*, 125 F.3d 503, 517 (7th Cir. 1997) (affirming admission of twelve unpaid judgments against defendant landlords as "highly probative of defendants' intent" in punitive damages calculus); *Kerr v. First Commodity Corp. of Boston*, 735 F.2d 281, 286 (8th Cir. 1984) ("On the issue of punitive damages, the testimony of other customers about representations made by First Commodity through its agents was properly introduced to show First Commodity's absence of mistake and its intent to defraud the public."); *Martinez v. Cornell Corrections of Texas, Inc.*, 229 F.R.D. 211, 212-13 (D.N.M. 2005) (holding, in prison rape case, that evidence of correction officer defendant's other on-duty misconduct was relevant to both *Monell* claim and punitive damages, and therefore discoverable).

---

[1] *See* D.E. 362 (Memorandum & Opinion Denying Summary Judgment) at pp. 8-9 ("in 1995, the County learned that Volpe elicited a false confession from a murder suspect (which eventually resulted in a civil settlement) but did not investigate or discipline him; in 2004, a civil jury found that Dempsey was responsible for malicious prosecution of a suspect from whom Dempsey had elicited a false confession, but Dempsey was never investigated or disciplined; the County settled a 2002 civil suit arising out of an alleged 2001 false confession of a suspect in a different murder investigation; *see also Martinez v. Cnty. of Nassau*, No. 02-CV-4985 (JS)(WDW)) . . . This evidence—especially the failure to investigate or discipline detectives involved in false confessions—suggests that the County had a "custom whereby it acquiesced in unconstitutional conduct by its officers.") (citations omitted); D.E. 243 (Plaintiffs' Affirmative Statement of Disputed Material Facts) at pars. 71-88; D.E. 241 (Plaintiffs' Memorandum in Opposition to Defendants' Summary Judgment Motion) at pp. 23-24.

Finally, combining the *Monell* and damages phase will increase our ability to present the remaining evidence seamlessly on short notice.  For example, if a *Monell* witness were not immediately available, we could put on a damages witness instead.  Moreover, combining both phases assures the jury that they face only one more deliberation, with a clear end point.  After all the delays of this trial – manmade and otherwise – it would be unfair to ask the jury to deliberate on another issue without a clear understanding of when their work will be done.

For all of the foregoing reasons, plaintiffs respectfully request that the Court consolidate the *Monell* and damages phases.

                                                             Respectfully submitted,

                                                             /s/ Debi Cornwall

cc: all counsel via ECF